# UNITED STATES BANKRUPTCY COURT
**District of Colorado**

| | | |
|---|---|---|
| In re: | MATTHEW CURTIS WITT<br><br>Debtor.<br><br>REKON, LLC,<br><br>Plaintiff<br><br>MATTHEW CURTIS WITT<br><br>Defendant | Case No. 17-17630-MER<br><br>Chapter 7<br><br>Adv. Proc. No. 17-____________-MER |

## COMPLAINT

Plaintiff Rekon, LLC ("Plaintiff"), by and through its undersigned attorneys, and for its Complaint against Debtor Matthew Curtis Witt states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e).

2. This Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(b)(2)(I).

3. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4. This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

5. The Plaintiff does consent to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third party claim.

### PARTIES

6. The Plaintiff Rekon, LLC is a Nevada company.

7. Defendant Matthew C. Witt a/k/a Matt Witt ("Witt") is an individual whose

residence address is 2792 Greatwood Way, Highlands Ranch, Colorado 80126.

## GENERAL ALLEGATIONS

8. On August 17, 2017 (the "Petition Date"), Witt filed for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

9. Tom H. Connolly is the duly appointed Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate.

10. Rekon, LLC ("Rekon") is a Nevada company and is a creditor and a party in interest of the Debtor.

### The CCI Bankruptcy Case

11. On or around March 28, 2005, Articles of Incorporation for Commercial Capital Inc. ("CCI") were filed with the Secretary of State.

12. The registered agent of CCI was Witt.

13. Witt was the 100% shareholder, president, and CEO of CCI.

14. CCI filed a Chapter 11 bankruptcy case on or around April 22, 2009, Case Number 09-17238-MER, United States Bankruptcy Court District of Colorado.

15. James T. Markus, was elected chapter 11 trustee for CCI and his notice of appointment was filed on December 22, 2010.

16. Witt was an insider of CCI as defined by the Bankruptcy Code.

17. Witt was an affiliate of CCI as defined by the federal and state securities laws.

### CCI Adversary Case 11-1251-MER

18. Markus filed a Complaint on April 21, 2011, against Witt, case number 11-1251-MER.

19. According to Markus' Complaint, Witt's plan was to obtain a capital investment for making commercial real estate loans through third-party unsecured debt investments, and finding a lending institution to fund the major portion of the underlying loans made by CCI.

20. Markus's Complaint alleges that Witt invested $2 million in CCI, but this initial capitalization was not in the form of cash. Rather, Markus's Complaint alleges that Witt manipulated the nature of his investment in CCI with the Intent to defraud CCI's creditors and other parties in interest, making it appear Witt had invested more in CCI than what was actually contributed.

21. The Complaint further alleges that after obtaining a credit facility from West LB, A.G., New York Branch ("West LB"), and a Junior participation from Three Palms Real Estate

Venture ("Three Palms"), Witt obtained undisclosed interests in several of the commercial construction projects for which CCI made the loans.

22. Markus' Complaint further alleged that Witt concealed information from CCI's legal counsel which should have been included in the private offering memoranda to CCI's unsecured creditor investors.

23. Markus' Complaint contends Witt took business opportunities belonging to CCI for his own benefit, and held legal title to real property, promissory notes, deeds of trust, and other instruments which in fact are owned by CCI.

24. Markus' Complaint asserted he was entitled to avoid CCI's transfer of such real and personal property to Witt pursuant to 11 U.S.C. § 548. The Complaint contains the following claims for relief:

a. recovery of fraudulent transfer, of a three-acre lot in Telluride, Colorado pursuant to 11 U.S.C. § 548;

b. recovery of the Telluride lot as a fraudulent transfer under C.R.S. § 38-8-101, *et seq.*

c. recovery of the value of stock in an entity known as Calais Resources ("CAAUF"), pursuant to 11 U.S.C. § 548 and C.R.S. § 38-8-101, *et seq*.;

d. recovery of the value of real property in Douglas County, Colorado known as the Jakes Ranch property pursuant to 11 U.S.C. § 550;

e. recovery of the value of the Jakes Ranch property pursuant to C.R.S. § 38-8-101, *et seq*.;

f. recovery or real property in Douglas County, Colorado known as the Centennial Drive property pursuant to C.R.S. § 38-8-101, *et seq*;

g. recovery of real property in Eagle County, Colorado known as the Casteel Ridge property C.R.S. § 38-8-101, *et seq*.;

h. recovery of transfers made to Witt within one year of CCI's bankruptcy as preferential transfers pursuant to 11 U.S.C. § 547.

