UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: MATTHEW CURTIS WITT, | ) | Case No. |
| | ) | 17-17630-MER |
| Debtor. | ) | |
| | ) | |
| | ) | |
| REKON, LLC, | ) | Chapter 7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-1548-MER |
| MATTHEW CURTIS WITT, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO REKON, LLC'S MOTION FOR ENLARGEMENT OF TIME TO CONDUCT DISCOVERY AND EXTEND DEADLINES IN THIS ADVERSARY CASE**

Defendant, Matthew Curtis Witt ("Witt"), by and through his counsel, Appel, Lucas & Christensen, P.C., pursuant to L.B.R. 7007-1, hereby responds to Rekon, LLC's ("Rekon" or "Plaintiff") Motion for Enlargement of Time to Conduct Discovery and Extend Deadlines in this Adversary Case as follows:

1. On March 12, 2019, Plaintiff filed Rekon's Motion for Enlargement of Time to Conduct Discovery and Extend Deadlines in this Adversary Case ("Rekon's Motion"). [Dkt. #54]. The sole basis for the Motion is the supposedly newly discovered 44 boxes of documents (the "Boxes").

2. Defendant objects to Rekon's Motion as it is simply a delay tactic to disguise the fact that Rekon appears to have absolutely no evidence to make its fraud case. Therefore, Rekon uses the Boxes in the possession of Noel West Lane, III ("Lane") as a red herring to cover its lack of evidence and once again defame Witt.

3. The Court has scheduled a hearing on Rekon's Motion for April 4, 2019. [Dkt. #58]

4. Rekon's Motion, like its previous filings in this case, misstates the pertinent facts and Witt's motives.

## THE EXISTENSE OF THE BOXES IS NOT A SURPRISE TO REKON NOR JUSTIFICATION TO EXTEND THE DISCOVERY DEADLINE

5. This is what is known about the Boxes:

   a. The Boxes were put in storage by Witt after CCI filed bankruptcy, and contain personal property of Witt, possibly personal financial and medical records, and paper copies of CCI loan files that had been provided electronically to the CCI Trustee, James Markus.

   b. The undersigned was personally advised by Mr. Markus that he reviewed the contents of the Boxes and took possession of any documents he thought were needed and relevant to the administration of CCI's bankruptcy estate prior to the auction of the contents of the storage locker. Mr. Marcus has never accused Witt of concealing information from him.

   c. David Kahn ("Kahn") acquired the Boxes when the contents of the storage locker were sold by public auction sometime between 2010 and 2012.

   d. Lane has been in possession the Boxes since at least February, 2016. *See* Exhibit A, Information and Box Sharing Agreement between Kahn and Lane; Lane Motion for 2004 Exam [Case No. 17-17630-MER; Dkt. #169, ¶ 14 and Dkt. #51, ¶ 14].

   e. Prior to even being served a subpoena in this case, Lane filed a Motion to Quash Subpoenas by both Witt and Rekon [Dkt. #51], which the Court denied on procedural grounds. In his Motion to Quash, Lane states the following:

   > **The Boxes were offered to Plaintiff Witt and Defendant Rekon and all parties to 2017-cv-31212[1] and 16-01303-KMT[2] on numerous occasions and conferral throughout the proceedings of both matters. All parties to 2017-cv-3121 and 16-cv-01303-KMT refused Lane's offer each and every occasion the offer was made. [Dkt. #51, ¶ 14]**

   f. Since 2016, Lane has filed numerous pleadings accusing Witt of fraud with this Court, the District Court for Jefferson County, State of Colorado and the

---

[1] Lane is referring to Matthew C. Witt v. Charles D. Snider, Jr. et al., Case No. 2017CV31212, District Court, Jefferson County, State of Colorado, closed February 12, 2019.

[2] Lane is referring to Matthew Witt v. Charles D. Snider, Jr. et al., Civil Action No. 16-cv-01303-MSK-CBS, United States District Court for the District of Colorado, which was dismissed May 19, 2017.

    Colorado Supreme Court, and he has failed to produce a single document from the Boxes in his possession, or otherwise, to support his claims.

  g. Given the length of time the Boxes have been in Lane's possession and his well-documented animosity towards Witt, it defies logic to assume that Lane has not thoroughly examined the contents of the Boxes and that he would not have already used any document that would support his repeated allegations of fraudulent activity by Witt.

  h. Kahn offered to sell the Boxes to Rekon sometime prior to February 18, 2019, and Witt first learned of Kahn's interest in the Boxes when Kahn sent him an email stating: "I've been contacted about interest in purchasing the lien and/or boxes from the storage unit. Do you have input regarding that?" [*See*, Dkt. #51, p. 29]

  i. Lane and Kahn have used the existence of the Boxes in thinly–veiled and unsuccessful attempts to pressure Witt.

