UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:  MATTHEW CURTIS WITT,  | ) | Case No. |
| | ) | 17-17630-MER |
| Debtor. | ) | |
| | ) | |
| | ) | |
| REKON, LLC, | ) | Chapter 7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-1548-MER |
| MATTHEW CURTIS WITT, | ) | |
| | ) | |
| Defendant. | ) | |

**MATTHEW WITT'S OBJECTION TO NOEL LANE'S MOTION TO INTERVENE PURSUANT TO FED. R. BANKR. P. 7024**

Defendant, Matthew Curtis Witt ("Witt"), by and through his counsel, Appel, Lucas & Christensen, P.C., pursuant to L.B.R. 7007-1, hereby responds to Noel Lane's Motion titled Noel West Lane III Respectfully Moves This Court for an Order of Intervention Pursuant to Bankruptcy Rule 7024 Which Incorporates Civil Rule 24 Into Adversary Proceedings in Bankruptcy [Dkt. #76] (hereafter, the "Motion to Intervene") as follows:

1. On May 3, 2019, Noel West Lane, III ("Lane") filed the Motion to Intervene in this Adversary Proceeding.  For the reasons stated herein, the Motion to Intervene should be denied.

2. Mr. Lane's dispute with David Kahn ("Kahn") over possession of 44 boxes (the "Boxes") of materials related to their Information and Box Sharing Agreement is not grounds for Lane to intervene in this case.  The Boxes were produced pursuant to subpoenas issued by both parties in this case to Kahn and Lane, and this Court's Order.  Lane does not need to be a party to this case for the Court to enter appropriate orders for the return of the Boxes to Lane (who had possession of the Boxes) or Kahn (who is the owner of the Boxes).[1]

---

[1] In the underlying bankruptcy case, Witt has recently filed a Motion for an Order to Show Cause why Lane Should Not be Held in Contempt for Violating the Discharge Injunction.  [Dkt. #195].  In that Motion, Witt requests that Lane not be allowed to retain possession of the Boxes, as an appropriate remedy for Lane's unlawful conduct and use of the Boxes to harass Witt.

3. Lane does not specify whether he seeks intervention of right or permissive intervention. For intervention as a matter of right, Lane must show that he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). For permissive intervention, Lane must show that he "has a claim or defense that shares with the main action a common question of law or fact." Fed .R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the [permissive] intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed .R. Civ. P. 24(b)(3).

4. Lane's Motion to Intervene is also procedurally defective. He failed to comply with the requirement that his Motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

5. The Tenth Circuit Court of Appeals has summarized the four part test for intervention as a matter of right as follows: "(1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded'; and (4) 'the applicant's interest is [not] adequately represented by existing parties'." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

6. Mr. Lane's Motion to Intervene is certainly not timely. This case was filed on November 17, 2017. Mr. Lane does not allege he was not aware of this litigation. In addition, the discovery cutoff for the case has expired, with the limited exception allowed by the Court.

7. Mr. Lane also does not convincingly claim an interest in the litigation. Upon information and belief, Mr. Lane entered a settlement with the plaintiff, Rekon, LLC ("Rekon"), where he relinquished any interest in the Rekon/Rhon Lane Agreement he references in paragraphs 7 and 10 of the Motion to Intervene. In the email attached as **Exhibit A**, Lane states "I am not bound by Rekon settlement when Witt bk fraud is disclosed." Thus Lane's argument for an interest in this litigation entails two significant contingencies that he did not disclose to the Court.

8. First, Lane's continuing interest in the proceeds that might be derived from the Rekon/Rhon Lane Agreement, in his mind, somehow involves proving that Witt has committed bankruptcy fraud. The Court is well aware from previous filings by Lane that he is very adept at repeatedly accusing Witt of fraud without offering a single piece of evidence. His modus operandi is no different with respect to the Motion to Intervene.

9. Second, Lane's theory involves revoking a settlement agreement with Rekon because of something Witt allegedly has done, which objectively does not even make sense. Therefore, Witt denies that Lane actually has any interest in the outcome of this litigation as alleged in the Motion to Intervene.

10. The third and fourth tests under Rule 24 for intervention as of right have also not been satisfied by Lane. To the extent Lane has an interest in a determination of whether the judgment Rekon purchased is dischargeable, he has not shown that his interests are impaired and inadequately represented by Rekon. Lane simply asserts that he is adverse to Rekon. On the issue of whether the debt represented by the judgment is dischargeable, however, Rekon's and Lane's interests would be perfectly aligned. Moreover, Lane has made no showing that Rekon cannot adequately pursue this litigation without Lane's intervention.

11. For all of the reasons Lane is not entitled to intervene in this case as a matter of right, the Court should also decline to allow Lane to permissively intervene under Fed .R. Civ. P. 24(b)(1)(B).

WHEREFORE, Defendant Matthew Curtis Witt respectfully requests the Court enter an order denying Lane's Motion to Intervenes in the Adversary Case, and grant such other and further relief as the Court deems appropriate.

Dated: May 17, 2019

/s/ Shaun A. Christensen
Shaun A. Christensen, #23131
APPEL, LUCAS & CHRISTENSEN, P.C.
1624 Market Street, Suite 310
Denver, Colorado 80202
(303) 297-9800 phone
christensens@appellucas.com
*Attorneys for Matthew Curtis Witt*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 17, 2019, I caused a true and correct copy of the foregoing to be served by electronic means on the parties noted in the Court's ECF system and by U.S. mail, first class, postage prepaid, addressed to:

Noel West Lane III
1060 Ingalls St.
Lakewood, CO 80214

Patrick D. Vellone
Jordan Factor
Rachel A. Sternlieb
1600 Stout Street, Ste. 1100
Denver, CO 80202

                                                          */s/ Madeline Lucas*
                                                          Madeline Lucas
                                                          Paralegal