# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re: <br><br> MATTHEW CURTIS WITT, <br><br> Debtor. | Case No. 17-17630 MER <br><br> Chapter 7 |
| REKON, LLC, <br><br> Plaintiff. <br><br> v. <br><br> MATTHEW CURTIS WITT, <br><br> Defendant. | Adv. Case No. 17-01548 MER |

## ORDER

THIS MATTER comes to be heard on the motion to intervene in this proceeding filed by Noel West Lane, III ("Lane") on May 3, 2019.[1]

Lane seeks to intervene in these proceedings pursuant to Fed. R. Civ. P. 24, which is made applicable to adversary proceedings by Fed. R. Bankr. P. 7024. Fed. R. Civ. P. 24 states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] ECF No. 76 ("**Motion to Intervene**").

(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.[2]

Lane does not specify whether he seeks to intervene pursuant to Fed. R. Civ. P. 24(a) or 24(b).  In any event, whether the Motion to Intervene is timely or not, Lane fails to show why he can or may intervene in this proceeding.

First, Lane does specify any federal statute under which he is given an unconditional right to intervene under Fed. R. Civ. P. 24(a)(1), or a conditional right to intervene under Fed. R. Civ. P. 24(b)(1)(A).  Therefore, intervention cannot be granted under either of those subsections.

Second, Lane has not demonstrated an interest related to the property or transaction that is the subject of this proceeding under Fed. R. Civ. P. 24(a)(2).  This element is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as compatible with efficiency and due process."[3]  "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[4]

---

[2] Fed. R. Civ. P. 24(a), (b).

[3] *San Juan County v. U.S.*, 503 F.3d 1163, 1195 (10th Cir. 2007).

[4] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010); *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) ("The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether

Lane's only involvement in this proceeding relates to the 44 boxes of documents of which the plaintiff and defendant herein have sought discovery via subpoenas.  As soon as the parties complete their review and duplication of document they deem relevant to this proceeding, Lane's involvement ceases.  No allegations of fraud, conspiracy, or violations of the Federal Communications Act of 1934 will change that.  To the extent Lane believes he has claims against these or other non-parties, such claims do not appear to have any relation to Rekon, LLC's judgment against Matthew Witt.  The Court finds Lane has simply failed to demonstrate what, if any, interest he has that would support intervention under Fed. R. Civ. P. 24(a).  Therefore, Lane has not shown he is allowed to intervene as a matter of right under Fed. R. Civ. P. 24(a).

Third, the Court finds permissive intervention is not appropriate under Fed. R. Civ. P. 24(b) because permitting Lane to intervene under Fed. R. Civ. P. 24(b) would cause undue delay and prejudice to the parties in this proceeding.  The plain language of Fed. R. Civ. P. 24(b)(3) requires the Court to "consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."[5]  "Additional parties always take additional time that may result in delay and that thus may support the denial of intervention."[6]  The U.S. Court of Appeals for the Tenth Circuit has explained if the movant's intervention "clutter[s] the action" without aiding the current parties or issues, the motion may be denied in the Court's discretion.[7]  Such is the case here.  The myriad of allegations, new claims, and new causes of action Lane conjures against the parties hereto, and non-parties to this proceeding, would undoubtedly clutter the Court's determination under § 523.  Nor would those actions appear to aid in the Court's determination.  Accordingly, the Court finds permissive intervention under Fed. R. Civ. P. 24(b) to be inappropriate.

Fourth, Lane is not a government officer or government agency.  Therefore, Fed. R. Civ. P. 24(b)(2) does not apply.

---

the interest the intervenor claims is *related to the property that is the subject of the action*.") (emphasis original).

[5] Fed. R. Civ. P. 24(b)(3).

[6] *United States v. N. Colorado Water Conservancy Dist.*, 251 F.R.D. 590, 599 (D. Colo. 2008) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1913 (3d ed.2007)).

[7] *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992).

Fifth, the Motion to Intervene is procedurally defective because it is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," as required by Fed. R. Civ. P. 24(c).

Although the Court denies Lane's request to intervene as a party in this case, the Court finds denial of the motion should not preclude Lane from being heard with respect to discovery issues surrounding the 44 boxes of documents. On April 10, 2019, the Court ordered Lane to turnover the boxes of documents to an independent third-party for examination by Rekon, LLC and Matthew Witt.[8] To the extent a discovery dispute arises in connection with those boxes of documents, Lane, Rekon, LLC, and Matthew Witt may seek a hearing from the Court under the Local Bankruptcy Rule 7026-1(d). The Court shall forewarn all parties that this is not the appropriate forum for adjudication of disputes relating to ownership of the boxes of documents, or any non-party disputes concerning, arising from, or otherwise having any relationship with the boxes of documents.

For the foregoing reasons,

IT IS HEREBY ORDERED Lane's Motion to Intervene is DENIED.

Dated June 3, 2019				BY THE COURT:

						Michael E. Romero, Chief Judge
						United States Bankruptcy Court

---

[8] ECF No. 70.