UNITED STATES BANKRUPTCY COURT
District of Colorado

| | |
|---|---|
| In re: MATTHEW CURTIS WITT<br><br>Debtor.<br><br>Address: 2792 Greatwood Way<br>Highlands Ranch, CO 80126<br><br>SSN: XXX-XX-4130<br><br>REKON, LLC<br>    Plaintiff<br><br>MATTHEW CURTIS WITT<br>    Defendant | Case No.<br>17-17630-MER<br><br>Chapter 7<br><br>FILED<br>CLERK OF COURT<br>APR 23 2021<br>U.S. BANKRUPTCY COURT<br>DISTRICT OF COLORADO<br><br>Adv. Proc. No.<br>17-1548-MER |

**NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER GRANTING HEARING PURSUANT TO L.BK.R. 7026-1(D) AND THIS COURT'S JUNE 3, 2019 ORDER (Doc# 79) "WITH RESPECT TO DISCOVERY ISSUES SURROUNDING THE 44 BOXES" AND DEBTOR'S APRIL 13, 2021 9:53 PM MDT IN PRO SE CONFESSION TO DESTRUCTION OF THE 44 BOXES ON OR BEFORE OCTOBER 13, 2020 IN VIOLATION OF THIS COURT'S ORDER(S) GRANTED UNDER 11 U.S.C. § 105(a) AND BANKRUPTCY CODE § 542 AND § 543, IN VIOLATION OF COLORADO COURT OF APPEALS APRIL 12, 2021 ORDER IN 2020CA1068 REGARDING THIRD PARTY CUSTODY AND PROTECTION OF THE 44 BOXES OF EVIDENCE FROM SPOLIATION, AND IN VIOLATION OF C.R.C. TITLE 18 CRIMINAL CODE 18-8-610 AND ITS U.S.C. COUNTERPART, WITH LEAVE TO AMEND**

Noel West Lane III by his own motion In Pro se ("Lane") Respectfully Moves this Court for an Order Granting Hearing Pursuant to L.Bk.R. 7026-1(d) and this Court's June 3, 2019 Order (Doc# 79) "With Respect to Discovery Issues Surrounding the 44 Boxes" ("Hearing") and Debtor's ("Witt") April 13, 2021 9:53 PM MDT In Pro se Confession to Destruction of the 44 Boxes On or Before October 13, 2020 ("Debtor's Confession") in Violation of this Court's Order(s) Granted under 11 U.S.C. § 105(a) and Bankruptcy Code § 542 and § 543, in Violation of Colorado Court of Appeals ("CoA") April 12, 2021 Order in 2020CA1068 Regarding Third Party Custody and Protection of the 44 Boxes of Evidence ("Evidence") from Spoliation, and in Violation of C.R.C. Title 18 Criminal Code 18-8-610 and Its U.S.C. Counterpart, with Leave to

1

Amend, in Adversary Proceedings in Bankruptcy seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) and as such Lane states as follows:

## CERTIFICATION OF CONFERRAL

1. Conferral was attempted with Witt resulting in among other things, Debtor's Confession to destroying the Evidence on or before October 13, 2020. (See Exhibit A, Defendant-Appellant's Cross Motion for Affirmative Relief Pursuant to C.A.R. 27(a)(3)(A) with Leave to Amend, Page 5, 1st paragraph, Debtor's Confession)

2. Lane attempted to confer with David Kahn ("Kahn") and Torrey Livenick, Bar Number 52787 ("Livenick"). Conferral did not occur because Kahn did not reply to Lane and Livenick stated she was not a party and did not represent Kahn.

3. Upon information and belief, Rekon, LLC and other parties and their representatives to this adversary proceeding and related *pending proceedings* (emphasis added) arising from this adversary proceeding which arises from 17-17630-MER, have been copied all filings made in this and related matters by Lane.

4. Upon information and belief Witt, Nicole Witt ("NWitt"), Silver Leaf Mortgage ("SLM"), and all parties and their legal *Representatives* (emphasis added) to 2017-cv-31212, 19CA656, 2020SC516, 19-cv-30951, 2020CA1068 and 17-1548-MER have been copied all filings made in this and related *pending proceedings* in state and federal courts of jurisdiction.

## REQUEST FOR HEARING AND FACTUAL BACKGROUND

## REASON FOR REQUEST FOR HEARING: IN PRO SE DEBTOR'S CONFESSION TO WILLFULLY DESTROYING THE EVIDENCE, AND MALPRACTICE BY WITT'S REPRESENTATIVES

5. Lane's Hearing Request is made pursuant to this Court's June 3, 2019 Order (Doc#: 79). The Court found that, "denial of the motion should not preclude Lane from being heard with respect to discovery issues surrounding the 44 boxes of documents". Lane maintains Debtor's Confession and Lane's Allegations of Malpractice with respect to representation and the Evidence by Witt's *Representative's* in the case at bar require that his request for hearing be granted.