i. monetary damages due to Witt's breach of the duties of care, good faith, and loyalty to CCI;

j. monetary damages due to Witt's breach of the duty of loyalty to CCI caused by Witt's failure to disclose relevant information to possible conflicts of interest with CCI;

k. monetary damages for breach of fiduciary duty to creditors when CCI was insolvent;

l. damages caused by Witt's misappropriation of corporate opportunities that should have been CCI's;

m. An accounting of property, fund, Instruments and other interests of CCI which were held by or in the name of Witt; and

n. turnover of all assets of CCI held by Witt in actual or constructive possession, pursuant to 11 U.S.C. § 542.

25. Markus demonstrated that CCI transferred the CAAUF stock and the Telluride property, and received no benefit from such transfers. In addition, Markus demonstrated CCI was insolvent because it had insufficient capital to conduct its construction loan business, as of 2007 continuing to the date of the bankruptcy petition.

26. This Court determined that there were no disputed issues of material fact remaining with respect to Markus's first three claims for relief and that he was entitled to judgment in his favor as a matter of law pursuant to 11 U.S.C. § 548 and C.R.S. § 38·8·101, *et seq*.

27. On December 21, 2012, this Court entered a Judgment in favor of Markus on Claims 1 through 3 for recovery of fraudulent transfer of a three-acre lot in Telluride, Colorado pursuant to 11 U.S.C. § 548, recovery of the Telluride lot as a fraudulent transfer under C.R.S. § 38-8-101, *et seq*., and recovery of the value of stock in CAAUF pursuant to 11 U.S.C. § 548 and C.R.S. § 38-8-101, *et seq*.

28. The Judgment entered against Witt for:

a. $1,636,458.34; and

b. Interest to accrue at the statutory rate from December 21, 2012.

29. On or about February 14, 2014, Rekon was the high bidder for the Judgment entered against Witt at an auction conducted by Markus, and Markus transferred and assigned the Judgment to Rekon.

30. Rekon has attempted to collect the Judgment since that date.

**FIRST CLAIM FOR RELIEF**
**(Determination of Dischargeability, 11 U.S.C. §523(a)(2)(A))**

31. Rekon incorporates by this reference the statements and allegations contained in paragraphs 1 through 30 as though more fully set forth in this Claim for Relief.

32. The Debtor obtained money and property through fraudulent conveyances which have already been adjudicated by this Court.

33. The Judgment due and owing to Rekon is a judgment for fraudulent conveyance which is an act of actual fraud.

34. Witt owes an obligation to Rekon arising from actual fraud.

35. As a direct and proximate result of the Debtor's actions and/or failures to act, Rekon has been damaged in an amount of $1,636,458.34 on December 21, 2012, with interest at 8% per annum until the Judgment is paid in full to Rekon.

36. Pursuant to 11 U.S.C. §523(a)(2)(A), the Debtor's indebtedness and liabilities to Rekon are nondischargeable.

WHEREFORE, Rekon, LLC respectfully request that this Court enter judgment in its favor and against the Debtor determining that the claims held by Rekon, LLC against the Debtor are excepted from the Debtor's discharge under the provisions of 11 U.S.C. §523(a)(2)(A), for Rekon, LLC's costs, including reasonable attorneys' fees, as provided by law and/or agreement, and for such other and further relief as the Court deems appropriate

Dated this 13th day of November, 2017.

Respectfully submitted,

*/s/ Mark A. Larson*

Patrick D. Vellone, #15284
Mark A. Larson, #30659
1600 Stout Street, Ste. 1100
Denver, Colorado 80202
303-534-4499
pvellone@allen-vellone.com
mlarson@allen-vellone.com

ATTORNEYS FOR REKON, LLC