6. Lane has repeatedly used the claim of "newly discovered evidence" to justify the pursuit of frivolous and untimely claims against Witt and his wife Nicolle. This Court has already addressed the credibility of these claims in denying a motion by Lane, which the Court considered as seeking to revoke Witt's discharge. [*See*, Order at Dkt. #100, entered February 8, 2018, denying Lane Motion at Dkt. #83]. There is no more reason now than there was in February, 2018, to give credence to Lane's assertions that he has new evidence of fraud by Witt.

7. Rekon implicitly acknowledges the significant issue of Lane's lack of credibility, noting that "Lane refuses to turn over or make available for inspection and copying the 44 Boxes of Documents in his possession under the guise of a purported FBI directive to do same." Rekon's Motion, ¶ 13. Yet, Rekon has no trouble jumping to the unjustified conclusion that "[i]t is clear the contents of theses boxes are highly relevant to the principal issue in this Adversary Case – namely, proving Witt's actual fraudulent intent in effectuating the transfers which are the subject of the judgment that Rekon asks this Court declare as nondischargeable." Rekon's Motion, ¶ 15. On the contrary, it is not clear at all that these boxes contain any relevant documents, and highly probable that they do not.

8. There is nothing in the email chain Rekon includes as Exhibit 5 to its Motion [Dkt. #54-5] that supports the allegation that Witt was seeking to withhold from Rekon any document actually relevant to this Adversary Proceeding [Rekon's Motion, ¶ 15]. Context is everything. Kahn's email alerted Witt to his negotiations with Rekon. Indeed, it was clear that Rekon was already aware of the Boxes and had not notified Witt's counsel of Kahn's interest in them. Furthermore, **Rekon was not just trying to examine the Boxes, it was negotiating to buy them along with purchasing Kahn's lien on Witt's home.** It is obvious to anyone familiar with the history of Charles Snider/Rekon and Witt that these efforts of Rekon would be very alarming to Witt without any regard to the Adversary Proceeding.

9.      Rekon should stick to facts and stop with the endless psycho-analysis of Witt's motives and aspersions on his character.

## ARGUMENT

*A.      Rekon's has not given good cause for an extension for the discovery.*

10.     Rekon filed this Adversary Proceeding November 13, 2017. It has had substantial time to gather evidence to make its case.

11.     On October 2, 2019, the Court held a hearing on Defendant's Motion to Strike Portions of First Amended Complaint [Dkt. #32]. The principle issue at that hearing was that Rekon cannot prove fraudulent intent with respect to the two transactions at issue in this case, and instead Rekon hopes to prove intent through evidence of other fraudulent acts which is entirely inadmissible under Fed. R. Evid. 404(b)(1). A transcript of the hearing is attached as Exhibit A.

12.     At that hearing, Rekon incorrectly asserted the following: "You can't prove a fraud case, you can't prove fraudulent intent, you can't prove intent to hinder and delay creditors, by just focusing on the acts of two transfers." Ex. A, p. 12, lines 23-25. Of course you can, it happens all of the time in ordinary fraudulent transfer cases using the badges of fraud. What Rekon is really saying is it does not have evidence of fraudulent intent with respect to the transfers at issue in this case.

13.     After the October 2 hearing, Witt had to press Rekon to participate in a Rule 26(f) conference and move forward with this case. Rekon has since then made no obvious effort to prepare its case for trial.

14.     On January 16, 2019, the parties exchanged Initial Rule 26(a)(1) disclosures. Rekon listed broad categories of documents but failed to identify or provide a copy of a single substantive document relating to the transactions at issue or Witt's alleged fraudulent intent.

15.     For all of its talk of needing discovery, Rekon has actually done very little. Rekon has not scheduled a single deposition. Rekon has not served any written discovery requests. Upon information and belief, Rekon has obtained copies of records from James Markus, but to date, it has not supplemented its disclosures to identify a single document to prove its case. Nor did Rekon ever supplement its disclosures to identify Kahn or Lane as potential witnesses. Upon information and belief, at this point in time, Rekon does not have any witness to testify in support of its theory of the case.

16.     Rekon is relying on a hope and a prayer that these Boxes that have been in Lane's possession for three years (and Rekon and its counsel have known about virtually the entire time) will suddenly, miraculously contain documents that in Rekon's words "will be crucial to Plaintiff in meeting its requisite burden in this case [Rekon's Motion, ¶ 24] and its ability to conduct meaningful discovery." Rekon's Motion, ¶ 25].