6. Lane maintains that Witt's current and past *Representatives* including but not limited to Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does (collectively hereinafter "*Representatives*") violated Colorado State Law and Statute and Lane's Procedural Due Process rights guaranteed under the 14th Amendment's equal protection and due process clause and it reciprocals in Colorado Law and Statute, when they entered into attorney client relationships with Witt, and/or NWitt, and/or SLM, which by C.R.P.C. Rules, such attorney client relationships are adverse to Lane in the minimum.

2

7. Lane maintains that Miller & Law after billing Lane for hundreds of thousands of dollars in legal and professional fees in matters of Witt's alleged mortgage fraud on Lane on May 18, 2008, recommended that Lane cease his adversary proceeding, 09-1530-MER and file for business bankruptcy, and subsequently due to ***Representative's*** error, Lane was forced into personal bankruptcy in 13-10453-HRT without recourse due to Miller & Law recommendations. Lane further maintains that subsequent to Lane's discharge of bankruptcy and loss of adversary and other legal rights given up in bankruptcy at Miller & Laws recommendation, ***Representatives*** entered into professional relationships with Witt and Witt's wife, and SLM in matters adverse to Lane's prior legal representation by ***Representatives*** including but not limited to assisting Witt in his successful effort to destroy the Evidence of Witt's mortgage fraud on Lane.

8. Lane maintains that no greater representation of legal malpractice by ***Representatives*** can be presented to the Court than the very fact that Lane's argument in adversary 09-1530-MER, Witt's mortgage fraud on Lane contained in the CCI loan requirements was 1) not fully prosecuted by Representatives to Lane's detriment, 2) Representatives after failing fully to prosecute Witt's mortgage fraud on Lane, advised Lane to file bankruptcy, then 3) Representatives entered into legal relationships with Witt's wife, Witt, and SLM and directly and indirectly assisted Witt in the spoliation of the Evidence and Witt's mortgage fraud on Lane.

9. Lane maintains that Witt's current and past ***Representatives*** including but not limited to
   a. Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does (collectively "***Representatives***") began representing Lane in matters of Witt, Commercial Capital Inc. and CCI Funding, LLC ("CCI"), Denver Haslam ("Haslam"), 5301 S. University, Greenwood Village ("Arson Home"), commencing at least in 2009.
   b. Further, Lane maintains ***Representatives*** knew or should have known that 1) Witt intended to cause spoliation of the Evidence in matters of 17-1548-MER among other things, arising from a) Witt's bankruptcy of CCI of which he was President and sole shareholder, in 09-17238-MER, 09-17437-MER, b) matters of the Arson Home confirmed in the Evidence, of Witt's mortgage fraud on Lane in 1:09-cv-00724-WDH-MEH and Lane's adversary proceeding in 09-1530-MER, and c) ***Representatives*** knew or should have known that they were in material violation of Rule 1.7 and Rule 1.9 and that their representation of Witt in 17-1548-MER among others, was directly adverse to Lane.
   c. Lane maintains that he did not provide informed consent to Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does for ***Representative's*** to enter into legal relationships with Witt, NWitt, and/or SLM.

10. Lane maintains that Lane's request for Hearing Motion arises in part from 1) In Pro se Witt's confession to the destruction of the 44 Boxes of evidence which Evidence is under court order(s) to be maintained in third party custody and to be protected and preserved from spoliation, and 2) Witt's ***Representatives'*** malpractice and violation of C.R.P.C. as Amended through Rule

3

Change 2021(3) effective March 29, 2021. Lane maintains ***Representatives*** among other violations, violated:

    a. Rule 1.2. Scope of Representation and Allocation of Authority between Client and Lawyer, (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent. Lane maintains that ***Representatives***, besides being guilty of alleged malpractice for violating Rule 1.9, Duties to Former Clients, knew or should have known of Witt's intention to destroy the Evidence, a criminal act.

    b. Rule 1.7. Conflict of Interest: Current Clients (b), shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be adverse to another client. Lane maintains the representation of Witt, NWitt, and SLM is adverse to Lane.

    c. Rule 1.9. Duties to Former Clients a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person unless the former client gives informed consent in writing. Lane maintains Lane gave no informed consent in writing to ***Representatives***.

    d. Rule 3.3. Candor Toward the Tribunal (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer (in this case, In Pro se Witt's destruction of the Evidence 6 months prior to 4/13/21); (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel, in this matter at issue, In Pro se Witt and ***Representatives***. Lane maintains ***Representatives*** are aware of In Pro se Witt, in the instant case bound by C.R.P.C., failing to disclose to the tribunal legal authority in the controlling jurisdiction(s) known to the lawyer to be adverse to the position of the former client, Lane.

    e. Rule 4.1. Truthfulness in Statements to Others In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6. Lane maintains ***Representatives*** knew or should have known at minimum six (6) months before the CoA issued its 4/12/21 Order initiating Lane's Hearing Request that their client would, and did destroy the Evidence supporting Lane's assertion that Witt committed mortgage fraud on Lane on May 18, 2008. Lane maintains that ***Representatives***, due to their willful violation of C.R.P.C. as enumerated above, knowingly and willfully accepted the consequences of their engagement as Witt's attorneys in the matter at hand, when they accepted payment from Witt, and/or NWitt, and/or SLM for services rendered to Witt in his capacity as President and Sr. Loan Officer of SLM, in violation of Lane's right to Procedural Due Process as

guaranteed by the equal protection and due process clause of the 14th Amendment and its reciprocal in State Law and Statute.