**B.     Rekon is pursuing discovery of evidence that is not admissible.**

17.     Rekon is correct that the "decision to grant or deny a request for an extension of discovery deadlines is within the bankruptcy court's sound discretion and is reviewed for an abuse thereof." *In re Baer*, No. 11-8062, at *5, 2012 Bankr. LEXIS 2849 (B.A.P. 6th Cir. June 22, 2012) (citing Woods v. McGuire, 954 F.2d 388, 391 (6th Cir. 1992); *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

18.     The Tenth Circuit set forth the following factors for courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-00528-JNP-PMW, 2019 U.S. Dist. LEXIS 24123 (D. Utah Feb. 13, 2019) (citing *Smith*, 834 F.2d at 169).

19.     Applying those factors to Rekon's similar request to extend the discovery deadlines, Rekon has not shown good cause for the requested extension. First, while an extension of 30 days may not seem significant, any needless delay in resolving this litigation is inherently prejudicial to Witt and his ability to move on with his life. Second, there is no guarantee the issue of the Boxes will in fact be resolved in a mere 30 days. Third, Rekon has not shown that it was diligent in obtaining discovery. Finally, as argued above, it is not at all likely that the Boxes are going to produce or lead to the discovery of relevant evidence.

20.     At the hearing on October 2, Rekon laid out its theory of the case:

a.     That Witt "intentionally, knowingly, with the intent to hinder and defraud his creditors – that's his creditors generally. It's not us. It's everybody." Ex. A, p. 12, lines 13-15.

b.     Through discovery we will establish those allegations that were pled upon information and belief by Jim Markus. Ex. A, p. 12, lines 16-18.

c.     CCI was undercapitalized and in a risky business. Ex. A, p. 13, lines 3-4.

d.     That Witt's plan to transfer assets started as early as 2005. Ex. A, p. 13, lines 7-8. So he transferred assets in 2007 in anticipation of the collapse of CCI. Ex. A, p. 19, lines 12-19.

21. The problem with Rekon's theory of the case is that it is entirely an invention of the imagination of Rekon's counsel. Counsel obviously cannot testify. On February 21, 2019, Witt served on Rekon Defendant's First Set of Interrogatories and Request of Production of Documents to Rekon, which was specifically intended to force Rekon to identify the witnesses and documents supporting the theory espoused by counsel at the October 2 hearing. At plaintiff's request, Witt extended Rekon's deadline to respond to that discovery to noon March 26, 2019. Rekon requested a two-week extension, but Witt agreed only to an extension to noon on the day that this responsive pleading was due so that those discovery responses could be reviewed before this pleading was filed. Rekon has failed to file a timely response to Witt's written discovery, making such a review impossible. Accordingly, it is fair to say Rekon has not identified a single witness who will testify that in 2007 Witt expected CCI to fail, or that Witt arranged the transfer of the Telluride property or CAAUF stock in anticipation of that failure. Nor are there any documents that support this contention.

22. At a minimum, any extension of time with respect to discovery deadlines should be limited to an opportunity to view the Boxes. Moreover, Witt is not suggesting that the discovery deadline should preclude Rekon from enforcing its subpoenas, and Witt himself is filing a Motion to Compel Lane's compliance with the subpoenas as Witt believes Lane has been properly served under applicable case law. Rekon should not be given a free pass to now start conducting the discovery they should have commenced months ago.

WHEREFORE, Defendant Matthew Curtis Witt respectfully requests the Court enter an order denying Rekon, LLC's Motion for Enlargement of Time to Conduct Discovery and extend Deadlines in the Adversary Case, and grant such other and further relief as the Court deems appropriate.

Dated: March 26, 2019

/s/ Shaun A. Christensen
Shaun A. Christensen, #23131
APPEL, LUCAS & CHRISTENSEN, P.C.
1624 Market Street, Suite 310
Denver, Colorado 80202
(303) 297-9800 phone
christensens@appellucas.com
*Attorneys for Matthew Curtis Witt*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 26, 2019, I caused a true and correct copy of the foregoing to be served by electronic means on the parties noted in the Court's ECF system and by U.S. mail, first class, postage prepaid, addressed to:

Patrick D. Vellone  
Jordan Factor  
Rachel A. Sternlieb  
1600 Stout Street, Ste. 1100  
Denver, CO  80202  

                                */s/ Madeline Lucas*  
                                Madeline Lucas  
                                Paralegal