11. Lane maintains that All American Records Management ("AARM") is in the business of records storage for the purpose of among other things, satisfying protective orders against spoliation and maintaining third party custody. Lane maintains AARM knew or should have known that the Evidence was the subject matter of multiple jurisdictions' orders to maintain "the third party" custodian of the Evidence and to protect the Evidence from spoliation, even that caused or ordered by In Pro se Witt. Lane maintains AARM knowingly, or should have known they were knowingly assisting Witt in the violation of multiple Court Orders when AARM and Witt conspired separately and together, and caused the removal from the third party custodian and the destruction of the Evidence as attested to by Witt on 4/13/21. Lane maintains that AARM is at minimum culpable and liable for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Hearing Request.

12. Lane maintains that *Representatives* are in the business of providing legal and other professional services to clients, subject to a minimum in the case at bar to the enumerated C.R.P.C. Rules in Paragraph 10, a through e inclusive. Lane maintains that at minimum in the case at bar, *Representatives are responsible to Lane* (emphasis added), and culpable and liable to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Hearing Request.

13. Lane maintains that Witt, NWitt, and SLM are responsible to Lane and culpable and liable at minimum to Lane for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Hearing Request.

14. Lane maintains that David Kahn and Torrey Livenick are culpable and liable to Lane for the destruction of the Evidence and are responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Hearing Request, because Kahn and Livenick knew or should have known that Witt in all his capacities including President and Sr. Loan Officer for SLM, was more likely than not to destroy the Evidence. Lane maintains Kahn and Livenick conspired together with Witt to aid and abet in the destruction by Witt of the Evidence, and did knowingly and willingly aid and abet Witt in the destruction of the Evidence.

15. Lane maintains that Witt confesses to his personal culpability and his personal liability

to Lane in In Pro se Witt's written Debtor's Confession made to Lane, Matt Witt as President and Sr. Loan Officer of SLM, Torrey Livenick Bar Number 52787, and David Kahn:

"Hi Noelle, Where are you? Cat got your tongue? Please respond. Your ramblings make my day and week brighter. I personally love your appeal due to your pro-se and ICES rights being unconstitutional. My legal ownership of the 44 boxes which I CERTIFY NOW THAT I HAD DESTROYED 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights! Is that the 28TH Amendment or the 100th that you refer to? Or maybe the New Lain Amendment? Your constitutional ramblings are the butt of jokes in the legal community. Please send more unconstitutional defense and appeals." *Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT Samsung Email* [1]

16. In the interests of reducing repetition and applying some brevity to the complex narrative of the Factual Background to In Pro se Witt's Debtor's Confession to Willfully Destroying Evidence in pending proceedings to the 16 trial court cases flowing from ……. Find listing

17. Lane herein incorporate by reference Defendant-Appellant's Cross Motion for Affirmative Relief Pursuant to C.A.R. 27(a)(3)(A) with Leave to Amend, *See Exhibit A* (filed 4/19/21 CoA).

18. Lane herein incorporates by reference Noel West Lane III ("Lane") In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A)., *See Exhibit B* (filed 3/10/20 U.S. Bankruptcy Court, District of Colorado)

19. Lane herein incorporates by reference Noel West Lane III ("Lane") In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A).*See Exhibit D* (filed 3/10/20 CoA)

20. Lane herein incorporates by reference Noel West Lane III Respectfully Moves this Court

---

[1] Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT written confession made in his sole discretion in his individual capacity and in his capacity as President and Sr. Lending Officer of Silver Leaf Mortgage. Silver Leaf Mortgage is owned by Nicole Witt, Witt's wife. The Assignment of the Box Sharing Agreement was purchased by Silver Leaf Mortgage with a Silver Leaf Mortgage Check.

for an Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *See Exhibit E* (filed 5/3/19 U.S. Bankruptcy Court, District of Colorado)

21. Lane herein incorporates by reference Notice of Compliance with Order of June 24, 2019 and Notice of Intervention and Modification of Order by Jeffco District Court *See Exhibit F* (filed 7/11/19 U.S. Bankruptcy Court, District of Colorado)

22. Lane herein incorporates by reference Noel West Lane III In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A). *See Exhibit G* (filed 3/10/20 District Court Jefferson County Colorado)

## FACTUAL BACKGROUND OF HEARING REQUEST AND WILLFUL SPOLIATION OF EVIDENCE

23. Lane maintains Witt concealed the destruction of the Evidence from 1) District Court Jefferson County Colorado ("Jeffco"), 2) Judge Romero in 17-1548-MER, 3) the CoA, and 4) Lane for six months by his own admission, to cause Lane and Lane's wife and children irreparable harm and damage in mental, emotional, physical and financial matters arising from his concealment of his destruction of the Evidence. Lane maintains that Witt destroyed the Evidence for among other things to conceal his mortgage fraud on Lane and conceal his fraud on the courts.

24. On April 12, 2021 at 6:30 PM MDT the CoA granted Law One's request for withdrawal and granted Matthew Curtis Witt ("Witt") in pro se status and further granted Witt an enlargement to time, 28 days, to May 10, 2021 to file his Reply Brief. Lane maintains that Witt is bound by the Colorado Rules of Professional Conduct and the Colorado Rules of Civil Procedure in his capacity as In Pro se representative in 2020CA1068 from April 12, 2021 forward. Lane maintains that Witt violated C.R.C.P. and C.R.P.C. when Witt acknowledged on 4/13/21 that he willfully destroyed the Evidence. The CoA 4/12/21 Order governed the fourteen (14) interim and minute orders issued by Jeffco that are the subject of this appeal. To reiterate, the 14 district court Orders each and all flow from the Replevin under appeal in 2020CA1068 and each were entered on or between June 19, 2019 and May 15, 2020. Also to reiterate, The Replevin filed by Witt was governed by the custody of the Evidence and its protection and preservation by a third party custodian.

25. On April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed that, "Any district court order regarding the location and the condition of evidence remains in full force and effect.", Witt in his sole discretion as In Pro se in the matters of 2020CA1068, ***emphatically confessed to destroying the 44 Boxes of Evidence in his sole discretion as In Pro se and in his sole discretion as President and Senior Lending Officer of Silver Leaf Mortgage.*** (emphasis added to draw attention to Witt's 4/13/21 written confession of Evidence destruction and written confession of premeditation to violate Lane's Constitutional Rights guaranteed under the 14th Amendment and

its reciprocals in Colorado Law and Statute, violate U.S. Bankruptcy Code, violate Federal Rules of Evidence and their counterparts in Colorado State Law and Statute, among other violations enumerated previously in 16 trial court cases flowing from Witt's bankruptcy of Commercial Capital, Inc. in April 2009 following Witt's mortgage fraud on Lane on May 18, 2008.) See Federal Rules of Evidence, Rule 201 [2].

26. On April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed Witt's status as In Pro se, Witt in his sole discretion as In Pro se in the matters of 2020CA1068 sent the following email (See Exhibit A) to Lane and copied Matt Witt <mattw@silverleafmortgage.com>, David Kahn <email@davekahn.com>, Torrey Livenick <torrey@livenicklaw.com>, and <torreylivenickesq@gmail.com>,

"Hi Noelle, Where are you? Cat got your tongue? Please respond. Your ramblings make my day and week brighter. I personally love your appeal due to your pro-se and ICES rights being unconstitutional. My legal ownership of the 44 boxes which I CERTIFY NOW THAT I HAD DESTROYED 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights! Is that the 28TH Amendment or the 100th that you refer to? Or maybe the New Lain Amendment? Your constitutional ramblings are the butt of jokes in the legal community. Please send more unconstitutional defense and appeals." *Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT Samsung Email* [3]

27. Federal Rules of Evidence, Rule 201 Judicial Notice of adjudicative facts: Witt maintains in his confession to destroying the Evidence that he caused the Evidence to be destroyed and states the Evidence was in fact destroyed "6 months ago…" prior to the date of April 13, 2021. Lane

---

[2] (a) **Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact. (b) **Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (c) **Taking Notice**. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information. (d) **Timing.** The court may take judicial notice at any stage of the proceeding. (e) **Opportunity to Be Heard**. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard. (f) **Instructing the Jury**. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

[3] Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT written confession made in his sole discretion in his individual capacity and in his capacity as President and Sr. Lending Officer of Silver Leaf Mortgage. Silver Leaf Mortgage is owned by Nicole Witt, Witt's wife. The Assignment of the Box Sharing Agreement was purchased by Silver Leaf Mortgage with a Silver Leaf Mortgage Check

maintains that Witt confessed to destroying the Evidence on or before October 13, 2020, 4 months before Judge Oeffler issued final ruling on 19-cv-30951 and 2 months before the December 17, 2020 regarding the custody/ownership of the Evidence. Lane maintains that Witt confessed to destroying the Evidence in advance of Jeffco issuing a final order on custody of the Evidence. In fact, Witt confessed to destroying the Evidence in advance of Jeffco issuing eight (8) separate Orders regarding the custody of the Evidence. The eight separate Orders of the Trial Court are, 1) October 15, 2019, 2) October 30, 2019, 3) December 11, 2019, 4) December 17, 2019, 5) February 3, 2020, 6) March 24, 2020, 7) April 24, 2020, and 8) May 15, 2020. These 8 Orders of Jeffco are included in the 14 district court Orders that are the subject matter of the 4/12/21 Order.

28. Lane maintains Witt concealed the destruction of the Evidence from 1) Jeffco, 2) Judge Romero in 17-1548-MER, 3) the CoA, and 4) Lane for six months by his own admission, to cause Lane and Lane's wife and children irreparable harm and damage in mental, emotional, physical and financial matters arising from his concealment of his destruction of the Evidence. See Exhibits A-G Lane maintains that Witt destroyed the Evidence for among other things to conceal his mortgage fraud on Lane and conceal his fraud on the courts.

29. Witt's Reply Brief is due May 10, 2021 per the Clerk of the Court. The subject matter of Witt's Replevin action, the custody of the 44 Boxes of evidence ("Evidence"), is filed under 19-cv-30951 ("Replevin"). Replevin was filed June 19, 2019. The disputed Assignment by David Kahn to Witt of the Kahn Lane Box Sharing Agreement for $1,000.00 drawn on Silver Leaf Mortgage's checking account was made on May 30, 2020 and notarized on May 31, 2020.

30. On April 13, 2021 Witt confessed in his sole capacity as In Pro se in the case at bar, and in his sole capacity as President and Senior Lending Officer of Silver Leaf Mortgage, that he destroyed the Evidence whose custody is on appeal in 2020CA1068 and whose custody and preservation is governed under district court Orders, Federal Rules of Evidence and its reciprocals in Colorado Law and Statute, 11 U.S.C. §105(a), Bankruptcy Code § 542 and § 543, CoA 4/12/21 Order, C.R.C. Title 18, Criminal Code § 18-8-610, Tampering with physical evidence [4], and 6) Spoliation of Evidence (See Footnote Number 5).

31. Lane maintains that Tampering with the 44 Boxes of evidence, indeed the total

---

[4] (1) A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he: (a) Destroys, mutilates, conceals, removes, or alters physical evidence with intent to impair its verity or availability in the pending or prospective official proceeding; or (b) Knowingly makes, presents, or offers any false or altered physical evidence with intent that it be introduced in the pending or prospective official proceeding., (2) "Physical evidence", as used in this section, includes any article, object, document, record, or other thing of physical substance; except that "physical evidence" does not include a human body, part of a human body, or human remains subject to a violation of section 18-8-610.5., (3) Tampering with physical evidence is a class 6 felony.

destruction of all 44 Boxes of evidence by Witt is a class 6 felony and Witt must be made subject to the maximum of 18 months in prison and the maximum fine of $100,000.00 per occurrence (44 Boxes x $100,000.00 = $4,400,000.00).

32. Lane maintains that Witt confessed to Spoliation of all 44 Boxes of Evidence (See Exhibit A) in 1) violation of the 4/12/21 CoA Order, and 2) in violation of each or any or all, of the 14 district court orders governed by CoA's 4/12/21 Order ordering any district court orders to be in full force and effect.

33. Lane maintains that Witt destroyed the Evidence to conceal Witt's mortgage fraud on Lane on May 18, 2008 because among other things Lane asserts that Witt's mortgage fraud on Lane was the cause of Lane's $33 million plus bankruptcy in 13-10453-HRT and Lane's business failure. Witt's fraud on the bankruptcy court is the subject matter of 17-1548-MER which is also a *pending proceeding* (emphasis added) pursuant to C.R.C. Title 18 in the related matters of the Evidence of which Witt confessed to destroying in violation of CoA Order and Bankruptcy Court Order after obtaining possession in 19-cv-30951.

34. Lane maintains that the orders governed under CoA's 4/12/21 Order, in addition to the governance identified above to protect and preserve the Evidence whose custody is under appeal, requires the Evidence to remain in the custody of "the third party" and be protected from spoliation.[5]

---

[5] Colorado courts have broad discretion to impose for spoliation of evidence. Pursuant to *Castillo v. The Chief Alternative LLC*, 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, *"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."* See, id. (emphasis added).

These sanctions may be used both to punish a party and to remediate the harm to the injured party resulting from the loss of the evidence, including by such things as permitting the fact finder to draw an adverse inference, up to and including the ultimate penalty of a default judgment or dismissal of a case. See, id. A Court may "sanction a party who willfully destroys evidence relevant to a contested issue", even if the court does not find that the evidence was destroyed in bad faith, or even if the party has not acted intentionally, so long as the action is reckless or grossly negligent. See, id. In fact, the Supreme Court of Colorado has held that there is no useful distinction between these types of destruction of evidence, because "regardless of the destroying party's mental state, the opposing party will suffer the same prejudice." See, *Aloi v. Union Pacific Railroad Corp.*, 129 P.3d 999, 1003 (Colo. 2006). The sanction for such actions should be "commensurate with the seriousness of the disobedient party's conduct. See, *Pfantz v. Kmart Corp.*, 85 P.3d 564, 568 (Colo. App. 2003).

Courts in Colorado have ordered severe sanctions, even when the conduct is not intentional, even when there is no direct violation of a discovery order, and even when the moving party's expert has had a full opportunity to view the evidence, videotape it, and make a report. For example, in Pfantz, a case where a customer sat on a bench owned by Kmart and was injured, the

35. The subject matter of 2020CA1068 is among other things 1) whether the trial court erred in removing custody from Lane, of 44 boxes of evidence, Evidence, related to Witt and the 16 trial court cases Witt has commenced against Lane, all arising from Witt's 2009 bankruptcy of Witt's commercial lending company, to conceal Witt's mortgage fraud on Lane on May 18, 2008 among other things, and 2) whether the trial court violated Lane's procedural due process rights guaranteed under the equal protection and due process clause of the 14th Amendment and its counterparts in Colorado Law and Statute. Lane maintains the evidence contained in Evidence confirms Witt's mortgage fraud against Lane in 1:09-cv-00724-DME-MEH, the Arson Home, and Witt's fraud on the Court(s) and Lane in 16 related trial court cases arising from Witt's 2009 bankruptcies presided over by Judge Michael E. Romero in 09-17238-MER and 09-17437-MER. Judge Romero presides over Witt's bankruptcy(s) which include among the 16 trial court cases, 17-1548-MER which is a ***pending proceeding*** pursuant to C.R.C. Title 18 and is awaiting the bankruptcy court's ruling at this time. 17-1548-MER flows from Witt's personal bankruptcy to avoid debt collection arising from Witt's 2009 bankruptcies and alleged fraud on the bankruptcy court, and are included in the issues to be decided in adversary proceeding 17-1548-MER. The Evidence the trial court removed from Lane's custody by minute order on July 3, 2019 is the same Evidence used in trial against Witt in 17-1548-MER for fraudulent transfer among other things in bankruptcy. The Evidence was obtained from Lane under bankruptcy court order for trial by parties to the 16 related trial court cases. The bankruptcy court ordered the Evidence to be returned to Lane.

36. Lane maintains that Jeffco's May 15, 2020 order, one of the 14 district court orders CoA

---

bench in question was maintained in use for over two years, it was inspected and videotaped by the Plaintiff's expert, and was only substantially destroyed later, inadvertently, after it was removed from use and employees who did not know of the lawsuit disassembled it. See, id. at 567. The Court of Appeals affirmed the trial Court's findings that Kmart's actions in this case were 'either intentional or so reckless that it must be held accountable.' See, id. It affirmed the trial court's imposition of sanctions against Kmart, which was a judicial finding in the instructions to the jury that the "the bench is presumed to be defective, and Kmart is presumed to be the cause of the defective condition." See, id. The Appellate Court held that these sanctions were appropriate remedial measures. See, id. at 570.

In *Aloi,* a case where an employee tripped on a mat and was injured, the company's inspection and maintenance records were relevant, and they were destroyed pursuant to the company's 92-day destruction policy, inadvertently due to a change in personnel. See, *Aloi,* 129 P.3d at 1000-1001. The Colorado Supreme Court affirmed the lower court's findings that, although there was no discovery order, the company had notice that the documents would be relevant to the litigation well-prior to the expiration of the 92-day period, and this was enough to impose sanctions. See, id. at 1003. The Supreme Court also affirmed that it was unnecessary to find evidence of bad faith. See, id. The lower court authorized, and the Supreme Court affirmed, an "adverse inference" instruction, even after the company stipulated to negligence; the instruction was issued three separate times during the trial, stating, in part, "…You are instructed you may infer, by reason of the Defendant's failure to produce these documents, that the evidence contained in such documents was unfavorable to Defendant." See, id. at 1001.

found in full force and effect, contains the provision stated by Jeffco, "The Court awarded possession of the boxes but ordered Plaintiff not to destroy or otherwise alter the boxes." R at 2043 and 2044, Introduction, Paragraphs 1-4 inclusive.

37. Lane maintains that in part under the auspices of, C.R.C. Title 18. Criminal Code § 18-8-610 Pursuant to *Castillo v. The Chief Alternative LLC,* 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, *"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."* See, id. (emphasis added)., See Judicial Notice of Adjudicative Facts, F.R.E. Rule 201

38. In Pro se Plaintiff-Appellee Witt was made aware of pending litigation regarding the custody of the 44 Boxes pursuant to C.R.C. Title 18 § 610 in at least seven (7) separate instances of Jeffco conversing with Lane and Plaintiff-Appellee in hearing(s) transcript(s) and identifying that the trial court fully expected appeal in 19-cv-30951. **Pending Proceeding**, Notice of Appeal was filed July 20, 2020. Witt confessed to destroying the Evidence 2 months later in October 2020. The seven separate instances of In Pro se Witt's being aware of *pending proceedings* pursuant to C.R.C. Title 18 in addition to the additional 2 pending proceedings, 9 *pending proceedings* in total, are identified in 1) "you are free to appeal whatever you like…" Jeffco R at 1812 line 12, 2) I am going to extend Judge Romero's Order…But, at this point, the boxes, should be continued to be maintained through this Court's next hearing date on August 27… Jeffco R at 0327, lines 9-18, 3) "Well I can't litigate other things, but if you need the contents of those boxes to prepare for the appellate action, then you'll need to let the CoA know that this Court, well, first that the bankruptcy court has actually required that these boxes be put in a facility and that this Court has required that the boxes be maintained until we can set this for a full hearing." Jeffco R at 0327, lines 23-25, R at 0328, lines 1-4, 4) Plaintiff-Appellee, "There has been a very recent court order, … but, Judge Romero did address it again, once Centurion refused to take the boxes back and Lane refused to give the boxes to anyone else. Judge Romero addressed it and issued an order instructing Mr. Lane to give the boxes to, and pardon me, Your Honor, to a different third party set up by Mr. Witt himself… All American Records Management ("AARM").", Plaintiff-Appellee R at 318, lines 23-25, R at 319, line 2., 5) "So what is the order (of Judge Romero)? Jeffco R at 0320, line 5, "Your honor the order states that the boxes are to be returned to Lane at the end of 14 days once All American Records Management obtained possession of them. Plaintiff-Appellee R at 0320, lines 6-7, 6) "So we'll maintain the status quo imposed by Judge Romero…", Jeffco R at 0329, lines 16-17, and 7) "I am establishing my record for appeal.", Lane R at 1803, lines 14-19.

39. Lane maintains AARM did not return the Evidence pursuant to Judge Romero's Order. Further, Lane maintains that pursuant to Witt's confession to destroying the 44 Boxes of evidence, Witt abused the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 when Witt used Judge Romero's bankruptcy order to liquidate contract disputes or otherwise demand assets when the title to the Evidence is in

dispute. " Debtor cannot use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute." [6]

40. The bankruptcy court order referred to by the trial court, District Court Jefferson County Colorado ("Jeffco") in its July 3, 2019 Minute Order (See Exhibit B) is the bankruptcy court order requiring the Evidence be returned to Lane and subsequently by additional bankruptcy court order returned to a third-party custodian, All American Records Management, after its use by other parties including Witt, in 17-1548-MER. 17-1548-MER is an adversary proceeding arising from Witt's 17-17630-MER personal bankruptcy filed to gain stay from debt collection in 17-cv-31212. Lane was granted relief from stay by the bankruptcy court in 17-17630-MER to proceed with adjudication of 17-cv-31212, and subsequently 19CA656 and 2020SC516. Lane maintains that among other things, Witt filed 19-cv-30951 for the purpose of denying Lane's State Law, Statute, and US Constitutional Rights on appeal in 19CA656 and to conceal mortgage fraud and fraud on the court(s). Lane maintains that Witt confessed to destroying the Evidence for all the above reasons and to deny Lane's State Law, Statute, and US Constitutional Rights on appeal.

41. Lane maintains Law One's attorneys have been Witt's attorneys, paid for by Silver Leaf Mortgage and its owner Nicole Witt, Witt's wife, in Witt's matters in the least commencing in 2017. Law One represented Witt in creditor committee hearing in 17-17630-MEH. 17-17630-MEH arose from Witt's dismissed complaint against Lane in 17-cv-31212. 17-cv-31212 is the subject matter of 19CA656 and 2020SC516. The others are 16 trail court cases of Witt. The 16 trial court cases of Witt are all related matters. Lane maintains the evidence of Witt's mortgage fraud on Lane and Witt's fraud on the Court(s) is contained in the Evidence. The Evidence's possession is the subject matter of 2019-cv-30951 which is under appeal in 2020CA1068. 2019-cv-30951 is a replevin action of Witt to repossess his previously abandoned personal and business records which Lane maintains contain evidence that confirms Witt's mortgage fraud on Lane. Lane maintains Witt, sole shareholder and president of Commercial Capital, Inc., and President and Senior Lending Officer of Silver Leaf Mortgage, filed his replevin action against Lane for the

---

[6] *United States v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991); *see Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.)*, 913 F.2d 1575 (11th Cir. 1990); *FLR Co. v. Brant Constr. Co. (In re FLR Co.)*, 58 B.R. 632 (Bankr. W.D. Pa. 1985). *But see Nat'l Enters., Inc. v. Koger P'ship, Ltd. (In re Nat'l Enters., Inc.)*, 128 B.R. 956 (E.D. Va. 1991) (debt may be both matured, and thus fall within scope of turnover proceedings, and nonetheless disputed by defendant, and thus, for action to be turnover proceeding, it is not relevant that defendant disputes existence of debt by, perhaps, denying complaint's allegations, as long as those allegations state existence of matured debt); *Calhoun v. Copeland Corp. (In re Gordons Transports, Inc.)*, 51 B.R. 633 (Bankr. W.D. Tenn. 1985) (terms "matured, payable on demand, and payable to order" refer to debts that are presently payable, as opposed to those that are contingent and become payable only upon occurrence of certain act or event; thus, existence of dispute as to whether debt is owing does not preclude debt from being one that is "matured, payable on demand, or payable to order").

purpose of spoliation of the evidence of Witt's mortgage fraud among other things, on Lane as contained in the Evidence.

42. 17-1548-MER involves allegations of fraud entered against Witt for the commission of various fraudulent acts, pursuant to 11 U.S.C. § 548 and its state law analog, C.R.S. § 38-8-101 et seq.

**Wherefore**, for all the reasons stated in the paragraphs and exhibit(s) identified and incorporated by reference herein, Lane respectfully requests this Court to grant Hearing pursuant to

to accept Lane's First Amended Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One filed with the Court April 16, 2021 with leave to amend, and Defendant-Appellant's Cross Motion for Affirmative Relief with Leave to Amend in the matter of 2020CA1068 and take Judicial Notice of Adjudicative Facts pursuant to F.R.E. Rule 201, Witt's 4/13/21 In Pro se confession to destroying 44 Boxes of Evidence less than 24 hours after the CoA granted Witt In Pro se status. Further, Lane requests that in consideration of Witt's confession to destruction of the Evidence in the least two (2) months before Jeffco issued its final ruling on the ownership and custody of the Evidence whose custody is on appeal in 2020CA1068 and whose custody and preservation is governed under 1) fourteen (14) district court orders identified on appeal, 2) at least one Bankruptcy Court Order governed by 11 U.S.C. § 105(a), Power of the Court, 3) at least one Bankruptcy Court Order governed by Bankruptcy Code §542 and §543, 4) CoA 4/12/21 Order, 5) C.R.C. Title 18, Criminal Code § 18-8-610, Tampering with physical evidence, (3) Tampering with physical evidence is a class 6 felony., and 6) Spoliation of Evidence (See Footnote Number 5). Therefore, Lane requests that the CoA levy the maximum penalty(s) afforded in law and equity to be awarded to Lane in consideration for Witt's willful destruction of the Evidence fully 2 months before final ruling. Finally, Lane requests the CoA levy against Witt any/all sanctions, other penalties, fees, costs of litigation, exemplary awards, etc. it deems appropriate to the gravity of Witt's willful destruction of 44 Boxes of Evidence in *pending proceedings* arising from Witt's mortgage fraud on Lane on May 18, 2008. [7], and any/all other consideration the Court deems appropriate.

Kahn and Lane entered into 44 Boxes for the purpose of obtaining new evidence and/or corroboration of Witt's alleged fraud on the Court in 2017-cv-31212, 16-cv-01303-KMT, 09-17238-MER, 09-17437-MER, 17-11705-MER, 17-17630-MER, and 17-1548-MER.

Respectfully submitted this 23rd day of April 2021.

*[signature]*

Noel West Lane III, In Pro Se

---

[7] Witt required Lane's personal guarantee of the CCI construction and development loans and the purchase of the $1 million second mortgage and the purchase of the Arson Home as additional consideration for Lane to receive construction and development loans from CCI.

1060 Ingalls Street
Lakewood, CO 80214

**Counsel for the Plaintiff**

Plaintiff In Pro se:

Noel West Lane III
In Pro Se

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 23, 2021 I filed the foregoing in person with the Clerk of the Court and emailed and mailed a copy of the filing by USPS to all counsel of record:

Matthew Curtis Witt
In Pro se
6972 S. Vine Street #336
Centennial, Colorado 80122

Law One
Joseph M. Elio
1499 Blake Street, Suite 1J
Denver, CO 80202

*Attorneys for Plaintiff Matthew C. Witt*

Kenneth J. Buechler, Esq.
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorneys for Defendant Nicole Witt*

Gordon Rees Scully Mansukhani LLP
Edward M. Hafer
John R. Mann
John M. Palmeri
555 17th Street, Ste. 3400
Denver, CO 80202

*Attorneys for Defendant Damon M. Semmens*

David E. Keil
191 University Blvd., Suite 250
Denver, CO 80206

*Pro Se Defendant*

Jonsen Law Firm, LLC
Eric Richard Jonsen
555 Eldorado Blvd., Suite 200
Broomfield, CO 80021

*Attorney for Charles D. Snider, Jr., Charles D. Snider III, and Rekon, LLC*

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

*Attorney for David Kahn*

*[signature]*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214



**Insert this side up into time stamper.** *(gray bar here)*

PLEASE COMPLETE THIS FORM AND INCLUDE WITH ANY
PAYMENTS OR DOCUMENTS PLACED IN BOX.
A RECEIPT FOR PAYMENT WILL BE MAILED TO YOU.

**Please write legibly**

Case Number: 17-1548-MER

Name: Noel West Lane III

Phone Number: (303) 697-0462

Amount Enclosed: $

What is payment for: n/a

Mot.- NWL Order Granting Hearing Pursuant to
L.BK.R. 7026-1(D) & 6/3/19 Order:
"with respect to discovery issues"