# UNITED STATES BANKRUPTCY COURT
### District of Colorado

In re:   MATTHEW CURTIS WITT

      Debtor.

Address:   2792 Greatwood Way
      Highlands Ranch, CO 80126

SSN:   XXX-XX-4130

REKON, LLC
      Plaintiff

MATTHEW CURTIS WITT
      Defendant

| Case No.
| 17-17630-MER
|
| Chapter
| 7

Adv. Proc. No.
17-1548-MER



FILED
CLERK OF COURT

APR 2 3 2021

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

**NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER GRANTING HEARING PURSUANT TO L.BK.R. 7026-1(D) AND THIS COURT'S JUNE 3, 2019 ORDER (Doc# 79) "WITH RESPECT TO DISCOVERY ISSUES SURROUNDING THE 44 BOXES" AND DEBTOR'S APRIL 13, 2021 9:53 PM MDT IN PRO SE CONFESSION TO DESTRUCTION OF THE 44 BOXES ON OR BEFORE OCTOBER 13, 2020 IN VIOLATION OF THIS COURT'S ORDER(S) GRANTED UNDER 11 U.S.C. § 105(a) AND BANKRUPTCY CODE § 542 AND § 543, IN VIOLATION OF COLORADO COURT OF APPEALS APRIL 12, 2021 ORDER IN 2020CA1068 REGARDING THIRD PARTY CUSTODY AND PROTECTION OF THE 44 BOXES OF EVIDENCE FROM SPOLIATION, AND IN VIOLATION OF C.R.C. TITLE 18 CRIMINAL CODE 18-8-610 AND ITS U.S.C. COUNTERPART, WITH LEAVE TO AMEND**

---

Exhibits: A, B, C, D, E, F, AND G

1

Exhibit A

| | |
|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>1300 Broadway<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
| Jefferson County District Court<br>Honorable Lily Wallman Oeffler<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>Case Number: 2019-cv-30951 | FILED IN THE<br>COURT of APPEALS<br>STATE OF COLORADO<br>APR 19 2021<br>Clerk, Court of Appeals |
| **Plaintiff/Appellee:**<br>MATTHEW CURTIS WITT<br>**Defendant/Appellant:**<br>NOEL WEST LANE III | |
| Noel West Lane III<br>In Pro Se<br>1060 Ingalls Street<br>Lakewood, CO 80214<br>Phone: 303-697-0462<br>E-mail: lane3co@outlook.comm | Court of Appeals Case Number:<br>2020CA1068 |

**DEFENDANT-APPELLANT'S CROSS MOTION FOR AFFIRMATIVE RELIEF PURSUANT TO C.A.R. 27(a)(3)(A) WITH LEAVE TO AMEND**

Defendant-Appellant Noel West Lane III ("Lane"), by his own motion to reconsider In Pro se submits Defendant-Appellant's Cross Motion for Affirmative Relief Pursuant to C.A.R. 27(a)(3)(A) with Leave to Amend, and as such states the following:

| | |
|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>1300 Broadway<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
| Jefferson County District Court<br>Honorable Lily Wallman Oeffler<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>Case Number: 2019-cv-30951 | FILED IN THE<br>COURT of APPEALS<br>STATE OF COLORADO<br><br>APR 19 2021<br><br>Clerk, Court of Appeals |
| **Plaintiff/Appellee:**<br><br>MATTHEW CURTIS WITT<br><br>**Defendant/Appellant:**<br><br>NOEL WEST LANE III | |
| Noel West Lane III<br>In Pro Se<br>1060 Ingalls Street<br>Lakewood, CO 80214<br>Phone: 303-697-0462<br>E-mail: lane3co@outlook.comm | Court of Appeals Case Number:<br>2020CA1068 |
| **DEFENDANT-APPELLANT'S CROSS MOTION FOR AFFIRMATIVE RELIEF PURSUANT TO C.A.R. 27(a)(3)(A) WITH LEAVE TO AMEND** | |

Defendant-Appellant Noel West Lane III ("Lane"), by his own motion to reconsider In Pro se submits Defendant-Appellant's Cross Motion for Affirmative Relief Pursuant to C.A.R. 27(a)(3)(A) with Leave to Amend, and as such states the following:

1

| | |
|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>1300 Broadway<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
| Jefferson County District Court<br>Honorable Lily Wallman Oeffler<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>Case Number: 2019-cv-30951 | |
| **Plaintiff/Appellee:**<br><br>MATTHEW CURTIS WITT<br><br>**Defendant/Appellant:**<br><br>NOEL WEST LANE III | |
| Noel West Lane III<br>In Pro Se<br>1060 Ingalls Street<br>Lakewood, CO 80214<br>Phone: 303-697-0462<br>E-mail: lane3co@outlook.comm | Court of Appeals Case Number:<br>2020CA1068 |
| **DEFENDANT-APPELLANT'S CROSS MOTION FOR AFFIRMATIVE RELIEF PURSUANT TO C.A.R. 27(a)(3)(A) WITH LEAVE TO AMEND** | |

Defendant-Appellant Noel West Lane III ("Lane"), by his own motion to reconsider In Pro se submits his Motion to File Defendant-Appellant's Cross Motion for Affirmative Relief Pursuant to C.A.R. 27(a)(3)(A) with Leave to Amend, and as such states the following:

1

## Amended Factual Narrative of Lane's Objection to Law One Withdrawal as Counsel of Record ("Withdrawal") in 2020CA1068

Lane herein incorporates by reference the Verified Complaint for Replevin or Alternative Relief filed with District Court Jefferson County Colorado ("Jeffco") under 19-cv-30951 on June 19, 2019. R at 001 – 033.

Lane herein incorporates by reference Lane's Opening Brief in the matter of his objection to Law One's Withdrawal filed on January 19, 2021.

Lane's Opening Brief identifies fourteen (14) interim and minute orders issued by Jeffco that are the subject of this appeal. The 14 Orders were entered on or between 1) June 19, 2019 and 2) July 3, 2019, 3) July 30, 2019, 4) August 9, 2019, 5) August 19, 2020, 6) August 27, 2019, 7) October 15, 2019, 8) October 30, 2019, 9) December 11, 2019, 10) December 17, 2019, 11) February 3, 2020, 12) March 24, 2020, 13) April 24, 2020, and 14) May 15, 2020.

Lane herein incorporates by reference Lane's Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One filed with the Colorado Court of Appeals ("CoA") April 16, 2021. Lane herein incorporates by reference the Factual Narrative of Lane's Objection to Law One's Withdrawal as Counsel of Record with specific reference to incorporation of spoliation and its Footnote Number 1.

2

Lane maintains that Colorado's e-filing system ("ICCES") denied Lane nine (9) percent of his reply time afforded under C.A.R. 27(a)(3)(A) [1] to prepare the necessary motions to proceed to filing this First Amended Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One and five other motions pursuant to C.A.R. Rule 27 required by C.A.R in this issue in order to protect and preserve Lane's rights on appeal in 2020CA1068.  Lane maintains that ICCES and restrictions of Covid-19 are dispositive factors in Lane's request for leave to amend in his Cross Motion for Affirmative Relief and Lane's First Amended Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One.  Lane further maintains that ICCES' denial of access to electronic court records to In Pro se litigants including Lane, violates his Procedural Due Process rights guaranteed under the 14th Amendment to the Constitution and its reciprocals in Colorado Law and Statute.

On April 12, 2021 at 6:30 PM MDT the CoA granted Law One's request for withdrawal and granted Matthew Curtis Witt ("Witt") in pro se status and further granted Witt an enlargement to time, 28 days, to May 10, 2021 to file his Reply Brief. Lane maintains that Witt is bound by the Colorado Rules of Professional Conduct and

---

[1] C.A.R. 27(a)(3)(A) provides seven (7) days to file a Cross Motion for Affirmative Relief. 7 days x 24 hours = 168 hours; Delivery delay of Order to Lane from the time of the ICCES electronic posting of the April 12, 2021 Order is a minimum of 15 hours.  15 hours / 168 hours = 9% disadvantage to In Pro se Litigant Lane to research the Record on Appeal in 19-cv-30951, and prepare and file court documents necessary to preserve Lane's 14th Amendment Constitutional Rights and his rights under Colorado Law and Statute.

the Colorado Rules of Civil Procedure in his capacity as In Pro se representative in 2020CA1068 from April 12, 2021 forward. Lane maintains that Witt violated C.R.C.P. and C.R.P.C. when Witt acknowledged on 4/13/21 that he willfully destroyed the Evidence . The CoA 4/12/21 Order governed the fourteen (14) interim and minute orders issued by Jeffco that are the subject of this appeal. To reiterate, the 14 district court Orders each and all flow from the Replevin under appeal in 2020CA1068 and each were entered on or between June 19, 2019 and May 15, 2020. Also to reiterate, The Replevin filed by Witt was governed by the custody of the Evidence and its protection and preservation by a third party custodian.

On April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed that, "Any district court order regarding the location and the condition of evidence remains in full force and effect.",   Witt in his sole discretion as In Pro se in the matters of 2020CA1068, ***emphatically confessed to destroying the 44 Boxes of Evidence in his sole discretion as In Pro se and in his sole discretion as President and Senior Lending Officer of Silver Leaf Mortgage.*** (emphasis added to draw attention to Witt's 4/13/21 written confession of Evidence destruction and written confession of premeditation to violate Lane's Constitutional Rights guaranteed under the 14th Amendment and its reciprocals in Colorado Law and Statute, violate U.S. Bankruptcy Code, violate Federal Rules of Evidence and their counterparts in Colorado State Law and Statute, among

4

other violations enumerated previously in 16 trial court cases flowing from Witt's bankruptcy of Commercial Capital, Inc. in April 2009 following Witt's mortgage fraud on Lane on May 18, 2008.) See Federal Rules of Evidence, Rule 201 [2].

On April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed Witt's status as In Pro se, Witt in his sole discretion as In Pro se in the matters of 2020CA1068 sent the following email (See Exhibit A) to Lane and copied Matt Witt <mattw@silverleafmortgage.com>, David Kahn <email@davekahn.com>, Torrey Livenick <torrey@livenicklaw.com>, and <torreylivenickesq@gmail.com>,

"Hi Noelle, Where are you? Cat got your tongue? Please respond. Your ramblings make my day and week brighter. I personally love your appeal due to your pro-se and ICES rights being unconstitutional. My legal ownership of the 44 boxes which I CERTIFY NOW THAT I HAD DESTROYED 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights! Is that the 28TH Amendment or the 100th that you refer to? Or maybe the New Lain

---

[2] (a) **Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact. (b) **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (c) **Taking Notice.** The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information. (d) **Timing.** The court may take judicial notice at any stage of the proceeding. (e) **Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard. (f) **Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

Amendment?  Your constitutional ramblings are the butt of jokes in the legal community.  Please send more unconstitutional defense and appeals." *Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT Samsung Email* [3]

Federal Rules of Evidence, Rule 201 Judicial Notice of adjudicative facts:  Witt maintains in his confession to destroying the Evidence that he caused the Evidence to be destroyed and states the Evidence was in fact destroyed "6 months ago…" prior to the date of April 13, 2021.  Lane maintains that Witt confessed to destroying the Evidence on or before October 13, 2020, 4 months before Judge Oeffler issued final ruling on 19-cv-30951 and 2 months before the December 17, 2020 regarding the custody/ownership of the Evidence. Lane maintains that Witt confessed to destroying the Evidence in advance of Jeffco issuing a final order on custody of the Evidence.  In fact, Witt confessed to destroying the Evidence in advance of Jeffco issuing eight (8) separate Orders regarding the custody of the Evidence.  The eight separate Orders of the Trial Court are, 1) October 15, 2019, 2) October 30, 2019, 3) December 11, 2019, 4) December 17, 2019, 5) February 3, 2020, 6) March 24, 2020, 7) April 24, 2020, and 8) May 15, 2020.  These 8 Orders of Jeffco are included in the 14 district court Orders that are the subject matter of the 4/12/21 Order.

---

[3] Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT written confession made in his sole discretion in his individual capacity and in his capacity as President and Sr. Lending Officer of Silver Leaf Mortgage.  Silver Leaf Mortgage is owned by Nicole Witt, Witt's wife.  The Assignment of the Box Sharing Agreement was purchased by Silver Leaf Mortgage with a Silver Leaf Mortgage Check

Lane maintains Witt concealed the destruction of the Evidence from 1) Jeffco, 2) Judge Romero in 17-1548-MER, 3) the CoA, and 4) Lane for six months by his own admission, to cause Lane and Lane's wife and children irreparable harm and damage in mental, emotional, physical and financial matters arising from his concealment of his destruction of the Evidence. See Exhibits A-G Lane maintains that Witt destroyed the Evidence for among other things to conceal his mortgage fraud on Lane and conceal his fraud on the courts.

Witt's Reply Brief is due May 10, 2021 per the Clerk of the Court. The subject matter of Witt's Replevin action, the custody of the 44 Boxes of evidence ("Evidence"), is filed under 19-cv-30951 ("Replevin"). Replevin was filed June 19, 2019. The disputed Assignment by David Kahn to Witt of the Kahn Lane Box Sharing Agreement for $1,000.00 drawn on Silver Leaf Mortgage's checking account was made on May 30, 2020 and notarized on May 31, 2020.

On April 13, 2021 Witt confessed in his sole capacity as In Pro se in the case at bar, and in his sole capacity as President and Senior Lending Officer of Silver Leaf Mortgage, that he destroyed the Evidence whose custody is on appeal in 2020CA1068 and whose custody and preservation is governed under district court Orders, Federal Rules of Evidence and its reciprocals in Colorado Law and Statute, 11 U.S.C. §105(a), Bankruptcy Code § 542 and § 543, CoA 4/12/21 Order, C.R.C. Title 18, Criminal Code

7

§ 18-8-610, Tampering with physical evidence [4], and 6) Spoliation of Evidence (See Footnote Number 5).

Lane maintains that Tampering with the 44 Boxes of evidence, indeed the total destruction of all 44 Boxes of evidence by Witt is a class 6 felony and Witt must be made subject to the maximum of 18 months in prison and the maximum fine of $100,000.00 per occurrence (44 Boxes x $100,000.00 = $4,400,000.00).

Lane maintains that Witt confessed to Spoliation of all 44 Boxes of Evidence (See Exhibit A) in 1) violation of the 4/12/21 CoA Order, and 2) in violation of each or any or all, of the 14 district court orders governed by CoA's 4/12/21 Order ordering any district court orders to be in full force and effect.

Lane maintains that Witt destroyed the Evidence to conceal Witt's mortgage fraud on Lane on May 18, 2008 because among other things Lane asserts that Witt's mortgage fraud on Lane was the cause of Lane's $33 million plus bankruptcy in 13-

---

[4] (1) A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he: (a) Destroys, mutilates, conceals, removes, or alters physical evidence with intent to impair its verity or availability in the pending or prospective official proceeding; or (b) Knowingly makes, presents, or offers any false or altered physical evidence with intent that it be introduced in the pending or prospective official proceeding., (2) "Physical evidence", as used in this section, includes any article, object, document, record, or other thing of physical substance; except that "physical evidence" does not include a human body, part of a human body, or human remains subject to a violation of section 18-8-610.5., (3) Tampering with physical evidence is a class 6 felony.

10453-HRT and Lane's business failure.  Witt's fraud on the bankruptcy court is the subject matter of 17-1548-MER which is also a **_pending proceeding_** (emphasis added) pursuant to C.R.C. Title 18 in the related matters of the Evidence of which Witt confessed to destroying in violation of CoA Order and Bankruptcy Court Order after obtaining possession in 19-cv-30951.

Lane maintains that the orders governed under CoA's 4/12/21 Order, in addition to the governance identified above to protect and preserve the Evidence whose custody is under appeal, requires the Evidence to remain in the custody of "the third party" and be protected from spoliation. [5]

---

[5] Colorado courts have broad discretion to impose for spoliation of evidence.  Pursuant to _Castillo v. The Chief Alternative LLC_, 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, _"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."_  See, id. (emphasis added). These sanctions may be used both to punish a party and to remediate the harm to the injured party resulting from the loss of the evidence, including by such things as permitting the fact finder to draw an adverse inference, up to and including the ultimate penalty of a default judgment or dismissal of a case.  See, id.  A Court may "sanction a party who willfully destroys evidence relevant to a contested issue", even if the court does not find that the evidence was destroyed in bad faith, or even if the party has not acted intentionally, so long as the action is reckless or grossly negligent. See, id.  In fact, the Supreme Court of Colorado has held that there is no useful distinction between these types of destruction of evidence, because "regardless of the destroying party's mental state, the opposing party will suffer the same prejudice."  See, _Aloi v. Union Pacific Railroad Corp._, 129 P.3d 999, 1003 (Colo. 2006).  The sanction for such actions should be "commensurate with the seriousness of the disobedient party's conduct.  See, _Pfantz v. Kmart Corp._, 85 P.3d 564, 568 (Colo. App. 2003).

   Courts in Colorado have ordered severe sanctions, even when the conduct is not intentional, even when there is no direct violation of a discovery order, and even when

The subject matter of 2020CA1068 is among other things 1) whether the trial court erred in removing custody from Lane, of 44 boxes of evidence, Evidence, related to Witt and the 16 trial court cases Witt has commenced against Lane, all arising from Witt's 2009 bankruptcy of Witt's commercial lending company, to conceal Witt's mortgage fraud on Lane on May 18, 2008 among other things, and 2) whether the trial court violated Lane's procedural due process rights guaranteed under the equal

---

the moving party's expert has had a full opportunity to view the evidence, videotape it, and make a report. For example, in Pfantz, a case where a customer sat on a bench owned by Kmart and was injured, the bench in question was maintained in use for over two years, it was inspected and videotaped by the Plaintiff's expert, and was only substantially destroyed later, inadvertently, after it was removed from use and employees who did not know of the lawsuit disassembled it. See, id. at 567. The Court of Appeals affirmed the trial Court's findings that Kmart's actions in this case were 'either intentional or so reckless that it must be held accountable.' See, id. It affirmed the trial court's imposition of sanctions against Kmart, which was a judicial finding in the instructions to the jury that the "the bench is presumed to be defective, and Kmart is presumed to be the cause of the defective condition." See, id. The Appellate Court held that these sanctions were appropriate remedial measures. See, id. at 570.
In *Aloi,* a case where an employee tripped on a mat and was injured, the company's inspection and maintenance records were relevant, and they were destroyed pursuant to the company's 92-day destruction policy, inadvertently due to a change in personnel. See, *Aloi,* 129 P.3d at 1000-1001. The Colorado Supreme Court affirmed the lower court's findings that, although there was no discovery order, the company had notice that the documents would be relevant to the litigation well-prior to the expiration of the 92-day period, and this was enough to impose sanctions. See, id. at 1003. The Supreme Court also affirmed that it was unnecessary to find evidence of bad faith. See, id. The lower court authorized, and the Supreme Court affirmed, an "adverse inference" instruction, even after the company stipulated to negligence; the instruction was issued three separate times during the trial, stating, in part, "…You are instructed you may infer, by reason of the Defendant's failure to produce these documents, that the evidence contained in such documents was unfavorable to Defendant." See, id. at 1001.

protection and due process clause of the 14th Amendment and its counterparts in Colorado Law and Statute.   Lane maintains the evidence contained in Evidence confirms Witt's mortgage fraud against Lane in 1:09-cv-00724-DME-MEH, the Arson Home, and Witt's fraud on the Court(s) and Lane in 16 related trial court cases arising from Witt's 2009 bankruptcies presided over by Judge Michael E. Romero in 09-17238-MER and 09-17437-MER.   Judge Romero presides over Witt's bankruptcy(s) which include among the 16 trial court cases, 17-1548-MER which is a ***pending proceeding*** pursuant to C.R.C. Title 18 and is awaiting the bankruptcy court's ruling at this time. 17-1548-MER flows from Witt's personal bankruptcy to avoid debt collection arising from Witt's 2009 bankruptcies and alleged fraud on the bankruptcy court, and are included in the issues to be decided in adversary proceeding 17-1548-MER.   The Evidence the trial court removed from Lane's custody by minute order on July 3, 2019 is the same Evidence used in trial against Witt in 17-1548-MER for fraudulent transfer among other things in bankruptcy. The Evidence was obtained from Lane under bankruptcy court order for trial by parties to the 16 related trial court cases. The bankruptcy court ordered the Evidence to be returned to Lane.

Lane maintains that Jeffco's May 15, 2020 order, one of the 14 district court orders CoA found in full force and effect, contains the provision stated by Jeffco, "The Court awarded possession of the boxes but ordered Plaintiff not to destroy or otherwise alter the boxes." R at 2043 and 2044, Introduction, Paragraphs 1-4 inclusive.

11

Lane maintains that in part under the auspices of,

C.R.C. Title 18. Criminal Code § 18-8-610 Pursuant to *Castillo v. The Chief Alternative LLC*, 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, *"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."* See, id. (emphasis added)., See Judicial Notice of Adjudicative Facts, F.R.E. Rule 201

In Pro se Plaintiff-Appellee Witt was made aware of pending litigation regarding the custody of the 44 Boxes pursuant to C.R.C. Title 18 § 610 in at least seven (7) separate instances of Jeffco conversing with Lane and Plaintiff-Appellee in hearing(s) transcript(s) and identifying that the trial court fully expected appeal in 19-cv-30951. **Pending Proceeding**, Notice of Appeal was filed July 20, 2020. Witt confessed to destroying the Evidence 2 months later in October 2020. The seven separate instances of In Pro se Witt's being aware of ***pending proceedings*** pursuant to C.R.C. Title 18 in addition to the additional 2 pending proceedings, 9 ***pending proceedings*** in total, are identified in 1) "you are free to appeal whatever you like…" Jeffco R at 1812 line 12, 2) I am going to extend Judge Romero's Order…But, at this point, the boxes, should be continued to be maintained through this Court's next hearing date on August 27… Jeffco R at 0327, lines 9-18, 3) "Well I can't litigate other things, but if you need the contents of those boxes to prepare for the appellate action, then you'll need to let the CoA know that this Court, well, first that the bankruptcy court has actually required that these boxes be put in a facility and that this Court has required that the boxes be

12

maintained until we can set this for a full hearing." Jeffco R at 0327, lines 23-25, R at 0328, lines 1-4, 4) Plaintiff-Appellee, "There has been a very recent court order, ... but, Judge Romero did address it again, once Centurion refused to take the boxes back and Lane refused to give the boxes to anyone else. Judge Romero addressed it and issued an order instructing Mr. Lane to give the boxes to, and pardon me, Your Honor, to a different third party set up by Mr. Witt himself... All American Records Management ("AARM").", Plaintiff-Appellee R at 318, lines 23-25, R at 319, line 2., 5) "So what is the order (of Judge Romero)? Jeffco R at 0320, line 5, "Your honor the order states that the boxes are to be returned to Lane at the end of 14 days once All American Records Management obtained possession of them. Plaintiff-Appellee R at 0320, lines 6-7, 6) "So we'll maintain the status quo imposed by Judge Romero...", Jeffco R at 0329, lines 16-17, and 7) "I am establishing my record for appeal.", Lane R at 1803, lines 14-19.

Lane maintains AARM did not return the Evidence pursuant to Judge Romero's Order. Further, Lane maintains that pursuant to Witt's confession to destroying the 44 Boxes of evidence, Witt abused the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 when Witt used Judge Romero's bankruptcy order to liquidate contract disputes or otherwise demand assets when the title to the Evidence is in dispute. " Debtor cannot

use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute." [6]

The bankruptcy court order referred to by the trial court, District Court Jefferson County Colorado ("Jeffco") in its July 3, 2019 Minute Order (See Exhibit B) is the bankruptcy court order requiring the Evidence be returned to Lane and subsequently by additional bankruptcy court order returned to a third-party custodian, All American Records Management, after its use by other parties including Witt, in 17-1548-MER. 17-1548-MER is an adversary proceeding arising from Witt's 17-17630-MER personal bankruptcy filed to gain stay from debt collection in 17-cv-31212. Lane was granted relief from stay by the bankruptcy court in 17-17630-MER to proceed with adjudication of 17-cv-31212, and subsequently 19CA656 and 2020SC516. Lane maintains that among other things, Witt filed 19-cv-30951 for the purpose of denying

---

[6] *United States v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991); *see Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.)*, 913 F.2d 1575 (11th Cir. 1990); *FLR Co. v. Brant Constr. Co. (In re FLR Co.)*, 58 B.R. 632 (Bankr. W.D. Pa. 1985). *But see Nat'l Enters., Inc. v. Koger P'ship, Ltd. (In re Nat'l Enters., Inc.)*, 128 B.R. 956 (E.D. Va. 1991) (debt may be both matured, and thus fall within scope of turnover proceedings, and nonetheless disputed by defendant, and thus, for action to be turnover proceeding, it is not relevant that defendant disputes existence of debt by, perhaps, denying complaint's allegations, as long as those allegations state existence of matured debt); *Calhoun v. Copeland Corp. (In re Gordons Transports, Inc.)*, 51 B.R. 633 (Bankr. W.D. Tenn. 1985) (terms "matured, payable on demand, and payable to order" refer to debts that are presently payable, as opposed to those that are contingent and become payable only upon occurrence of certain act or event; thus, existence of dispute as to whether debt is owing does not preclude debt from being one that is "matured, payable on demand, or payable to order").

Lane's State Law, Statute, and US Constitutional Rights on appeal in 19CA656 and to conceal mortgage fraud and fraud on the court(s).  Lane maintains that Witt confessed to destroying the Evidence for all the above reasons and to deny Lane's State Law, Statute, and US Constitutional Rights on appeal.

Lane maintains Law One's attorneys have been Witt's attorneys, paid for by Silver Leaf Mortgage and its owner Nicole Witt, Witt's wife, in Witt's matters in the least commencing in 2017.   Law One represented Witt in creditor committee hearing in 17-17630-MEH.  17-17630-MEH arose from Witt's dismissed complaint against Lane in 17-cv-31212.  17-cv-31212 is the subject matter of 19CA656 and 2020SC516. The others are 16 trail court cases of Witt.  The 16 trial court cases of Witt are all related matters.  Lane maintains the evidence of Witt's mortgage fraud on Lane and Witt's fraud on the Court(s) is contained in the Evidence.  The Evidence's possession is the subject matter of 2019-cv-30951 which is under appeal in 2020CA1068.  2019-cv-30951 is a replevin action of Witt to repossess his previously abandoned personal and business records which Lane maintains contain evidence that confirms Witt's mortgage fraud on Lane.   Lane maintains Witt, sole shareholder and president of Commercial Capital, Inc., and President and Senior Lending Officer of Silver Leaf Mortgage, filed his replevin action against Lane for the purpose of spoliation of the evidence of Witt's mortgage fraud among other things, on Lane as contained in the Evidence.

15

**Wherefore**, for all the reasons stated in the paragraphs and exhibit(s) identified and incorporated by reference herein, Defendant-Appellant Lane respectfully requests the CoA to accept Lane's First Amended Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One filed with the Court April 16, 2021 with leave to amend, and Defendant-Appellant's Cross Motion for Affirmative Relief with Leave to Amend in the matter of 2020CA1068 and take Judicial Notice of Adjudicative Facts pursuant to F.R.E. Rule 201, Witt's 4/13/21 In Pro se confession to destroying 44 Boxes of Evidence less than 24 hours after the CoA granted Witt In Pro se status.   Further, Lane requests that in consideration of Witt's confession to destruction of the Evidence in the least two (2) months before Jeffco issued its final ruling on the ownership and custody of the Evidence whose custody is on appeal in 2020CA1068 and whose custody and preservation is governed under 1) fourteen (14) district court orders identified on appeal, 2) at least one Bankruptcy Court Order governed by 11 U.S.C. § 105(a), Power of the Court,  3) at least one Bankruptcy Court Order governed by Bankruptcy Code §542 and §543, 4)  CoA 4/12/21 Order, 5) C.R.C. Title 18, Criminal Code § 18-8-610, Tampering with physical evidence, (3)  Tampering with physical evidence is a class 6 felony., and 6) Spoliation of Evidence (See Footnote Number 5).   Therefore, Lane requests that the CoA levy the maximum penalty(s) afforded in law and equity to be awarded to Lane in consideration for Witt's willful destruction of the Evidence fully 2 months before final ruling.   Finally, Lane requests

16

the CoA levy against Witt any/all sanctions, other penalties, fees, costs of litigation, exemplary awards, etc. it deems appropriate to the gravity of Witt's willful destruction of 44 Boxes of Evidence in ***pending proceedings*** arising from Witt's mortgage fraud on Lane on May 18, 2008. [7], and any/all other consideration the Court deems appropriate.

Respectfully submitted this 19th day of April 2021.

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

### **Counsel for the Plaintiff**

Plaintiff In Pro se:

Noel West Lane III
In Pro Se

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2021 I filed the foregoing in person with the Clerk of the Court and emailed and mailed a copy of the filing by USPS to all counsel of record:

Matthew Curtis Witt
In Pro se
6972 S. Vine Street #336

---

[7] Witt required Lane's personal guarantee of the CCI construction and development loans and the purchase of the $1 million second mortgage and the purchase of the Arson Home as additional consideration for Lane to receive construction and development loans from CCI.

17

Centennial, Colorado 80122

Law One
Joseph M. Elio
1499 Blake Street, Suite 1J
Denver, CO 80202

*Attorneys for Plaintiff Matthew C. Witt*

Kenneth J. Buechler, Esq.
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorneys for Defendant Nicole Witt*

Gordon Rees Scully Mansukhani LLP
Edward M. Hafer
John R. Mann
John M. Palmeri
555 17th Street, Ste. 3400
Denver, CO 80202

*Attorneys for Defendant Damon M. Semmens*

David E. Keil
191 University Blvd., Suite 250
Denver, CO 80206

*Pro Se Defendant*

Jonsen Law Firm, LLC
Eric Richard Jonsen
555 Eldorado Blvd., Suite 200
Broomfield, CO 80021

*Attorney for Charles D. Snider, Jr., Charles D. Snider III, and Rekon, LLC*

Torrey Livenick, Esq.
730 17th Street, Suite 900

Denver, CO 80202

*Attorney for David Kahn*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

Exhibit B

## UNITED STATES BANKRUPTCY COURT
### District of Colorado

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No.<br>17-17630-MER |
| Debtor. | |
| Address:    2792 Greatwood Way<br>Highlands Ranch, CO 80126 | Chapter<br>7 |
| SSN:    XXX-XX-4130 | |
| REKON, LLC<br>Plaintiff | Adv. Proc. No.<br>17-1548-MER |
| MATTHEW CURTIS WITT<br>Defendant | |

FILED
KENNETH S. GARDNER, CLERK
2020 MAR 10 P 3: 34
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

**NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1, AND THEIR COLORADO COUNTERPART IN MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, 19CA656, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

---

Noel West Lane III ("Lane") Respectfully Moves this Court for an Order of Judicial Notice of Evidence Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts ("Order of Evidence") in Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, 19CA656, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A) and as such Lane states as follows:

### CERTIFICATION OF CONFERRAL

1.    Lane requested conferral with all parties to 17-17630-MER, 17-1548-MER, 2017-cv-31212, 19CA656, and 2019-cv-30951. Rekon, LLC and Snider et al (collectively "Rekon") instructed Lane not to contact it again.  Witt's reply was indeterminate.  David Kahn ("Kahn") did not reply.  Torrey Livenick ("Livenick") did not reply.  Damon Semmens ("Semmens") did not reply.

### FACTUAL SUMMARY FROM WHICH FLOWS 17-1548-MER

1

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

In re:    MATTHEW CURTIS WITT

      Debtor.

Address:    2792 Greatwood Way
           Highlands Ranch, CO 80126

SSN:    XXX-XX-4130

REKON, LLC
      Plaintiff

MATTHEW CURTIS WITT
      Defendant

Case No.
17-17630-MER

Chapter
7

Adv. Proc. No.
17-1548-MER

FILED
KENNETH S. GARDNER, CLERK
2020 MAR 10 P 3:34
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

**NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1, AND THEIR COLORADO COUNTERPART IN MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, 19CA656, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

---

Noel West Lane III ("Lane") Respectfully Moves this Court for an Order of Judicial Notice of Evidence Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts ("Order of Evidence") in Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, 19CA656, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A) and as such Lane states as follows:

## CERTIFICATION OF CONFERRAL

1.    Lane requested conferral with all parties to 17-17630-MER, 17-1548-MER, 2017-cv-31212, 19CA656, and 2019-cv-30951. Rekon, LLC and Snider et al (collectively "Rekon") instructed Lane not to contact it again. Witt's reply was indeterminate. David Keil ("Keil") requested to be removed from the copy list. David Kahn ("Kahn") did not reply. Torrey Livenick ("Livenick") did not reply. Damon Semmens ("Semmens") did not reply.

## FACTUAL SUMMARY FROM WHICH FLOWS 17-1548-MER

1

2.    Rekon, LLC and Lane entered into the Rekon/RhonLan Agreement ("Rekon Agreement") in March 2014. The Rekon Agreement (Dkt.#51) is the Witt debt collection effort by Rekon, LLC to collect a $1.6 million judgement against Witt, and collect a $4.58 million judgment against Denver Haslam, Witt's business partner in 5301 S. University ("5301"). The Witt debt collection effort is the subject matter of 17-1548-MER. 17-1548-MER flows from the Witt Cases [1]. 2017-cv-31212 is a Witt Case. Witt filed 2017-cv-31212 in District Court Jefferson County to stop the Witt debt collection efforts of the Rekon Agreement among other things.

3.    Witt filed for personal bankruptcy in 17-17630-MER seven days following his service of 2017-cv-31212 on Lane. 2017-cv-31212 was administratively closed pending stay in 17-17630-MER. Lane was granted relief from stay in 17-17630-MER to reopen 2017-cv-31212. After reopening, 2017-cv-31212 was closed and appeal of 2017-cv-31212 was granted to Lane in 19CA656. 19CA656 is at issue and an opinion will issue in due course. *See* Exhibit A - Order

4.    19CA656 arises from District Court Jefferson County's failure to guarantee Lane's right of equal protection vis-à-vis Colorado's e-filing system ("ICCES") among other issues including forced settlements under duress. Lane seek's the reversal of 2017-cv-31212 rulings to 10/23/17 including case closing on 2/27/19.

5.    The validation of Lane's participation in the Rekon Agreement is contained in Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report"). *See* Exhibit B

6.    The Garlans Report was prepared in response to matters at issue in 2017-cv-31212 pursuant to the Judge Jeffrey Pilkington Court's Order regarding RhonLan, LLC, and the Rekon/RhonLan Agreement.

7.    While 2017-cv-31212 is on appeal in 19CA656, Witt filed 2019-cv-30951. 2019-cv-30951 is a replevin matter against Lane to contravene the Kahn Lane Box Sharing Agreement and obtain possession of new evidence contained in 44 boxes of Witt's and CCI's personal and loan files which Witt abandoned for destruction in 2012. Lane alleges the 44 Boxes contain evidence confirming Witt's fraud on Lane in 5301. Kahn purchased the 44 Boxes of new evidence at auction.

8.    Lane filed counterclaims against Witt and a third party complaint against Kahn in 2019-cv-30951. Lane's counterclaim against Witt and Lane's third party complaint against Kahn in 2019-cv-30951 were entered by court order. *See* Exhibit C - Order

9.    Witt has not answered Lane's counterclaim pending Witt's motion to the court to reconsider its order to answer.

---

[1] 1) 2017-cv-31212, 2) 16-cv-01303-KMT, 3) 09-17238-MER, 4) 09-17437-MER, 5) 17-11705-MER, 6) 17-17630-MER, 7) 17-1548-MER, 8) 2019-cv-30951, and 9) 1:09-cv-00794-WDM-MEH (herein collectively, "Witt Cases")

10.    Lane maintains that the sealed record of 1:09-cv-00794-WDM-MEH contains Witt's business partner, Denver Haslam's ("Haslam") admission that Witt committed fraud against Lane when Witt required Lane to personally guarantee the purchase of a $1 million dollar second mortgage on Witt and Haslam's custom home as a condition of receiving a $12 million dollar development loan from Witt's company, Commercial Capital, Inc. ("CCI") in May 2008.

11.    1:09-cv-00794-WDM-MEH contains the sealed record of 5301 S. University, and the open arson investigation of the Witt/Haslam custom home in November 2008.  The arson of 5301 occurred three days following Lane confronting Haslam and Witt with fraud allegations against Witt regarding the CCI second mortgage on 5301.

12.    17-17630-Mer has been discharged.  17-17630-MER is not closed.  17-17630-MER cannot be closed until final ruling in 2017-cv-31212.  Final ruling in 2017-cv-31212 cannot be made until an opinion is issued in due course in 19CA656.  A favorable final ruling in 2017-cv-31212 will cause to be placed at issue, Lane's third party complaint against Nicole Witt, Witt's wife, and Silver Leaf Mortgage among others.

13.    Witt, and Witt as President of Silver Leaf Mortgage, used a Silver Leaf Mortgage check to purchase an assignment of the Kahn Lane Box Sharing Agreement from Kahn, which is the subject matter of 2019-cv-30951.

14.    2019-cv-30951 is the replevin matter brought by Witt against Lane in District Court of Jefferson County to obtain possession of the 44 Boxes of new evidence, and cause spoliation of the new evidence, thereby interfering with Lane's civil rights and right of due process in 2017-cv-31212, 19CA656, and 2019-cv-30951 among others.

## THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 17-17630-MER, 17-1548-MER, 2017-CV-31212, 19CA656, AND 2019-CV-30951

15.    Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020.  The case is at issue and an opinion will issue in due course:

"Genuine issues of material fact continue to exist in the Honorable Judge Jeffrey R. Pilkington's Order, 1) Judge Pilkington's refusal, contrary to his own request, to acknowledge new evidence presented to the Court, 2) Judge Pilkington's refusal to rule on in Pro Se equal protection and access to District Court of Jefferson County's ICCES system, and 3) Judge Pilkington's refusal to rule on access to this Court's ICCES system which lack of access denied Defendant-Appellee's discovery in Plaintiff-Appellee's case at bar pursuant to CRCP Rule 16 and 26, thus Defendant-Appellant was denied equal protection guaranteed under the 5th Amendment and 14th Amendment of the U. S. Constitution."  See Exhibit A - ORDER to strike and accept amended reply brief

16.    Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020:

"The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim", and

"The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order."  See Exhibit C - ORDER RE: MOTIONS TO DISMISS

18.   Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018:

"17-1548-MER involves a judgment entered against Witt for the commission of various fraudulent acts, pursuant to 11 U.S.C. § 548 and its state law analog, C.R.S. § 38-8-101 et seq.  Lane makes claim to any and all collection of a judgement against Witt in 17-1548-MER by virtue of the Rekon Agreement and its validation by Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report")."  *See* Exhibit B - Report

## ARGUMENT

19.   Lane herein incorporates by reference paragraphs 1 through 18 inclusive.

20.   Lane maintains that Federal Rules of Evidence and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts apply to Bankruptcy Rule 9017. Evidence.

" Sections 251 and 252 of Public Law 95–598, amended Rule 1101 of the <u>Federal Rules of Evidence</u> to provide that the <u>Federal Rules of Evidence</u> apply in bankruptcy courts and to any case or proceeding under the Code. Rules 43, 44 and 44.1 of the F.R.Civ.P., which supplement the <u>Federal Rules of Evidence</u>, are by this rule made applicable to cases under the Code."

21.   Judicial Notice - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant.* Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

"The usual method of establishing facts in a proceeding is through the introduction of evidence with the testimony of witnesses or proffering of documents to be admitted into evidence. *See* Russell, *Bankruptcy Evidence Manual,* § 201.1 (West 2000 ed.). If particular facts are outside the area of reasonable controversy, this process of authenticating evidence may be unnecessary, but a high degree of indisputability is the essential requirement. *See id.* Thus, judicial notice is a substitute for formal proof. *See id.*

Under the Federal Rules of Evidence, the scope of judicial notice covers only adjudicative facts. *See* FED. R. EVID. 201(a). A court may take judicial notice, whether requested or not, at any stage in the proceeding. *See* FED. R. EVID. 201(c) & (f). A court must take judicial notice "if requested by a party and provided with the necessary information." FED. R. EVID. 201(d). Such notice is appropriate only of a fact "not subject to reasonable dispute in that it is either (1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

*However, a party is "entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." FED. R. EVID. 201(e).* (emphasis added)

The party requesting judicial notice has the burden of persuading the trial judge that the fact is appropriate for judicial notice. *See* Russell, *Bankruptcy Evidence Manual*, § 201.3 (West 2000 ed.). If a party requests judicial notice of some fact, the party must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned", and (2) must also supply the court with the source material needed to determine whether the request is justified. *See id.*

22.    Analysis - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant.* Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

"It has become a commonly-accepted practice to take "judicial notice" of a court's records. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶¶ 201 [03] at 201-35 to -40 (1992). The practice is particularly useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case. *See id.* It would not be error for a court to "take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.,* 760 F.2d 580, 587 (5th Cir. 1985); *Wilson v. Huffman (In re Missionary Baptist Foundation of America),* 712 F.2d 206, 211 (5th Cir.1983); *State of Florida \*895 Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir.1975).

However, the taking of "judicial notice of court records" generally has a limited purpose. It is often "merely a way of simplifying the process of authenticating documents which would generally require certification under FRE 901 and 902, and overcoming FRE 1002 best evidence problems." Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). Thus, the fact that documents in the record are genuine does not mean that courts can automatically accept as true the facts contained in such documents because other objections, such as hearsay, may prevent their introduction into evidence. *See id.*

Courts realize that there is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact." *In re Earl,* 140 B.R. 728, 731 n. 2 (Bankr.N.D.Ind.1992); *see also* Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). This Court is well aware that judicial notice can be taken as to the existence of documents, such

as proofs of claim or a debtor's schedules, without inquiring whether the information contained in them is true. *See In re American Solar King Corp.,* 90 B.R. 808, 829 (Bankr.W.D.Tex.1988).

The Federal Rules of Evidence 104(a) and 1101(d) (1) make clear that Rule 201 typically does not apply to facts considered by a court when ruling on the admissibility of evidence. *See* FED. R. EVID. 104(a) (stating that, when deciding "preliminary questions concerning . . . the admissibility of evidence[,] . . . [the court] is not bound by the rules of evidence except those with respect to privileges"); FED. R. EVID. 1101(d) (1) (stating that the Federal Rules of Evidence, except with respect to privileges, are "inapplicable . . . [to] the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104."); *see also Invest Almaz v. Temple-Inland Forest Prods. Corp.,* 243 F.3d 57, 69 (1st Cir.2001) (stating that, "[w]here the judge is taking judicial notice of a fact for the purpose of ruling on the admissibility of evidence, he may do so without regard to Rule 201."). Thus, though this Court may take judicial notice of the existence of the documents filed in the prior proceeding, this Court does not receive any of those documents into evidence in this case because that involves a separate process of determining the admissibility of evidence.

Moreover, courts "do not search outside a record in order to notice documents in another case, even where the same parties are involved, unless the proceedings are put in evidence." *In re Hillard Dev. Corp.,* 238 B.R. 857, 865 (Bankr.S.D.Fla.1999); *see also Funk v. Comm'r of Internal Revenue,* 163 F.2d 796 (3d Cir.1947); *Paridy v. Caterpillar Tractor Co.,* 48 F.2d 166 (7th Cir.1931).

Judicial notice of the record in a prior proceeding is generally proper if the prior case involved the same parties who are now before the Court. *See Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969). An adversary proceeding, though related to a base debtor case, is a separate judicial proceeding, distinct from the collective proceeding referred to in bankruptcy parlance as the "case" or "base case." *In re KZK Livestock, Inc.,* 221 B.R. 471, 475 n. 3 (Bankr.C.D.Ill.1998)

The doctrines of judicial estoppel and law of the case and whether these documents may withstand objections under the Federal Rules of Evidence, such as relevance, prejudice, or hearsay, are not precluded by this order. The doctrine of judicial estoppel "generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." *In re Phillips,* 124 B.R. 712, 713 (Bankr.W.D.Tex.1991); *see also* Russell, *Bankruptcy Evidence Manual,* § 61 (West 2000 ed.). The main purpose behind the judicial estoppel doctrine is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Forty-Eight Insulations, Inc. v. Aetna Casualty & Surety Co.,* 162 B.R. 143, 147 (N.D.Ill.1993); *see also* Russell, § 61. Thus, the doctrines of judicial estoppel and law of the case, as well as any questions of admissibility under the Federal Rules of Evidence, are not precluded by this order."

## CONCLUSION

23.    The Court may take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related cases, without the need for a hearing, but may deny in part Lane's request to admit these documents into evidence. Therefore, this order has no effect on whether these documents may be used under the doctrine of judicial estoppel or law of the case nor whether they are independently admissible in this proceeding, for the truth of the matters asserted, under the Federal Rules of Evidence.

24.    For these reasons, Lane's Motion Requesting the Court to Take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related cases should be granted in part as to their existence, and may be received by this Court into evidence.

25.    Lane maintains that an order granting Lane's motion for an Order of Judicial Notice granting Lane's request that the Court receive Issues #1, #2, and #3 of the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 17-17630-MER, 17-1548-MER, 2017-CV-31212, 19CA656, AND 2019-CV-30951,** is justified as to the existence of these documents, and further may be received into evidence by this Court.

**WHEREFORE,** Lane respectfully requests this Court to grant Noel West Lane III's Motion for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and other materials from prior related cases pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts in Mathew Curtis Witt's Bankruptcy Case Number 17-17630-MER, and Related Case Number 17-1548-MER. And further, grant Lane's request for an Order of Evidence without hearing to receive into evidence the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 17-17630-MER, 17-1548-MER, 2017-CV-31212, 19CA656, AND 2019-CV-30951**.

Respectfully submitted on March 10, 2020.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2020, I filed the foregoing in person with the Clerk of the Court and mailed a copy of the filing by USPS to all counsel of record:

**Attorneys for**                    **Attorneys and Address**

| | |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |
| Trustee | Tom H. Connolly<br>950 Spruce Street, Suite 1C<br>Louisville, Colorado 80027 |
| Plaintiff | Patrick D. Vellone<br>1600 Stout Street, Ste. 1100, Denver,<br>Colorado 80202 |
| Defendant | Joseph M. Elio<br>1499 Blake Street, Ste. 1J<br>Denver, Colorado 80202 |

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

## **Exhibits**

Exhibit A - ORDER to strike and accept amended reply brief; Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020. The case is at issue and an opinion will issue in due course:

Exhibit B - Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018.

Exhibit C - Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020:

**UNITED STATES BANKRUPTCY COURT**
**District of Colorado**

| | |
|---|---|
| In re:   MATTHEW CURTIS WITT | Case No. 17-17630-MER |
| Debtor. | Chapter 7 |
| Address:   2792 Greatwood Way<br>Highlands Ranch, CO 80126 | |
| SSN:   XXX-XX-4130 | |
| REKON, LLC<br>Plaintiff | Adv. Proc. No. 17-1548-MER |
| MATTHEW CURTIS WITT<br>Defendant | |

**ORDER GRANTING JUDICIAL NOTICE OF EXISTENCE OF EXHIBIT A, EXHIBIT B, AND EXHIBIT C, AND FURTHER GRANT JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, 19CA656, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A), WITHOUT HEARING.**

The Court having reviewed Noel West Lane III's Motion for **ORDER GRANTING JUDICIAL NOTICE OF EXISTENCE OF EXHIBIT A, EXHIBIT B, AND EXHIBIT C, AND FURTHER GRANT JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, 19CA656, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A), WITHOUT HEARING,** IT IS HEREBY ORDERED that the Motion is GRANTED.

It is so ORDERED.

DATED:  March _____, 2020.

9

**BY THE COURT:**

_____

Honorable Michael E. Romero



| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO | DATE FILED: February 3, 2020 10:40 AM<br>CASE NUMBER: 2019CV30951 |
| Court Address: 100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| | ▲ Court Use Only ▲ |
| **Plaintiff: MATTHEW WITT**<br><br>v.<br><br>**Defendant: NOEL LANE**<br><br>v.<br><br>**Third-Party Defendant: DAVID KAHN** | Case No. **19CV30951**<br><br>Division: **1** |
| **ORDER RE: MOTIONS TO DISMISS** | |

**THIS MATTER** comes before the Court on review of Third-Party Defendant David Kahn's Motion to Dismiss Third Party Complaint and Plaintiff's Motion to Dismiss Counterclaims. Defendant and Third-Party Plaintiff Noel Lane III filed Responses in opposition to the Motions. The Court, having reviewed the pleadings and file, finds and Orders as follows:

## INTRODUCTION

This case involves a dispute over possession and access to 44 boxes of documents. The Court held a hearing on Plaintiff's Verified Complaint for Replevin or Alternative Relief on July 3, 2019. The Court continued the order of the Bankruptcy Court that the 44 boxes be held by a third party. The Court continued the replevin hearing until August 27, 2019 to allow Defendant additional time to prepare.

On August 27, 2019, the Court held the replevin hearing. At the replevin hearing, the Court heard testimony regarding possession of the 44 boxes. The Court found that Plaintiff owned the boxes under C.R.C.P. 104. The Court noted that the box sharing agreement was a separate issue from possession of the boxes. The Court awarded possession of the boxes to Plaintiff but required

1

Plaintiff to maintain the boxes and contents with no alteration. Plaintiff filed an order of possession, which the Court granted on September 10, 2019.

Defendant filed his Motion to Reconsider the Court's order on September 9, 2019. On August 12, 2019, Defendant filed his Answer to Plaintiff's Complaint and Notice of Counterclaims. Defendant has brought three counterclaims against Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

Defendant also filed a Third-Party Complaint on August 12, 2019, against David Kahn and Torrey Livenick. Defendant has brought three claims against Third-Party Defendants David Kahn and Torrey Livenick ("Third-Party Defendants"), which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

The Court granted Defendant's Motion for Substituted Service on Third-Party Defendants on October 8, 2019. Third-Party Defendants Kahn and Livenick filed a joint Motion to Dismiss Third Party Complaint on November 5, 2019. Defendant and Third-Party Plaintiff Lane filed a Response opposing the Motion on November 27, 2019. The Court held a hearing on December 17, 2019 on pending motions in this case. At the hearing, the Court found no basis for the claims against Third-Party Defendant Torrey Livenick and dismissed her from the case. The Court did not disqualify Ms. Livenick as the attorney for Third-Party Defendant Kahn because she was dismissed as a party from the case.

At the December 17, 2019, hearing the Court heard some argument on the Motion to Dismiss on behalf of Third-Party Defendant Kahn. The Court dismissed the promissory estoppel claim because the Court has found that a contract exists. The Court further found no basis for the claims for intentional interference with a contract, negligent interference with a contract, civil conspiracy, or unjust enrichment and those claims against Third-Party Defendant Kahn were dismissed. The only remaining claim at this time against Third-Party Defendant Kahn is for interference with prospective advantage of a contract.

The Court also noted at the hearing that it would issue a written Order on the pending Motion to Dismiss Counterclaims filed by Plaintiff. Defendant has four counterclaims against

Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; (3) unjust enrichment; and (4) interference with prospective advantage of contract.

## STANDARD OF REVIEW

C.R.C.P. 12(b)(5) permits dismissal of claims for "failure to state a claim upon which relief can be granted." This rule is designed to allow defendants to "test the formal sufficiency of the complaint." *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo. 1996). In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, *Shapiro and Meinhold v. Zartman,* 823 P.2d 120, 122 (Colo. 1992), and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dunlap v. Colo. Springs Cablevision*, 829 P.2d 1286, 1291 (Colo. 1992). A motion to dismiss for failure to state a claim can be granted only if, after viewing the allegations in the complaint as true, it still fails to state a claim. *Dunlap,* 829 P.2d at 1290-91. Motions to dismiss are disfavored and should only be granted if it is clear that a plaintiff is not entitled to any relief under the facts presented in the complaint. *National Sur. Corp. v. Citizens State Bank,* 593 P.2d 362 (Colo.App. 1978).

Under C.R.C.P. 12(b)(5), courts can only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice." *Walker v. Van Laningham*, 148 P.3d 391, 397 (Colo.App. 2006) (citing to federal authority under identical rule 12(b)(6) which permits courts to take judicial notice of certain matters of public record).

A complaint may be dismissed if the substantive law does not support the claims asserted. *Denver Parents Ass'n v. Denver Bd. of Educ.,* 10 P.3d 662, 664 (Colo. App. 2000). It also may be dismissed for failure to allege facts in support of each element of a claim. *W.O. Brisben Cos. V. Krystkowiak,* 66 P.3d 133, 137-38 (Colo. App. 2002). Colorado has followed the United States Supreme Court in adopting a plausibility standard for motions to dismiss. *Warne v. Hall,* 373 P.3d 588, 591 (Colo. 2016). Accordingly, a "complaint must contain sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face." *Id.* at 589. However, if the plaintiff is not entitled to relief upon any theory of the law, the complaint should be dismissed for failure to state a claim. *Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377, 385–86 (Colo. 2001).

## ANALYSIS

### I. Defendant's Counterclaims:

#### A. Promissory estoppel:

Defendant's first counterclaim is for promissory estoppel. Under Colorado law, the elements of a promissory estoppel claim are as follows: (1) the promisor made a promise to the promisee; (2) the promisor reasonably should have expected that the promise would induce the promisee's action or forbearance; (3) the promisee in fact reasonably relied on the promise to his or her detriment; and (4) the promise must be enforced to prevent injustice. *Berg v. State Bd. of Agric.*, 919 P.2d 254, 259 (Colo. 1996) *(citing Centennial-Aspen II Ltd. P'ship v. City of Aspen,* 852 F. Supp. 1486 (D. Colo. 1994)). The induced action or forbearance must be "of a material character." *Mooney v. Craddock*, 530 P.2d 1302, 1305 (1974).

Defendant contends that his "performance of the mutual benefit of the Box Sharing Agreement meets all the elements of a promissory estoppel claim." *Counterclaims* ¶ 35. Defendant goes on to recite the elements of a promissory estoppel claim as applied to the Box Sharing Agreement, with Defendant as the promisee and Third-Party Defendant Kahn as the promisor. There is no allegation that Plaintiff made any promise to Defendant. Defendant only states that Plaintiff "conspired to violate promissory estoppel with Kahn." *Counterclaims* ¶ 34. However, without any assertion that Plaintiff violated a promise, there is no valid claim for promissory estoppel against Plaintiff. The Court has also found that a contract exists. Accordingly, the promissory estoppel claim fails as a matter of law. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the promissory estoppel claim.

#### B. Intentional, negligent, and conspiratorial interference with a contract:

Defendant Lane's next counterclaim is for intentional, negligent, and conspiratorial interference with a contract. To establish a claim for intentional interference with a contract, a plaintiff must show that the defendant "(1) was aware of a contract between two parties, (2) intended that one of the parties breach the contract, and (3) induced the party to breach or make it impossible for the party to perform the contract." *Warne v. Hall*, 373 P.3d 588, 602 (Colo. 2016).

4

Defendant contends that Plaintiff interfered with the Box Sharing Agreement, a contract that Defendant entered into with Third-Party Defendant Kahn. *Counterclaims* ¶ 37. Defendant contends that Plaintiff violated the covenant of good faith and fair dealing implied in contracts. Defendant further alleges that Plaintiff "conspired" with Third-Party Defendant Kahn to violate Defendant's "reasonable expectations and performance of the Box Sharing Agreement." *Counterclaims* ¶ 37. Plaintiff argues that the Court has already ruled that Plaintiff is entitled to possession of the 44 boxes, and that Defendant does not specifically allege acts that Plaintiff took to interfere with the Box Sharing Agreement.

The Court agrees with Plaintiff that Defendant's counterclaim for intentional interference with a contract is not plead with the specificity required under the pleading standards to survive a motion to dismiss. It is unclear what actions Defendant alleges that Plaintiff specifically took to interfere with the Box Sharing Agreement. Defendant's allegations regarding this claim primarily relate to Third-Party Defendant Kahn's actions, not Plaintiff's actions. Defendant's Counterclaim does not establish the three elements for intentional interference with a contract as described above. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the counterclaim of intentional interference with a contract.

**C. Unjust enrichment:**

Defendant's third counterclaim against Plaintiff is for unjust enrichment. To recover under a claim for unjust enrichment, a plaintiff must show that: "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Redd Iron, Inc. v. Intl. Sales and Services Corp.*, 200 P.3d 1133, 1136 (Colo. App. 2008) (citing *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo.2008)).

Defendant's counterclaim for unjust enrichment against Plaintiff alleges that "Kahn by his actions benefited from his 'sale' of the boxes without conveying any solitary benefit to Lane, thus unjustly enriching Kahn at the expense of Lane." *Counterclaims* ¶ 38. There are no specific allegations that Plaintiff received a benefit, only that Kahn received a benefit. Defendant has thus not established the elements of unjust enrichment against Plaintiff. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant's unjust enrichment claim.

## D. Interference with prospective advantage of contract:

Defendant's fourth and final counterclaim against Plaintiff is for interference with prospective advantage of contract. Colorado courts have recognized that a claim for tortious interference with prospective economic advantage—or intentional interference with prospective contractual relations—is a cognizable claim for relief. "The crucial question in determining liability for tortious interference with prospective financial advantage is whether defendant's interference was intentional and improper." *Occusafe, Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d 618, 622 (10th Cir. 1995) (citing to *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 623 (Colo.App. 1988). This inquiry reflects the language in the Restatement of Torts § 766B, which states that "one who intentionally and improperly interferes with another's prospective contractual relation… is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation." *Id.*

Defendant contends that Plaintiff interfered with his constitutional rights by "conspiring to remove the 44 boxes" from Defendant's possession. *Counterclaims* ¶ 52. Defendant further argues that Plaintiff interfered with his right to benefit financially from the Box Sharing Agreement by purchasing the 44 boxes from Third-Party Defendant Kahn. Plaintiff argues that Defendant's only benefit from the Box Sharing Agreement was for collection purposes, which is not permitted under the relevant Bankruptcy law. *Motion* at 10.

The Court would need more information about the Bankruptcy case and the prohibition of Defendant Lane from collecting in that case. The Court is aware that the issue of the 44 Boxes arose in the Bankruptcy litigation. The Court finds that there are facts in dispute regarding the claim for interference with prospective contractual relations. The Box Sharing Agreement does provide Defendant access to the 44 Boxes, and Third-Party Defendant Kahn retained his rights to distribution of collection proceeds under the Agreement in the Assignment. The Court hereby **DENIES** Plaintiff's Motion to Dismiss the interference with prospective contractual relations claim.

## II. Defendant's Third-Party Complaint:

The only remaining claim against Third-Party Defendant Kahn is for interference with prospective contractual relations/advantage. The elements are described above. Defendant and Third-Party Plaintiff Lane alleges that "as a result of Kahn and Livenick's actions as identified in Claims for Relief… Witt intentionally interfered with Lane's constitutional rights." *Third-Party*

*Complaint* ¶ 61. Defendant further alleges that Third-Party Defendant Kahn "conspired" with Plaintiff to remove the 44 boxes from his possession. Defendant has also argued that Third-Party Defendant Kahn has prevented him from accessing the boxes as provided by the agreement.

As the Court explained above, there are facts in dispute regarding the interference with prospective contractual relations/advantage claim. The Box Sharing Agreement provided Third-Party Defendant Kahn with rights to proceeds from successful collection efforts by Defendant Lane. The Assignment from Third-Party Defendant Kahn to Plaintiff retained Mr. Kahn's rights under the agreement to distribution of successful collection efforts. However, Defendant now contends that his access to the 44 Boxes as provided under the Agreement is being denied. The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim.

## CONCLUSION

The Court has found that there is no basis for the promissory estoppel, unjust enrichment, and intentional and negligent interference with a contract claims against Plaintiff and Third-Party Defendant Kahn. The Court **GRANTS** the Motions to Dismiss as to those claims. The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order.

SO ORDERED, February 3, 2020.

BY THE COURT:

*Lily W Oeffler*

Lily Oeffler
District Court Judge

7

Exhibit A

| | DATE FILED: February 19, 2020 |
| --- | --- |
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | CASE NUMBER: 2019CA656 |
| Jefferson County<br>2017CV31212 | |
| **Plaintiff-Appellee:**<br><br>Matthew Curtis Witt,<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane, III. | Court of Appeals Case<br>Number:<br>2019CA656 |
| ORDER to strike and accept amended reply brief | |

To: All Parties

Upon consideration of appellant's renewed motion to file a corrected reply brief and upon consideration of the corrected reply brief, the Court GRANTS the motion.

The Court STRIKES the reply brief filed on December 16, 2019, and accepts the amended reply brief filed on February 3, 2020.

The case is at issue and an opinion will issue in due course.

BY THE COURT
Bernard, C.J.

Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

DATE FILED: July 24, 2019 5:17 PM

| | |
|---|---|
| In re:<br><br>MATTHEW CURTIS WITT,<br><br>Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |
| REKON, LLC,<br><br>     Plaintiff.<br><br>v.<br><br>MATTHEW CURTIS WITT,<br><br>     Defendant. | Adv. Case No. 17-01548 MER |

## ORDER

THIS MATTER comes to be heard on the motion to intervene in this proceeding filed by Noel West Lane, III ("Lane") on May 3, 2019.[1]

Lane seeks to intervene in these proceedings pursuant to Fed. R. Civ. P. 24, which is made applicable to adversary proceedings by Fed. R. Bankr. P. 7024. Fed. R. Civ. P. 24 states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] ECF No. 76 ("**Motion to Intervene**").

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>MATTHEW CURTIS WITT,<br><br>Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |
| REKON, LLC,<br><br>Plaintiff.<br><br>v.<br><br>MATTHEW CURTIS WITT,<br><br>Defendant. | Adv. Case No. 17-01548 MER |

### <u>ORDER</u>

THIS MATTER comes to be heard on the motion to intervene in this proceeding filed by Noel West Lane, III ("Lane") on May 3, 2019.[1]

Lane seeks to intervene in these proceedings pursuant to Fed. R. Civ. P. 24, which is made applicable to adversary proceedings by Fed. R. Bankr. P. 7024. Fed. R. Civ. P. 24 states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] ECF No. 76 ("**Motion to Intervene**").

(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.[2]

Lane does not specify whether he seeks to intervene pursuant to Fed. R. Civ. P. 24(a) or 24(b). In any event, whether the Motion to Intervene is timely or not, Lane fails to show why he can or may intervene in this proceeding.

First, Lane does specify any federal statute under which he is given an unconditional right to intervene under Fed. R. Civ. P. 24(a)(1), or a conditional right to intervene under Fed. R. Civ. P. 24(b)(1)(A). Therefore, intervention cannot be granted under either of those subsections.

Second, Lane has not demonstrated an interest related to the property or transaction that is the subject of this proceeding under Fed. R. Civ. P. 24(a)(2). This element is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as compatible with efficiency and due process."[3] "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[4]

---

[2] Fed. R. Civ. P. 24(a), (b).

[3] *San Juan County v. U.S.*, 503 F.3d 1163, 1195 (10th Cir. 2007).

[4] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010); *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) ("The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether

Lane's only involvement in this proceeding relates to the 44 boxes of documents of which the plaintiff and defendant herein have sought discovery via subpoenas. As soon as the parties complete their review and duplication of document they deem relevant to this proceeding, Lane's involvement ceases. No allegations of fraud, conspiracy, or violations of the Federal Communications Act of 1934 will change that. To the extent Lane believes he has claims against these or other non-parties, such claims do not appear to have any relation to Rekon, LLC's judgment against Matthew Witt. The Court finds Lane has simply failed to demonstrate what, if any, interest he has that would support intervention under Fed. R. Civ. P. 24(a). Therefore, Lane has not shown he is allowed to intervene as a matter of right under Fed. R. Civ. P. 24(a).

Third, the Court finds permissive intervention is not appropriate under Fed. R. Civ. P. 24(b) because permitting Lane to intervene under Fed. R. Civ. P. 24(b) would cause undue delay and prejudice to the parties in this proceeding. The plain language of Fed. R. Civ. P. 24(b)(3) requires the Court to "consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."[5] "Additional parties always take additional time that may result in delay and that thus may support the denial of intervention."[6] The U.S. Court of Appeals for the Tenth Circuit has explained if the movant's intervention "clutter[s] the action" without aiding the current parties or issues, the motion may be denied in the Court's discretion.[7] Such is the case here. The myriad of allegations, new claims, and new causes of action Lane conjures against the parties hereto, and non-parties to this proceeding, would undoubtedly clutter the Court's determination under § 523. Nor would those actions appear to aid in the Court's determination. Accordingly, the Court finds permissive intervention under Fed. R. Civ. P. 24(b) to be inappropriate.

Fourth, Lane is not a government officer or government agency. Therefore, Fed. R. Civ. P. 24(b)(2) does not apply.

---

the interest the intervenor claims is *related to the property that is the subject of the action.*") (emphasis original).

[5] Fed. R. Civ. P. 24(b)(3).

[6] *United States v. N. Colorado Water Conservancy Dist.*, 251 F.R.D. 590, 599 (D. Colo. 2008) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1913 (3d ed.2007)).

[7] *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992).

Fifth, the Motion to Intervene is procedurally defective because it is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," as required by Fed. R. Civ. P. 24(c).

Although the Court denies Lane's request to intervene as a party in this case, the Court finds denial of the motion should not preclude Lane from being heard with respect to discovery issues surrounding the 44 boxes of documents.  On April 10, 2019, the Court ordered Lane to turnover the boxes of documents to an independent third-party for examination by Rekon, LLC and Matthew Witt.[8]  To the extent a discovery dispute arises in connection with those boxes of documents, Lane, Rekon, LLC, and Matthew Witt may seek a hearing from the Court under the Local Bankruptcy Rule 7026-1(d).  The Court shall forewarn all parties that this is not the appropriate forum for adjudication of disputes relating to ownership of the boxes of documents, or any non-party disputes concerning, arising from, or otherwise having any relationship with the boxes of documents.

For the foregoing reasons,

IT IS HEREBY ORDERED Lane's Motion to Intervene is DENIED.


Dated June 3, 2019                          BY THE COURT:

                                            Michael E. Romero, Chief Judge
                                            United States Bankruptcy Court


---

[8] ECF No. 70.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

DATE FILED: July 24, 2019 5:17 PM

| | | |
|---|---|---|
| In re: MATTHEW CURTIS WITT, | ) | Case No. |
| | ) | 17-17630-MER |
| Debtor. | ) | |
| | ) | |
| ──────────────────────── | ) | |
| | ) | |
| REKON, LLC, | ) | Chapter 7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-1548-MER |
| MATTHEW CURTIS WITT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO VACATE PORTION OF ORDER OF JUNE 24, 2019

THIS MATTER having come before the Court on the Defendant's Motion to Vacate the Portion of this Court's Order of June 24, 2109 which directs that certain boxes of documents be returned to the possession of Noel West Lane III, the Court having reviewed the Motion, and the Court being otherwise sufficiently advised, it is hereby

ORDERED the Motion is GRANTED and that portion of this Court's Order of June 24, 2019 which directed that the boxes of documents be returned to the custody of Noel Lane West III is hereby vacated, to be reconsidered after the ruling of the State Court.

DATED this 16th day of July, 2019.

BY THE COURT

_____

United States Bankruptcy Court Judge

1  to examine Livenick and Kahn.

2          It is also noted, with respect to the right to present

3  evidence that on December 13th, the evidence contained in these

4  binders, which the Court will not allow me to enter in this

5  matter, were accepted by the Colorado Appellate Court under 19 CA

6  656, including the box sharing agreement and all other related

7  documents.  That occurred on December 13th.

8          The question of promissory estoppel, after the issue of

9  fraud, arises when Kahn assigned the box sharing agreement to

10  Witt with knowledge that Witt would not perform the mutual

11  promise of the box sharing agreement.

12          Colorado courts have adopted the definition of

13  promissory estoppel found in restatement second of contracts Code

14  901981, *Vagota v Denver Urban Renewal Authority,* 646 P.2d 900,

15  905, Colorado 1982.  Promissory estoppel is an extension of the

16  basic contract principle that one who makes a promise must be

17  required to keep it.  *Patzer v City of Loveland,* ADP 3d 908, 912,

18  Colorado Appellate Court, 2003.

19          Further, reliance can be shown where a party alters his

20  or her position as a consequence of another's construct.  In this

21  case, the assignment.  *City of Thornton v Bijou Irrigation*

22  *Company,* 926 P.2d 177 (not audible) 72, Colorado 1996.

23          Reasonable reliance is generally conduct or action that

24  would be reasonable for a prudent person to do or take under the

25  circumstances.  Kahn and Lane entered into the box sharing

1   agreement for mutual benefit.  Kahn assigned the box sharing

2   agreement to Witt knowing that Witt would not honor the mutual

3   benefit of the box sharing agreement.

4           Reasonable for a prudent person to do or take under

5   circumstances, see *Field v Manns*, 516 US 5963, 116 SCT 437, 133

6   LED 2d 351, 1995.

7           Whether a plaintiff has justifiably relied on a

8   defendant's promise is an issue of law for the trial court.

9   Nelson 908 P.2d at 110.  See also *Atsis (Not audible) v Tandy*

10  *Corporation,* 51 F.Supp 2d 1120, 1126 D Colorado 1999.

11          Promissory estoppel and breach of contract are related

12  concepts.  Promissory estoppel evolved from contract law during

13  the 20th Century.  4 Williston on contracts Code 8:6, Fourth

14  Edition, 1992.

15          However, recovery in Colorado on the theory of

16  promissory estoppel is permissible where there is no enforceable

17  contract.  In this case Kahn assigned the box sharing agreement,

18  whether enforceable or not, with knowledge that Witt would not

19  honor the mutual benefit of the box sharing agreement.  *Wheat*

20  *Ridge Urban Renewal Authority v Cornerstone Group, XX2, LLC*, 176

21  P.3d 737, 741 Colorado 2007.

22          Thus, if a plaintiff fails to prove a breach of

23  contract claim, he or she may nevertheless be able to recover on

24  a promissory estoppel claim.  *Continental Airlines, Inc. v*

25  *Keenan,* 731 P.2d 708, 712, Colorado —

Exhibit D

| | | |
|---|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>2 E. 14th Avenue<br>Denver, CO  80203 | FILED IN THE<br>COURT of APPEALS<br>STATE OF COLORADO<br><br>MAR 1 0 2020<br><br>Clerk, Court of Appeals | ▲COURT USE ONLY▲ |
| Jefferson County<br>2019CV656 | | |
| **Plaintiff-Appellee:**<br>Matthew Curtis Witt<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane III,<br><br>and<br><br>**Defendants:**<br><br>David E. Keil; Damon Semmens; Charles D. Snider, Jr.;<br>Charles D. Snider, III; Rekon, LLC; and RhonLan, LLC;<br><br>**Third Party Defendant:**<br><br>Nicole Witt | | Case          Number:<br>19CA656 |

**NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN 19CA656, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING**

1

FILED IN THE
COURT of APPEALS
STATE OF COLORADO

| | |
|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>2 E. 14th Avenue<br>Denver, CO 80203<br><br>MAR 1 0 2020<br><br>Clerk, Court of Appeals | ▲COURT USE ONLY▲ |
| Jefferson County<br>2019CV656 | |
| **Plaintiff-Appellee:**<br><br>Matthew Curtis Witt<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane III,<br><br>and<br><br>**Defendants:**<br><br>David E. Keil; Damon Semmens; Charles D. Snider, Jr.;<br>Charles D. Snider, III; Rekon, LLC; and RhonLan, LLC;<br><br>**Third Party Defendant:**<br><br>Nicole Witt | Case            Number:<br>19CA656 |

**NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1, AND THEIR COLORADO COUNTERPART IN 19CA656, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING**

1

Noel West Lane III  ("Lane") In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A).  And Further, Grant an Order for Judicial Notice of Evidence without Hearing, and as such Lane states as follows:

## CERTIFICATION OF CONFERRAL

1.     Lane requested conferral with all parties to 19CA656, 17-17630-MER, 17-1548-MER, 2017-cv-31212, and 2019-cv-30951. Rekon, LLC and Snider et al (collectively "Rekon") instructed Lane not to contact it again.  Witt's reply was indeterminate. David Keil ("Keil") requested to be removed from the copy list.  David Kahn ("Kahn") did not reply.  Torrey Livenick ("Livenick") did not reply.  Damon Semmens ("Semmens") did not reply.

## FACTUAL SUMMARY FROM WHICH FLOWS 19CA656

2.     Rekon, LLC and Lane entered into the Rekon/RhonLan Agreement ("Rekon Agreement") in March 2014.  The Rekon Agreement (Dkt.#51) is the Witt debt collection effort by Rekon, LLC to collect a $1.6 million judgement against Witt, and

2

collect a $4.58 million judgment against Denver Haslam, Witt's business partner in 5301 S. University ("5301"). The Witt debt collection effort is the subject matter of 17-1548-MER. 17-1548-MER flows from the Witt Cases [1]. 2017-cv-31212 is a Witt Case. Witt filed 2017-cv-31212 in District Court Jefferson County to stop the Witt debt collection efforts of the Rekon Agreement among other things.

3.      Witt filed for personal bankruptcy in 17-17630-MER seven days following his service of 2017-cv-31212 on Lane. 2017-cv-31212 was administratively closed pending stay in 17-17630-MER. Lane was granted relief from stay in 17-17630-MER to reopen 2017-cv-31212. After reopening, 2017-cv-31212 was closed and appeal of 2017-cv-31212 was granted to Lane in 19CA656. 19CA656 is at issue and an opinion will issue in due course. *See* Exhibit A - Order

4.      19CA656 arises from District Court Jefferson County's failure to guarantee Lane's right of equal protection vis-à-vis Colorado's e-filing system ("ICCES") among other issues including forced settlements under duress. Lane seek's the reversal of 2017-cv-31212 rulings to 10/23/17 including case closing on 2/27/19.

5.      The validation of Lane's participation in the Rekon Agreement is contained in Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report"). *See* Exhibit B

---

[1] 1) 2017-cv-31212, 2) 16-cv-01303-KMT, 3) 09-17238-MER, 4) 09-17437-MER, 5) 17-11705-MER, 6) 17-17630-MER, 7) 17-1548-MER, 8) 2019-cv-30951, and 9) 1:09-cv-00794-WDM-MEH (herein collectively, "Witt Cases")

6.    The Garlans Report was prepared in response to matters at issue in 2017-cv-31212 pursuant to the Judge Jeffrey Pilkington Court's Order regarding RhonLan, LLC, and the Rekon/RhonLan Agreement.

7.    While 2017-cv-31212 is on appeal in 19CA656, Witt filed 2019-cv-30951. 2019-cv-30951 is a replevin matter against Lane to contravene the Kahn Lane Box Sharing Agreement and obtain possession of new evidence contained in 44 boxes of Witt's and CCI's personal and loan files which Witt abandoned for destruction in 2012. Lane alleges the 44 Boxes contain evidence confirming Witt's fraud on Lane in 5301. Kahn purchased the 44 Boxes of new evidence at auction.

8.    Lane filed counterclaims against Witt and a third party complaint against Kahn in 2019-cv-30951. Lane's counterclaim against Witt and Lane's third party complaint against Kahn in 2019-cv-30951 were entered by court order. *See* Exhibit C - Order

9.    Witt has not answered Lane's counterclaim pending Witt's motion to the court to reconsider its order to answer.

10.    Lane maintains that the sealed record of 1:09-cv-00794-WDM-MEH contains Witt's business partner, Denver Haslam's ("Haslam") admission that Witt committed fraud against Lane when Witt required Lane to personally guarantee the purchase of a $1 million dollar second mortgage on Witt and Haslam's custom home as a condition

4

of receiving a $12 million dollar development loan from Witt's company, Commercial Capital, Inc. ("CCI") in May 2008.

11.   1:09-cv-00794-WDM-MEH contains the sealed record of 5301 S. University, and the open arson investigation of the Witt/Haslam custom home in November 2008. The arson of 5301 occurred three days following Lane confronting Haslam and Witt with fraud allegations against Witt regarding the CCI second mortgage on 5301.

12.   17-17630-Mer has been discharged. 17-17630-MER is not closed. 17-17630-MER cannot be closed until final ruling in 2017-cv-31212. Final ruling in 2017-cv-31212 cannot be made until an opinion is issued in due course in 19CA656. A favorable final ruling in 2017-cv-31212 will cause to be placed at issue, Lane's third party complaint against Nicole Witt, Witt's wife, and Silver Leaf Mortgage among others.

13.   Witt, and Witt as President of Silver Leaf Mortgage, used a Silver Leaf Mortgage check to purchase an assignment of the Kahn Lane Box Sharing Agreement from Kahn, which is the subject matter of 2019-cv-30951.

14.   2019-cv-30951 is the replevin matter brought by Witt against Lane in District Court of Jefferson County to obtain possession of the 44 Boxes of new evidence, and cause spoliation of the new evidence, thereby interfering with Lane's civil rights and right of due process in 2017-cv-31212, 19CA656, and 2019-cv-30951 among others.

**THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 2019-CV-30951, AND 17-17630-MER, 17-1548-MER, 2017-CV-31212, AND 19CA656**

15.    Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020.  The case is at issue and an opinion will issue in due course:

"Genuine issues of material fact continue to exist in the Honorable Judge Jeffrey R. Pilkington's Order, 1) Judge Pilkington's refusal, contrary to his own request, to acknowledge new evidence presented to the Court, 2) Judge Pilkington's refusal to rule on in Pro Se equal protection and access to District Court of Jefferson County's ICCES system, and 3) Judge Pilkington's refusal to rule on access to this Court's ICCES system which lack of access denied Defendant-Appellee's discovery in Plaintiff-Appellee's case at bar pursuant to CRCP Rule 16 and 26, thus Defendant-Appellant was denied equal protection guaranteed under the 5th Amendment and 14th Amendment of the U. S. Constitution." *See* Exhibit A - ORDER to strike and accept amended reply brief

16.    Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020:

"The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective

6

advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim", and

"The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order."  See Exhibit C - ORDER RE: MOTIONS TO DISMISS

18.   Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018:

"17-1548-MER involves a judgment entered against Witt for the commission of various fraudulent acts, pursuant to 11 U.S.C. § 548 and its state law analog, C.R.S. § 38-8-101 et seq.  Lane makes claim to any and all collection of a judgement against Witt in 17-1548-MER by virtue of the Rekon Agreement and its validation by Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report")."  *See* Exhibit B - Report

## ARGUMENT

19.   Lane herein incorporates by reference paragraphs 1 through 18 inclusive.

20.   Lane maintains that Federal Rules of Evidence and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts apply to Bankruptcy Rule 9017. Evidence.

" Sections 251 and 252 of Public Law 95–598, amended Rule 1101 of the <u>Federal Rules of Evidence</u> to provide that the <u>Federal Rules of Evidence</u> apply in bankruptcy courts and to any case or proceeding under the Code. Rules 43, 44 and 44.1 of the F.R.Civ.P., which supplement the <u>Federal Rules of Evidence</u>, are by this rule made applicable to cases under the Code."

21.     Judicial Notice - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant*. Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

"The usual method of establishing facts in a proceeding is through the introduction of evidence with the testimony of witnesses or proffering of documents to be admitted into evidence. *See* Russell, *Bankruptcy Evidence Manual,* § 201.1 (West 2000 ed.). If particular facts are outside the area of reasonable controversy, this process of authenticating evidence may be unnecessary, but a high degree of indisputability is the essential requirement. *See id.* Thus, judicial notice is a substitute for formal proof. *See id.*

Under the Federal Rules of Evidence, the scope of judicial notice covers only adjudicative facts. *See* FED. R. EVID. 201(a). A court may take judicial notice, whether requested or not, at any stage in the proceeding. *See* FED. R. EVID. 201(c) & (f). A court must take judicial notice "if requested by a party and provided with the

necessary information." FED. R. EVID. 201(d). Such notice is appropriate only of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

*However, a party is "entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." FED. R. EVID. 201(e).* (emphasis added)

The party requesting judicial notice has the burden of persuading the trial judge that the fact is appropriate for judicial notice. *See* Russell, *Bankruptcy Evidence Manual,* § 201.3 (West 2000 ed.). If a party requests judicial notice of some fact, the party must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned", and (2) must also supply the court with the source material needed to determine whether the request is justified. *See id.*

22.     Analysis - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant.* Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

9

"It has become a commonly-accepted practice to take "judicial notice" of a court's records. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶¶ 201 [03] at 201-35 to -40 (1992). The practice is particularly useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case. *See id.* It would not be error for a court to "take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.,* 760 F.2d 580, 587 (5th Cir. 1985); *Wilson v. Huffman (In re Missionary Baptist Foundation of America),* 712 F.2d 206, 211 (5th Cir.1983); *State of Florida Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir.1975).

However, the taking of "judicial notice of court records" generally has a limited purpose. It is often "merely a way of simplifying the process of authenticating documents which would generally require certification under FRE 901 and 902, and overcoming FRE 1002 best evidence problems." Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). Thus, the fact that documents in the record are genuine does not mean that courts can automatically accept as true the facts contained in such documents because other objections, such as hearsay, may prevent their introduction into evidence. *See id.*

10

Courts realize that there is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact." *In re Earl,* 140 B.R. 728, 731 n. 2 (Bankr.N.D.Ind.1992); *see also* Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). This Court is well aware that judicial notice can be taken as to the existence of documents, such as proofs of claim or a debtor's schedules, without inquiring whether the information contained in them is true. *See In re American Solar King Corp.,* 90 B.R. 808, 829 (Bankr.W.D.Tex.1988).

The Federal Rules of Evidence 104(a) and 1101(d) (1) make clear that Rule 201 typically does not apply to facts considered by a court when ruling on the admissibility of evidence. *See* FED. R. EVID. 104(a) (stating that, when deciding "preliminary questions concerning . . . the admissibility of evidence[,] . . . [the court] is not bound by the rules of evidence except those with respect to privileges"); FED. R. EVID. 1101(d) (1) (stating that the Federal Rules of Evidence, except with respect to privileges, are "inapplicable . . . [to] the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104."); *see also Invest Almaz v. Temple-Inland Forest Prods. Corp.,* 243 F.3d 57, 69 (1st Cir.2001) (stating that, "[w]here the judge is taking judicial notice of a fact for the purpose of ruling on the admissibility of evidence, he may do so without regard to Rule

11

201."). Thus, though this Court may take judicial notice of the existence of the documents filed in the prior proceeding, this Court does not receive any of those documents into evidence in this case because that involves a separate process of determining the admissibility of evidence.

Moreover, courts "do not search outside a record in order to notice documents in another case, even where the same parties are involved, unless the proceedings are put in evidence." *In re Hillard Dev. Corp.,* 238 B.R. 857, 865 (Bankr.S.D.Fla.1999); *see also Funk v. Comm'r of Internal Revenue,* 163 F.2d 796 (3d Cir.1947); *Paridy v. Caterpillar Tractor Co.,* 48 F.2d 166 (7th Cir.1931).

Judicial notice of the record in a prior proceeding is generally proper if the prior case involved the same parties who are now before the Court. *See Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969). An adversary proceeding, though related to a base debtor case, is a separate judicial proceeding, distinct from the collective proceeding referred to in bankruptcy parlance as the "case" or "base case." *In re KZK Livestock, Inc.,* 221 B.R. 471, 475 n. 3 (Bankr.C.D.Ill.1998)

The doctrines of judicial estoppel and law of the case and whether these documents may withstand objections under the Federal Rules of Evidence, such as relevance, prejudice, or hearsay, are not precluded by this order. The doctrine of judicial estoppel "generally operates to preclude a party from asserting a position in a legal proceeding

12

inconsistent with a position taken by that party in the same or a prior litigation." *In re Phillips,* 124 B.R. 712, 713 (Bankr.W.D.Tex.1991); *see also* Russell, *Bankruptcy Evidence Manual,* § 61 (West 2000 ed.). The main purpose behind the judicial estoppel doctrine is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Forty-Eight Insulations, Inc. v. Aetna Casualty & Surety Co.,* 162 B.R. 143, 147 (N.D.Ill.1993); *see also* Russell, § 61. Thus, the doctrines of judicial estoppel and law of the case, as well as any questions of admissibility under the Federal Rules of Evidence, are not precluded by this order."

## CONCLUSION

23.     The Court may take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related cases, without the need for a hearing, but may deny in part Lane's request to admit these documents into evidence. Therefore, this order has no effect on whether these documents may be used under the doctrine of judicial estoppel or law of the case nor whether they are independently admissible in this proceeding, for the truth of the matters asserted, under the Federal Rules of Evidence.

24.     For these reasons, Lane's Motion Requesting the Court to Take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related

cases should be granted in part as to their existence, and may be received by this Court into evidence.

25.    Lane maintains that an order granting Lane's motion for an Order of Judicial Notice granting Lane's request that the Court receive Issues #1, #2, and #3 of the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 2019-CV-30951, AND 17-17630-MER, 17-1548-MER, 2017-CV-31212, AND 19CA656,** is justified as to the existence of these documents, and further may be received into evidence by this Court.

**WHEREFORE,** Lane respectfully requests this Court to grant Noel West Lane III's Motion for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and other materials from prior related cases pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts in 19CA656. And further, grant Lane's request for an Order of Evidence without hearing to receive into evidence the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 19CA656, 17-17630-MER, 17-1548-MER, 2017-CV-31212, AND 2019-CV-30951**.

Respectfully submitted on March 10, 2020.

Noel West Lane III, In Pro se
1060 Ingalls Street

14

Lakewood, CO 80214
Phone Number: 303-697-0462

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2020, I filed the foregoing in person with the Clerk of the Court and emailed, and mailed a copy of the filing by US Mail to all counsel of record:

Joseph M. Elio, James Anderson
1499 Blake Street, Suite 1J
Denver, CO 80202

*Attorneys for Plaintiff Matthew C. Witt 2017CV31212  19CA656*

Kenneth J. Buechler, Esq.
999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorneys for Defendant Nicole Witt 2017CV31212*

Edward M. Hafer, John R. Mann, John M. Palmeri
555 17th Street, Ste. 3400
Denver, CO 80202

*Attorneys for Defendant Damon M. Semmens 2017CV31212*

David E. Keil
191 University Blvd., Suite 250
Denver, CO 80206

*Pro Se Defendant 2017CV31212*

Eric Richard Jonsen
555 Eldorado Blvd., Suite 200
Broomfield, CO 80021

*Attorney for Charles D. Snider, Jr., Charles D. Snider III, and*
*Rekon, LLC 2017CV31212*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, Colorado 80214

### Exhibits

Exhibit A - ORDER to strike and accept amended reply brief; Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020.  The case is at issue and an opinion will issue in due course:

Exhibit B - Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018.

Exhibit C - Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020.

| COURT OF APPEALS<br>STATE OF COLORADO<br>2 E. 14th Avenue<br>Denver, CO  80203 | ▲COURT USE ONLY▲ |
|---|---|
| Jefferson County<br>2019CV656 | |
| **Plaintiff-Appellee:**<br>Matthew Curtis Witt<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane III,<br><br>and<br><br>**Defendants:**<br><br>David E. Keil; Damon Semmens; Charles D. Snider, Jr.;<br>Charles D. Snider, III; Rekon, LLC; and RhonLan, LLC;<br><br>**Third Party Defendant:**<br><br>Nicole Witt | Case        Number:<br>19CA656 |

**NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, 19CA656, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING**

The Court having reviewed Noel West Lane III's Motion for **ORDER GRANTING JUDICIAL NOTICE OF EXISTENCE OF EXHIBIT A, EXHIBIT B, AND EXHIBIT C, AND FURTHER GRANT JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN 2019-CV-30951, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 19CA656, PURSUANT TO 11 U.S.C. § 523(a)(2)(A), WITHOUT HEARING,** IT IS HEREBY ORDERED that the Motion is GRANTED.

It is so ORDERED.

DATED:  March  _____, 2020.

                                               **BY THE COURT:**

                                               _____

Exhibit A

| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: February 19, 2020<br>CASE NUMBER: 2019CA656 |
|---|---|
| Jefferson County<br>2017CV31212 | |
| **Plaintiff-Appellee:**<br><br>Matthew Curtis Witt,<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane, III. | Court of Appeals Case<br>Number:<br>2019CA656 |
| ORDER to strike and accept amended reply brief | |

To: All Parties

    Upon consideration of appellant's renewed motion to file a corrected reply brief and upon consideration of the corrected reply brief, the Court GRANTS the motion.

    The Court STRIKES the reply brief filed on December 16, 2019, and accepts the amended reply brief filed on February 3, 2020.

    The case is at issue and an opinion will issue in due course.

                                        BY THE COURT
                                        Bernard, C.J.



| DISTRICT COURT, JEFFERSON COUNTY,COLORADO |  |
|---|---|
| Court Address:  100 Jefferson County Parkway<br>Golden, Colorado 80401 | DATE FILED: February 3, 2020 10:40 AM<br>CASE NUMBER: 2019CV30951<br><br>▲ Court Use Only ▲ |
| **Plaintiff: MATTHEW WITT**<br><br>v.<br><br>**Defendant: NOEL LANE**<br><br>v.<br><br>**Third-Party Defendant: DAVID KAHN** | Case No.  **19CV30951**<br><br>Division: **1** |
| **ORDER RE: MOTIONS TO DISMISS** |  |

**THIS MATTER** comes before the Court on review of Third-Party Defendant David Kahn's Motion to Dismiss Third Party Complaint and Plaintiff's Motion to Dismiss Counterclaims. Defendant and Third-Party Plaintiff Noel Lane III filed Responses in opposition to the Motions. The Court, having reviewed the pleadings and file, finds and Orders as follows:

### INTRODUCTION

This case involves a dispute over possession and access to 44 boxes of documents. The Court held a hearing on Plaintiff's Verified Complaint for Replevin or Alternative Relief on July 3, 2019. The Court continued the order of the Bankruptcy Court that the 44 boxes be held by a third party. The Court continued the replevin hearing until August 27, 2019 to allow Defendant additional time to prepare.

On August 27, 2019, the Court held the replevin hearing. At the replevin hearing, the Court heard testimony regarding possession of the 44 boxes. The Court found that Plaintiff owned the boxes under C.R.C.P. 104. The Court noted that the box sharing agreement was a separate issue from possession of the boxes. The Court awarded possession of the boxes to Plaintiff but required

1

Plaintiff to maintain the boxes and contents with no alteration. Plaintiff filed an order of possession, which the Court granted on September 10, 2019.

Defendant filed his Motion to Reconsider the Court's order on September 9, 2019. On August 12, 2019, Defendant filed his Answer to Plaintiff's Complaint and Notice of Counterclaims. Defendant has brought three counterclaims against Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

Defendant also filed a Third-Party Complaint on August 12, 2019, against David Kahn and Torrey Livenick. Defendant has brought three claims against Third-Party Defendants David Kahn and Torrey Livenick ("Third-Party Defendants"), which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

The Court granted Defendant's Motion for Substituted Service on Third-Party Defendants on October 8, 2019. Third-Party Defendants Kahn and Livenick filed a joint Motion to Dismiss Third Party Complaint on November 5, 2019. Defendant and Third-Party Plaintiff Lane filed a Response opposing the Motion on November 27, 2019. The Court held a hearing on December 17, 2019 on pending motions in this case. At the hearing, the Court found no basis for the claims against Third-Party Defendant Torrey Livenick and dismissed her from the case. The Court did not disqualify Ms. Livenick as the attorney for Third-Party Defendant Kahn because she was dismissed as a party from the case.

At the December 17, 2019, hearing the Court heard some argument on the Motion to Dismiss on behalf of Third-Party Defendant Kahn. The Court dismissed the promissory estoppel claim because the Court has found that a contract exists. The Court further found no basis for the claims for intentional interference with a contract, negligent interference with a contract, civil conspiracy, or unjust enrichment and those claims against Third-Party Defendant Kahn were dismissed. The only remaining claim at this time against Third-Party Defendant Kahn is for interference with prospective advantage of a contract.

The Court also noted at the hearing that it would issue a written Order on the pending Motion to Dismiss Counterclaims filed by Plaintiff. Defendant has four counterclaims against

Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; (3) unjust enrichment; and (4) interference with prospective advantage of contract.

## STANDARD OF REVIEW

C.R.C.P. 12(b)(5) permits dismissal of claims for "failure to state a claim upon which relief can be granted." This rule is designed to allow defendants to "test the formal sufficiency of the complaint." *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo. 1996). In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, *Shapiro and Meinhold v. Zartman,* 823 P.2d 120, 122 (Colo. 1992), and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dunlap v. Colo. Springs Cablevision,* 829 P.2d 1286, 1291 (Colo. 1992). A motion to dismiss for failure to state a claim can be granted only if, after viewing the allegations in the complaint as true, it still fails to state a claim. *Dunlap,* 829 P.2d at 1290-91. Motions to dismiss are disfavored and should only be granted if it is clear that a plaintiff is not entitled to any relief under the facts presented in the complaint. *National Sur. Corp. v. Citizens State Bank*, 593 P.2d 362 (Colo.App. 1978).

Under C.R.C.P. 12(b)(5), courts can only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice." *Walker v. Van Laningham*, 148 P.3d 391, 397 (Colo.App. 2006) (citing to federal authority under identical rule 12(b)(6) which permits courts to take judicial notice of certain matters of public record).

A complaint may be dismissed if the substantive law does not support the claims asserted. *Denver Parents Ass'n v. Denver Bd. of Educ.,* 10 P.3d 662, 664 (Colo. App. 2000). It also may be dismissed for failure to allege facts in support of each element of a claim. *W.O. Brisben Cos. V. Krystkowiak*, 66 P.3d 133, 137-38 (Colo. App. 2002). Colorado has followed the United States Supreme Court in adopting a plausibility standard for motions to dismiss. *Warne v. Hall,* 373 P.3d 588, 591 (Colo. 2016). Accordingly, a "complaint must contain sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face." *Id.* at 589. However, if the plaintiff is not entitled to relief upon any theory of the law, the complaint should be dismissed for failure to state a claim. *Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377, 385–86 (Colo. 2001).

# ANALYSIS

## I. Defendant's Counterclaims:

### A. Promissory estoppel:

Defendant's first counterclaim is for promissory estoppel. Under Colorado law, the elements of a promissory estoppel claim are as follows: (1) the promisor made a promise to the promisee; (2) the promisor reasonably should have expected that the promise would induce the promisee's action or forbearance; (3) the promisee in fact reasonably relied on the promise to his or her detriment; and (4) the promise must be enforced to prevent injustice. *Berg v. State Bd. of Agric.,* 919 P.2d 254, 259 (Colo. 1996) *(citing Centennial-Aspen II Ltd. P'ship v. City of Aspen,* 852 F. Supp. 1486 (D. Colo. 1994)). The induced action or forbearance must be "of a material character." *Mooney v. Craddock,* 530 P.2d 1302, 1305 (1974).

Defendant contends that his "performance of the mutual benefit of the Box Sharing Agreement meets all the elements of a promissory estoppel claim." *Counterclaims* ¶ 35. Defendant goes on to recite the elements of a promissory estoppel claim as applied to the Box Sharing Agreement, with Defendant as the promisee and Third-Party Defendant Kahn as the promisor. There is no allegation that Plaintiff made any promise to Defendant. Defendant only states that Plaintiff "conspired to violate promissory estoppel with Kahn." *Counterclaims* ¶ 34. However, without any assertion that Plaintiff violated a promise, there is no valid claim for promissory estoppel against Plaintiff. The Court has also found that a contract exists. Accordingly, the promissory estoppel claim fails as a matter of law. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the promissory estoppel claim.

### B. Intentional, negligent, and conspiratorial interference with a contract:

Defendant Lane's next counterclaim is for intentional, negligent, and conspiratorial interference with a contract. To establish a claim for intentional interference with a contract, a plaintiff must show that the defendant "(1) was aware of a contract between two parties, (2) intended that one of the parties breach the contract, and (3) induced the party to breach or make it impossible for the party to perform the contract." *Warne v. Hall,* 373 P.3d 588, 602 (Colo. 2016).

Defendant contends that Plaintiff interfered with the Box Sharing Agreement, a contract that Defendant entered into with Third-Party Defendant Kahn. *Counterclaims* ¶ 37. Defendant contends that Plaintiff violated the covenant of good faith and fair dealing implied in contracts. Defendant further alleges that Plaintiff "conspired" with Third-Party Defendant Kahn to violate Defendant's "reasonable expectations and performance of the Box Sharing Agreement." *Counterclaims* ¶ 37. Plaintiff argues that the Court has already ruled that Plaintiff is entitled to possession of the 44 boxes, and that Defendant does not specifically allege acts that Plaintiff took to interfere with the Box Sharing Agreement.

The Court agrees with Plaintiff that Defendant's counterclaim for intentional interference with a contract is not plead with the specificity required under the pleading standards to survive a motion to dismiss. It is unclear what actions Defendant alleges that Plaintiff specifically took to interfere with the Box Sharing Agreement. Defendant's allegations regarding this claim primarily relate to Third-Party Defendant Kahn's actions, not Plaintiff's actions. Defendant's Counterclaim does not establish the three elements for intentional interference with a contract as described above. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the counterclaim of intentional interference with a contract.

### C. Unjust enrichment:

Defendant's third counterclaim against Plaintiff is for unjust enrichment. To recover under a claim for unjust enrichment, a plaintiff must show that: "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Redd Iron, Inc. v. Intl. Sales and Services Corp.*, 200 P.3d 1133, 1136 (Colo. App. 2008) (citing *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo.2008)).

Defendant's counterclaim for unjust enrichment against Plaintiff alleges that "Kahn by his actions benefited from his 'sale' of the boxes without conveying any solitary benefit to Lane, thus unjustly enriching Kahn at the expense of Lane." *Counterclaims* ¶ 38. There are no specific allegations that Plaintiff received a benefit, only that Kahn received a benefit. Defendant has thus not established the elements of unjust enrichment against Plaintiff. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant's unjust enrichment claim.

**D. Interference with prospective advantage of contract:**

Defendant's fourth and final counterclaim against Plaintiff is for interference with prospective advantage of contract. Colorado courts have recognized that a claim for tortious interference with prospective economic advantage—or intentional interference with prospective contractual relations—is a cognizable claim for relief. "The crucial question in determining liability for tortious interference with prospective financial advantage is whether defendant's interference was intentional and improper." *Occusafe, Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d 618, 622 (10th Cir. 1995) (citing to *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 623 (Colo.App. 1988). This inquiry reflects the language in the Restatement of Torts § 766B, which states that "one who intentionally and improperly interferes with another's prospective contractual relation... is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation." *Id.*

Defendant contends that Plaintiff interfered with his constitutional rights by "conspiring to remove the 44 boxes" from Defendant's possession. *Counterclaims* ¶ 52. Defendant further argues that Plaintiff interfered with his right to benefit financially from the Box Sharing Agreement by purchasing the 44 boxes from Third-Party Defendant Kahn. Plaintiff argues that Defendant's only benefit from the Box Sharing Agreement was for collection purposes, which is not permitted under the relevant Bankruptcy law. *Motion* at 10.

The Court would need more information about the Bankruptcy case and the prohibition of Defendant Lane from collecting in that case. The Court is aware that the issue of the 44 Boxes arose in the Bankruptcy litigation. The Court finds that there are facts in dispute regarding the claim for interference with prospective contractual relations. The Box Sharing Agreement does provide Defendant access to the 44 Boxes, and Third-Party Defendant Kahn retained his rights to distribution of collection proceeds under the Agreement in the Assignment.  The Court hereby **DENIES** Plaintiff's Motion to Dismiss the interference with prospective contractual relations claim.

**II. Defendant's Third-Party Complaint:**

The only remaining claim against Third-Party Defendant Kahn is for interference with prospective contractual relations/advantage. The elements are described above. Defendant and Third-Party Plaintiff Lane alleges that "as a result of Kahn and Livenick's actions as identified in Claims for Relief... Witt intentionally interfered with Lane's constitutional rights." *Third-Party*

*Complaint* ¶ 61. Defendant further alleges that Third-Party Defendant Kahn "conspired" with Plaintiff to remove the 44 boxes from his possession. Defendant has also argued that Third-Party Defendant Kahn has prevented him from accessing the boxes as provided by the agreement.

As the Court explained above, there are facts in dispute regarding the interference with prospective contractual relations/advantage claim. The Box Sharing Agreement provided Third-Party Defendant Kahn with rights to proceeds from successful collection efforts by Defendant Lane. The Assignment from Third-Party Defendant Kahn to Plaintiff retained Mr. Kahn's rights under the agreement to distribution of successful collection efforts. However, Defendant now contends that his access to the 44 Boxes as provided under the Agreement is being denied. The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim.

## CONCLUSION

The Court has found that there is no basis for the promissory estoppel, unjust enrichment, and intentional and negligent interference with a contract claims against Plaintiff and Third-Party Defendant Kahn. The Court **GRANTS** the Motions to Dismiss as to those claims. The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order.

SO ORDERED, February 3, 2020.

BY THE COURT:

*Lily W Oeffler*

Lily Oeffler
District Court Judge

7

Exhibit E

## UNITED STATES BANKRUPTCY COURT
### District of Colorado

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No. 17-17630-MER |
| Debtor. | |
| Address:    2792 Greatwood Way<br>Highlands Ranch, CO 80126 | Chapter 7 |
| SSN:    XXX-XX-4130 | |
| REKON, LLC<br>            Plaintiff | |
| MATTHEW CURTIS WITT<br>Defendant | Adv. Proc. No. 17-1548-MER |

---

## NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF INTERVENTION PURSUANT TO BANKRUPTCY RULE 7024 WHICH INCORPORATES CIVIL RULE 24 INTO ADVERSARY PROCEEDINGS IN BANKRUPTCY

---

Noel West Lane III  ("Lane") Respectfully Moves this Court for an Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) and as such Lane states as follows:

### CERTIFICATION OF CONFERRAL

1.        Rekon, LLC ("Rekon") and Lane have conferred regarding 17-1548-MER and specifically Lane's Motion to Intervene in 17-1548-MER.

2.        Lane attempted to confer with David Kahn ("Kahn") and/or Torrey Livenick, Bar Number 52787 ("Livenick"), however conferral did not occur because both Kahn and his alleged attorney, Livenick could not clarify on what basis Livenick was his attorney or if he remained as in Pro Se status.  Livenick claims of limited representation of Kahn without entry of appearance could not be confirmed.  However what is clear from this attempted exchange is that Kahn and Livenick are both in violation of The Federal Communications Act of 1934 (47 U.S.C.A. §§ 151, et seq.) which provides that no person "not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect or

1

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re:   MATTHEW CURTIS WITT | Case No. 17-17630-MER |
| Debtor. | Chapter 7 |
| Address:   2792 Greatwood Way Highlands Ranch, CO 80126 | |
| SSN:   XXX-XX-4130 | |
| REKON, LLC                Plaintiff | Adv. Proc. No. 17-1548-MER |
| MATTHEW CURTIS WITT             Defendant | |

## NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF INTERVENTION PURSUANT TO BANKRUPTCY RULE 7024 WHICH INCORPORATES CIVIL RULE 24 INTO ADVERSARY PROCEEDINGS IN BANKRUPTCY

Noel West Lane III  ("Lane") Respectfully Moves this Court for an Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) and as such Lane states as follows:

### CERTIFICATION OF CONFERRAL

1.      Rekon, LLC ("Rekon") and Lane have conferred regarding 17-1548-MER and specifically Lane's Motion to Intervene in 17-1548-MER.

2.      Lane attempted to confer with David Kahn ("Kahn") and/or Torrey Livenick, Bar Number 52787 ("Livenick"), however conferral did not occur because both Kahn and his alleged attorney, Livenick could not clarify on what basis Livenick was his attorney or if he remained as in Pro Se status.  Livenick claims of limited representation of Kahn without entry of appearance could not be confirmed.  However what is clear from this attempted exchange is that Kahn and Livenick are both in violation of The Federal Communications Act of 1934 (47 U.S.C.A. §§ 151, et seq.) which provides that no person "not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect or

1

meaning of such intercepted communication to any person." 47 U.S.C.A. § 605. *In Nardone v. United States, 308 U.S. 338 (1939). See* Exhibit A and Exhibit B.

3.      Lane requested to confer with Matthew C. Witt ("Witt"), Nicole Witt ("NWitt"), and all parties to 2017-cv-31212. No conferral was forthcoming with the exception of Rekon.

## VIOLATION OF THE FEDERAL COMMUNICATIONS ACT OF 1934 (47 U.S.C.A. §§ 151, et seq.)

4.      Lane asserts Kahn and Livenick intentionally violated The Federal Communications Act of 1934 (47 U.S.C.A. §§ 151, et seq.) ("FCA") by Kahn's disclosure to a third party ("Livenick") to Lane's detriment. Kahn affirmed Livenick's and Kahn's violation of FCA which provides that no person "not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person." 47 U.S.C.A. § 605. *In Nardone v. United States, 308 U.S. 338 (1939). See* Exhibits A, B, and C.

## FACTUAL BACKGROUND

5.      Lane's request to intervene is predicated on the controversy(s) arising by and between Kahn, Witt, Rekon, NWitt, Lane and others regarding possession of the new evidence of the 44 Boxes. The controversy allegedly arises due to the acts and omissions of Kahn and Livenick in violation of FCA, and the acts and omissions of Witt, Rekon and others in alleged conspiracy to commit Constructive Fraud upon Lane and the Court with Concealment ("constructive fraud") *Central Indiana Podiatry, P.C., Northwest Surgery Center, LLC, d/b/a Foot & Ankle Surgery Center, f/k/a Foot & Ankle Surgery Center, LLC and Anthony E. Miller, D.P.M. v. Barnes & Thornburg, LLP,* 49A02-1603-PL-498.

6.      The controversies and the 44 Boxes are founded in and made a part of Lane's Ex Parte Motion for 2004 Order Pursuant to Fed.R.Bankr.P. 2004, 9016, L.B.R. 2004-1 and Fed.R.Civ.P. 45 (Dkt. # 51).

7.      The alleged conspiracy to commit constructive fraud upon Lane began when Lane as party to, Successor in Interest, and Acquirer of Rights to the Rekon/RhonLan Agreement (Dkt #51) , entered into an Information and Box Sharing Agreement ("44 Boxes") with Kahn (Dkt #51). Kahn and Lane entered into 44 Boxes for the purpose of obtaining new evidence and/or corroboration of Witt's alleged fraud on the Court in 2017-cv-31212, 16-cv-01303-KMT, 09-17238-MER, 09-17437-MER, 17-11705-MER, 17-17630-MER, and 17-1548-MER.

8.      17-1548-MER involves a judgment entered against Witt for the commission of various fraudulent acts, pursuant to 11 U.S.C. § 548 and its state law analog, C.R.S. § 38-8-101 et seq.

9.      The alleged controversy of the conspiracy to commit constructive fraud on Lane is perpetrated on Lane independently and collectively by Kahn, Livenick, Witt, Rekon, NWitt, and others (collectively "the parties") for the express purpose of extorting concessions from Lane to

Lane's detriment and for the purpose of intentionally interfering with Lane's civil rights and right of due process in appeal, and interference by Rekon with Lane rights of participation pursuant to the Rekon/RhonLan Agreement which purpose is the collection of debt from Witt and NWitt.

10.     The alleged components of the controversy are 1) Rekon's violation of the Rekon/RhonLan Agreement and conspiracy with Kahn and Livenick to constructively conceal the evidence of the 44 Boxes from Lane (*See* Dkt. #51 and Exhibits A, B, and C), 2) Witt and NWitt's conspiracy with Kahn and Livenick to constructive conceal the evidence of the 44 Boxes from Lane (*See* Dkt. # 51 and Exhibits A, B, and C) and 3) Kahn and Livenick's alleged conspiracy to violate Kahn's 44 Boxes agreement with Lane, violation of FCA, and to constructively conceal the evidence of the 44 Boxes from Lane for purpose of extorting concessions from Lane by threatening to constructively conceal the evidence of the 44 Boxes from Lane (*See* Exhibit A, B, and C). The constructive fraud arises out of Kahn's threat to sell his interest in the boxes to a third party in violation of the box sharing agreement and in conspiracy to deny Lane's due process rights under law. This fraud was compounded by his disclosure to his alleged attorney Livenick. These threats, Lane maintains amount to criminal conspiracy to destroy evidence.

11.     Lane's Motion to Intervene arises from the alleged components of the controversy which controversy began on or about March 18, 2014 when Charles D. Snider, Jr. ("Snider") solicited Lane's participation in the Rekon/RhonLan Agreement with the promise of 20% participation in Rekon's collection of its approximate $1.6 million judgement plus interest from Witt subject to the terms and conditions of Rekon/RhonLan Agreement (Dkt. #51).

12.     A chronology of the matters at issue in the case at bar is provided in Exhibit D. Exhibit D lists all primary events commencing from Snider's Rekon/RhonLan Agreement on or about March 18, 2014, Rekon's commencement of litigation against Witt and NWitt in Arapahoe County on or about June 2014, through and including Lane's Notice of Appeal in 2107-cv-31212 filed on or about April 12, 2019.

13.     Rekon is party to 2017-cv-31212. Rekon is adversarial to Lane. Lane is a party to Rekon's collection of the Witt Judgment which is subject matter of 17-1548-MER, by the Rekon/RhonLan Agreement.

14.     Lane asserts that the 44 Boxes shall be returned to Lane pursuant to this Court's Order (Dkt. # 70), and the agreement made by and between Lane, Rekon, and Witt prior to Lane's release to the custody of Centurion, the 44 Boxes pursuant to the Court's Order. *See* Exhibit E. Kahn's threat to sell his interest would compromise the return and the Court Order.

## ARGUMENT

15.     Lane submits to this Court that Lane's right to intervene in 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) is upheld in United States Court of Appeals for the Ninth Circuit *In Re Steven Molasky, Debtor, Augustine C. Bustos Appellant, v, Steven D. Molasky Appellee*, Case: 14-60080, 12/12/2016, ID: 10228124, DktEntry: 48-1, Pages 1-16.

16.     Lane submits to this Court that Lane's right to intervene in 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) is upheld in *Benavidez. Molasky v. Bustos (In re Molasky) ("Molasky I")*, 492 F. App'x 801, 802 (9th Cir. 2012) (citing Benavidez, 34 F.3d at 830). "But in applying this standard to Bustos — in light of his failure to file a timely § 523 complaint — the panel concluded that the bankruptcy court had erred in failing to consider equitable factors that might justify extending the § 523 deadline or otherwise allowing Bustos to pursue the OneCap complaint. Id. at 802–03. As an example, the panel pointed to *Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 951 (9th Cir. 1982), which laid out five equitable factors that courts have previously considered in deciding whether to extend bankruptcy deadlines. *Molasky I*, 492 F. App'x at 802–03. The panel therefore remanded "to the bankruptcy court for a determination of jurisdiction over Bustos" under Bankruptcy Rule 4007, which sets the deadline for § 523 claims. Id. at 803."

17.     Lane submits to this Court that Lane's right to intervene in 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A) is upheld *In Re Molasky 1*, "We review decisions of the Bankruptcy Appellate Panel de novo and apply the same standard of review that the Bankruptcy Appellate Panel applied to the bankruptcy court's ruling." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012) (citing *Americredit Fin. Srvs. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010)). In doing so, "[w]e review conclusions of law de novo and findings of fact for clear error." Id. (citing *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1095 (9th Cir. 2009)). Because interpretation of a prior decision is a question of law, we "review[] de novo a [lower] court's compliance with the mandate of an appellate court," such as the bankruptcy court's interpretation of our *Molasky I* decision here. *United States v. Perez*, 475 F.3d 1110, 1112 (9th Cir. 2007) (citation omitted).

18.     Lane asserts to this Court that Lane's argument in support of Lane's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), is made by the acts and omissions of Kahn, Livenick, Rekon, Witt, and/or NWitt as clearly evidence in their alleged acts of conspiracy shown written in their own hand in Docket. #'s 51, 61, 62, 63, 64, and 65, and Exhibits A, B, C, and D, which acts and omissions are alleged conspiracy to commit constructive fraud and conceal from Lane, the new evidence contained in the 44 Boxes.

19.     Lane submits to this Court that Lane's argument in support of Lane's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), is supported by the controversy arising in Rekon's Motion to Show Cause (Dkt. # 65).

20.     Lane submits to this Court that Lane's argument in support of Lane's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), is supported by the controversy arising in Witt's Motion to Compel (Dkt. #64).

21.     Lane submits to this Court that Lane's argument in support of Lane's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), is supported by Kahn and Livenick's conspiracy to extort concessions from Lane in breach of the 44 Boxes by threats to sell the boxes and the 44 Boxes agreement to an undisclosed third party. *See* Exhibits A, B, and C.

WHEREFORE, Lane respectfully requests the Court to grant Lane's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), and to further affirm Rekon's agreement on behalf of Rekon and Witt, to return the 44 Boxes on the 61st day following Centurion's receipt of the 44 Boxes, at the expense of Rekon and Witt.

Respectfully submitted on May 3, 2019.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2019, I filed the foregoing in person with the Clerk of the Court and mailed a copy of the filing by USPS to all counsel of record:

| Attorneys for | Attorneys and Address |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |
| Trustee | Tom H. Connolly<br>950 Spruce Street, Suite 1C<br>Louisville, Colorado 80027 |
| Plaintiff | Patrick D. Vellone<br>1600 Stout Street, Ste. 1100, Denver, Colorado 80202 |

5

Defendant

Joseph M. Elio
1499 Blake Street, Ste. 1J
Denver, Colorado 80202

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

**Exhibits**

A
B
C
D
E

## UNITED STATES BANKRUPTCY COURT
### District of Colorado

|  |  |
|---|---|
| In re:   MATTHEW CURTIS WITT | Case No.<br>17-17630-MER |
| Debtor. | Chapter<br>7 |
| Address:   2792 Greatwood Way<br>Highlands Ranch, CO 80126 | |
| SSN:   XXX-XX-4130 | |
| REKON, LLC<br>           Plaintiff | Adv. Proc. No.<br>17-1548-MER |
| MATTHEW CURTIS WITT<br>Defendant | |

---

## NOEL WEST LANE III RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF INTERVENTION PURSUANT TO BANKRUPTCY RULE 7024 WHICH INCORPORATES CIVIL RULE 24 INTO ADVERSARY PROCEEDINGS IN BANKRUPTCY

---

The Court having reviewed Noel West Lane III's Motion for Order of Intervention Pursuant to Bankruptcy Rule 7024 which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy *in re* 17-1548-MER, seeking discharge of debts pursuant to 11 U.S.C. § 523(a)(2)(A), IT IS HEREBY ORDERED that the Motion is GRANTED.

It is so ORDERED.

DATED:  May _____, 2019.

BY THE COURT:

_____
Honorable Michael E. Romero

7

*Exhibit E*

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| |
In re:    MATTHEW CURTIS WITT | Case No.
| 17-17630-MER
Debtor. |
| Chapter
Address:    2792 Greatwood Way | 7
Highlands Ranch, CO 80126 |
|
|
SSN:    XXX-XX-4130 |
|
|

---

## NOTICE OF COMPLIANCE WITH ORDER OF JUNE 24, 2019 AND NOTICE OF INTERVENTION AND MODIFICATION OF ORDER BY JEFFCO DISTRICT COURT

---

Noel West Lane III, ("Lane") submits the following Notice of Compliance ("Notice") with Order of June 24, 2019 and Notice of Intervention and Modification of Order by Jeffco District Court regarding 44 Boxes of Documents ("Boxes") and states as follows:

### CERTIFICATION OF CONFERRAL

1.    The undersigned certifies that conferral with Matthew Curtis Witt did not occur.

2.    Matthew Curtis Witt ("Witt") filed Verified Complaint for Replevin or Alternative Relief on June 19, 2019 in district court County of Jefferson, Colorado, Judge Lily Wallman Oeffler, 2019CV30951.  Lane's three filed Objections and Motion for Interim Relief and Preliminary Injunction, each filed prior to July 3, 2019 hearing remain not ruled upon and Orders were issued in Minute Order modifying Judge Romero's Order removing the subject boxes and all electronic copies from Lane's possession until August 27, 2019. Lane's objections to Judge Oeffler's Minute Order regarding Lane's appellate brief submittal date of July 28, 2019 were disregarded by Judge Oeffler.

### COMPLIANCE WITH ORDER

2.    Lane submits to the Court the following regarding Lane's compliance with this Court's Order of June 24, 2019:

1

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

In re:    MATTHEW CURTIS WITT

Debtor.

Address:    2792 Greatwood Way
Highlands Ranch, CO 80126

SSN:    XXX-XX-4130

| Case No.
| 17-17630-MER
|
| Chapter
| 7

---

## NOTICE OF COMPLIANCE WITH ORDER OF JUNE 24, 2019 AND NOTICE OF INTERVENTION AND MODIFICATION OF ORDER BY JEFFCO DISTRICT COURT

Noel West Lane III, ("Lane") submits the following Notice of Compliance ("Notice") with Order of June 24, 2019 and Notice of Intervention and Modification of Order by Jeffco District Court regarding 44 Boxes of Documents ("Boxes") and states as follows:

### CERTIFICATION OF CONFERRAL

1.    The undersigned certifies that conferral with Matthew Curtis Witt did not occur.

2.    Matthew Curtis Witt ("Witt") filed Verified Complaint for Replevin or Alternative Relief on June 19, 2019 in district court County of Jefferson, Colorado, Judge Lily Wallman Oeffler, 2019CV30951.  Lane's three filed Objections and Motion for Interim Relief and Preliminary Injunction, each filed prior to July 3, 2019 hearing remain not ruled upon and Orders were issued in Minute Order modifying Judge Romero's Order removing the subject boxes and all electronic copies from Lane's possession until August 27, 2019. Lane's objections to Judge Oeffler's Minute Order regarding Lane's appellate brief submittal date of July 28, 2019 were disregarded by Judge Oeffler.

### COMPLIANCE WITH ORDER

2.    Lane submits to the Court the following regarding Lane's compliance with this Court's Order of June 24, 2019:

1

a. The Boxes were removed from Lane's possession on July 2, 2019 by All American Records Management ("AARM") from their storage located at 1060 Ingalls Street, Lakewood, CO 80214 pursuant to Judge Romero's June 24, 2019 Order. *See* Exhibit A

b. On June 19, 2019 Witt filed Verified Complaint for Replevin or Alternative Relief. *See* Exhibit B, Docket of 2019-cv-30951

c. Lane's appeal 19CA656 in re 2019-cv-31212 in part alleges violation of Lane's constitutional rights, civil rights, and right of due process specifically in regard to Lane's in Pro se status and Lane's preclusion from timely access to filings made by Witt's attorneys using Colorado Courts E-filing System ("I.C.C.E.S.") in District Court, County of Jefferson, Colorado.

d. Upon information and belief Witt with prior knowledge of Lane's not being allowed access to I.C.C.E.S., and Witt being knowledgeable of Judge Pilkington's minute orders specifically regarding notice to in Pro se Lane by email and US Mail on the date of filing of any/all responsive pleadings, deliberately undertook a legal strategy to intentionally violate Lane's constitutional rights, civil rights, and right of due process by filing in I.C.C.E.S. without timely notice to Lane.

e. Upon information and belief, Witt intentionally violated the minute orders of the presiding judge in 2017-cv-31212 with knowledge of all matters under appeal by Lane in 2017-cv-31212, and shopped Judge Oeffler's court in order to utilize I.C.C.E.S. in a different district court of Jeffco and in so doing with premeditation, violated Lane's constitutional rights, civil rights, and right of due process by making false affidavits, false allegations, and other conspiratorial acts outside of Lane's timely ability to reply and in so doing, deliberately interfered with Lane's ability to timely file Lane's appellate brief in 19CA656 which matters arise from the new evidence confirmed by evidence contained within the 44 boxes.

f. Judge Oeffler issued interim orders violating Lane's constitutional rights, civil rights, and right of due process based in part and/or in whole upon the false testimony of Witt's private investigator and the false statements and allegations of Witt's attorneys in 2017-cv-31212, 2019-cv-30951, 17-17360-MER, and 17-1548-MER.

g. Judge Oeffler's interim orders were made on 6/21/19, 6/24/19, 6/26/19, and 6/27/19 prior to the 7/3/19 hearing regarding the 44 Boxes without review and/or consideration of Lane's Objection to Witt's Verified Complaint for Replevin or Alternative Relief for Violating Colorado Notary Law filed on 7/1/19 three days prior to the 7/3/119 hearing, Lane's Objection to Substituted Service filed on 7/1/19 three days prior to the 7/3/19 hearing, Lane's Objection to Motion for Telephone Interview

2

of David Kahn filed on 7/1/19 three days prior to the 7/3/19 hearing, and Lane's Motion for Interim Relief and Preliminary Injunction filed on 7/3/19 four hours before the 7/3/19 hearing.

h.  Judge Oeffler's acknowledges in the transcript of the 7/3/19 hearing that she issued interim orders 14 days before the 7/3/19 hearing, 11 days before the 7/3/19 hearing, 9 days before the 7/3/19 hearing, and 8 days prior to the 7/3/19 hearing without consideration for Defendant Lane's timely filed objections and motion, based solely on Plaintiff Witt's testimony, assertions, and allegations and did not consider Defendant Lane's timely filed responsive pleadings because the Clerk's office of District Court Jefferson County had not entered them and they were not filed in I.C.C.E.S. *See* Exhibit D, page 8, lines 12-18; Exhibit D, page 9, lines 1-25; Exhibit D, page 10, lines 1-25; Exhibit D, page 15, lines 17-25; and Exhibit D, page 16, lines 1-8.

i.  Judge Oeffler acknowledges in the 7/3/19 hearing (*See* Exhibit D, page 16, lines 1-8 inclusive) that, because of Lane's in Pro se status and Jefferson County, Colorado's District Court prohibition on in Pro se access to I.C.C.E.S, Lane's timely filed Objections and timely filed Motion prior to the 7/3/19 hearing were not worthy of the same consideration afforded to Witt by Judge Oeffler. Upon information and belief, I believe that Judge Oeffler's actions are comely referred to as judicial bias.

j.  Upon information and belief, Judge Oeffler's July 3, 2019 Minute Order violates Lane's constitutional rights, Lane's civil rights, and Lane's right of due process because by admission in hearing, 1) Judge Oeffler states that she has not considered Lane's timely filed objections and Motion prior to issuing interim orders (*See* Paragraph 2 h.), 2) Judge Oeffler does not have concerns that Lane is under an appellate brief deadline (*See* Exhibit D, page 16, lines 19-25), 3) Judge Oeffler does not have concerns that the Verified Complaint of Witt is flawed, and among other things, 4) Judge Oeffler is not concerned that she ordered confiscated Rekon, LLC's flash drive of documents made for Lane by Rekon, LLC.

k.  Thus by Judge Oeffler's interim orders issued without consideration for Lane's timely filed pleadings in 2019-cv-30951 and Judge Oeffler's admitted judicial bias in favor of Plaintiff Witt's allegations without consideration of Lane's timely filed pleadings, Judge Oeffler's Court has unilaterally chosen to pick winners and losers in the Colorado Appellate Court by interfering with the Defendant Lane's right of due process in appeal of Witt's previous verified complaint, 2017-cv-31212.

l.  Further, Judge Oeffler's admitted judicial bias as reflected in her Minute Order of 7/3/19 which allegedly relies solely on among other things the allegations, pleadings, and false testimony of Matthew Witt, and/or David, Kahn, and/or Torrey Livenick, and/or Shaun Christensen, and/or David Pugh, and/or Ken Beuchler, and/or Nicole

3

Witt, and/or Joseph Elio, and/or James Anderson, without considering Lane's timely filed Objections and Lane's timely filed Motion for Interim Relief and Preliminary Injunction, is made in part by Judge Oeffler by her admission in hearing that in Pro se pleadings although timely filed, are not considered for review and not afforded the Court's attention until days after an in Pro se filing is made (See Exhibit D, page 16, lines 1-25, and Exhibit D, Page 17, Lines 1-25) as opposed to the instant review afforded to Plaintiff Witt vis-à-vis the favoritism of I.C.C.E.S.

m. Finally, Defendant Lane's three timely filed Objections made on July 1, 2019 and Lane's Motion for Interim Relief and Preliminary Injunction, were not available to the court for consideration due to the inherent failure of I.C.C.E.S. to fairly represent the timely filings of in Pro se litigants, clearly violating Lane's right of due process, clearly violating Lane's civil rights, and clearly violating Lane's constitutional rights.

WHEREFORE, Lane respectfully submits its Notice of Compliance with Order of June 24, 2019.

Respectfully submitted on July 11, 2019.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2019, I filed the foregoing in person with the Clerk of the Court and mailed a copy of the filing by USPS to all counsel of record:

**Attorneys for**

Debtor

**Attorneys and Address**

Charles S. Parnell
4891 Independence Street, Suite 240 Wheat Ridge, Colorado 80033

4

Trustee

Tom H. Connolly
950 Spruce Street, Suite 1C
Louisville, Colorado 80027

Defendant(s)

Joseph M. Elio
1499 Blake Street, Ste. 1J
Denver, Colorado 80202

Kenneth J. Buechler
999 18th Street, Ste. 1230-S
Denver, CO 80202

Noel West Lane III, In Pro Se
1060 Ingalls Street

Lakewood, CO 80214

## Exhibits

A – All American Records Management Receipt for 44 Boxes and 6/24/19 Order Acknowledgment.

B – 2019-cv-30951 Judge Oeffler 7/8/19 Docket List

C – Minute Order 7/3/19, Judge Oeffler Intervention and Modification of 6/24/19 Judge Romero Order

D – Transcript of 7/3/19 Judge Oeffler Hearing in 2019-cv-30951, intervening and modifying Judge Romero Order of 6/24/19 regarding the 44 Boxes

## Exhibit A

5

**Pickup Receipt for Boxes**
**and**
**Return Receipt for Boxes**

**To:** Gary Waters, John Actor
All American Records Management
15580 E Hinsdale Circle
Centennial, CO 80112 USA
P: 303-373-5101

**From:** Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214
P: 303-697-0462

**Date:** 7/2/19

**Subject:** Matthew Curtis Witt, ORDER 17-17630-MER and 17-1548-MER, Discovery Dispute
Hearing Rule 7026-1(d), Re: Pickup and Return of Boxes (Order attached) by:
All American Records Management

To whom it may concern,

On Tuesday, July 2, 2019, All American Records Management picked up the subject Boxes from 1060 Ingalls Street, Lakewood, Colorado pursuant to Judge Romero's Order of June 24, 2019.

All American Records Management shall return the Boxes to 1060 Ingalls Street, Lakewood, Colorado on Tuesday, July 16, 2019 pursuant to Judge Romero's Order of June 24, 2019.

Accepted By:

_Gary Waters_        7-2-19 M
_____
Name                          Date

Accepted By:

_____
Name                          Date

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 17-17630 MER |
| MATTHEW CURTIS WITT, | |
| Debtor. | Chapter 7 |
| REKON, LLC, | Adv. Case No. 17-01548 MER |
| Plaintiff. | |
| v. | |
| MATTHEW CURTIS WITT, | |
| Defendant. | |

## ORDER

THIS MATTER comes before the Court on the request by Defendant Matthew Curtis Witt ("Defendant") for a discovery dispute hearing pursuant to this Court's Local Bankruptcy Rule 7026-1(d).

Having reviewed the written discovery dispute report submitted by Defendant and the correspondence to the Court sent by Noel West Lane, III ("Lane"), the Court determines a discovery dispute hearing is unnecessary. In lieu of such a hearing, the Court orders as follows:

1) Defendant and Plaintiff Rekon, LLC shall, per this Court's June 10, 2019 Minutes of Proceeding,[1] be permitted a period of fourteen (14) days to complete review of the boxes of documents in Lane's possession.

2) All American Records Management ("AARM") shall take possession of the boxes of documents on or before Friday, June 28, 2019. Lane shall make the boxes of documents available and turnover the boxes of documents to AARM by that date. Defendant and Plaintiff shall have until July 12, 2019 (or 14 days from the date AARM takes possession of the documents)

---

[1] *In re Matthew Curtis Witt*, Case No. 17-17630 MER, ECF No. 212.

to complete their review.  The boxes of documents shall be returned to Lane by AARM at the earlier of one day after Defendant and Plaintiff complete review of the documents or July 13, 2019.

3) Except for making arrangements for AARM to take possession of and return the boxes of documents, Lane shall have no contact with AARM or its agents or representatives.

4) The costs of transportation and storage of the boxes of documents by AARM shall be borne by the Defendant.

IT IS SO ORDERED.

Dated June 24, 2019                    BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

2

017122     67604017139015

8



**Work Order: 0079516**

**Due Date: 7/1/2019    5:00:00PM**

| | | |
|---|---|---|
| Customer | COD999-Shred Projects | Requested By        Matthew Witt |

| | | |
|---|---|---|
| Address | Matthew Witt<br>1060 Ingalls St.<br>Lakewood, CO 80214 | Phone<br>Route                    Gary<br>Dept |
| Priority | Scheduled Work Order | |

Notes:

| Dept | Action |
|---|---|

---

**Requested For: Matthew Witt**

Notes: Trip charge

**QTY:** 1.00       Shred Trip Charge $35

Notes: Transport not destruction

**QTY:** 44.00      Destroy Container $2.00

---

**Picked up at Customer**

_____ BOX       _____ FILE       _____ DOCUMENT       _____ MEDIA

All American Records Management hereby certifies that the materials received on the above date have been confidentially handled and destroyed and that the shredded material will be recycled.

| | | |
|---|---|---|
| Driver Signature | Customer Signature | Manager Signature |
| 7-1-19 | 7/2/19 | |
| Date/Time | Date/Time | Date/Time |
| Printed       7/1/2019    8:35:25AM | Prepared By  JSLINGER | Created        7/1/2019   8:29:45AM      Page 1 of 1 |

Exhibit B

10

I N T E G R A T E D   C O L O R A D O   O N L I N E   N E T W O R K   (I C O N)

Status:                                      District Court, Jefferson County
Case #: 2019 CV 030951        Div/Room: 1      Type:  Replevin
                    WITT, MATTHEW vs. LANE, NOEL WEST III

                                                              DV STATUS:
Case File Date:  6/19/2019    Case Close Date:           Appealed: N
                              Confidential Intermediary..............:

                        Bar #   Name
       Judicial Off...: 022789  LILY WALLMAN OEFFLER
       Alt Jud Officer: 000000
                        Description                 Stat Date        Time   Rm/D
       Trial..........:                                          0:00
       Next Schd Event: Hearing                        8/27/2019   1:00 P
       Last Schd Event: Hearing               HELD  7/03/2019   4:30 P
       Last Event.....: Minute Order (print)  n/a   7/03/2019

       Attorney(s)....: Y

       Judgements............:N
       Motions Filed.........:Y

       Amount Prayed for.....:            .00

       Jury Fee Paid.........:N

                        ----- PARTIES -----
                                              ATTORNEY                 ROL
PARTY  ROL STS     NAME
DEF  1             LANE, NOEL WEST III        ANDERSON, JAMES ROBERT   PRV
PTF  1             WITT, MATTHEW
FILE DATE     EVENT DESCRIPTION            Event ID: 000001   E-Filed: J
 6/19/2019    Complaint
              PTF/    WITT, MATTHEW
Complaint - Verified Complaint for Replevin or Alternative Relief
3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000002   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 6 - Lane Emails 3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000003   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 5 - Minutes of Proceeding 6-10-19 3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000004   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 4 - Emails to Centurion and Lane 3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000005   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 3 - Notice of Assignment 3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000006   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 2 - Minutes of Proceeding 4-10-19 3F41C2874BF5C
 6/19/2019    Exhibit-Attach to Pleading/Doc   Event ID: 000007   E-Filed: J
              PTF/    WITT, MATTHEW
Exhibit 1 - Information and Box Sharing Agreement 3F41C2874BF5C
 6/19/2019    Summons                          Event ID: 000008   E-Filed: J

11

FILE DATE    EVENT DESCRIPTION
             PTF/    WITT, MATTHEW
Summons - Summons on Noel West Lane III 3F41C2874BF5C
                                                      Event ID: 000009    E-Filed: J
6/19/2019   Civil Case Cover Sheet
             PTF/    WITT, MATTHEW
Civil Case Cover Sheet 3F41C2874BF5C
                                                      Event ID: 000010    E-Filed: J
6/21/2019   Order
Ruling: SO ORDERED, Document Title: Order to Set for Hearing
                                                      Event ID: 000011    E-Filed: J
6/21/2019   Proposed Order
             PTF/    WITT, MATTHEW
Re  Show Cause 60EC93B97EDB3
FILE DATE    SCHEDULED EVENT DESCRIPTION        SCHD DATE    TIME    ROOM  PRI
6/21/2019   Review                              6/25/2019  07:00 AM   1
    Officer: LILY WALLMAN OEFFLER                       Length:  1.00 Hour(s)
    Status.: VACT-Vacated                               Note..: HRG SET?
6/24/2019   Order                                     Event ID: 000012    E-Filed: J
Ruling: SO ORDERED, Document Title: Order: Re  Show Cause
            Related Event  PORD Proposed Order                        6/21/2019
6/26/2019   Proposed Order                            Event ID: 000013    E-Filed: J
             PTF/    WITT, MATTHEW
for Telephone Testimony of David Kahn 8DA652F5B63A7
                                                      Event ID: 000014    E-Filed: J
6/26/2019   Motion
             PTF/    WITT, MATTHEW
Forthwith Motion for Telephone Testimony of David Kahn 8DA652F5B63A7
                                                      Event ID: 000015    E-Filed: J
6/26/2019   Proposed Order
             PTF/    WITT, MATTHEW
RE Motion for Substituted Service 81AD8CFA6D965
                                                      Event ID: 000016    E-Filed: J
6/26/2019   Motion
             PTF/    WITT, MATTHEW
Forthwith Motion for Substituted Service 81AD8CFA6D965   Event ID: 000017    E-Filed: J
6/26/2019   Exhibit-Attach to Pleading/Doc
             PTF/    WITT, MATTHEW
Exhibit 4 - Service of Subpoena Email Chain 81AD8CFA6D965   Event ID: 000018    E-Filed: J
6/26/2019   Exhibit-Attach to Pleading/Doc
             PTF/    WITT, MATTHEW
Exhibit 3 - Affidavit of Daniel S. Lee 81AD8CFA6D965   Event ID: 000019    E-Filed: J
6/26/2019   Exhibit-Attach to Pleading/Doc
             PTF/    WITT, MATTHEW
Exhibit 2 - Affidavit of Non-Service 81AD8CFA6D965   Event ID: 000020    E-Filed: J
6/26/2019   Exhibit-Attach to Pleading/Doc
             PTF/    WITT, MATTHEW
Exhibit 1 - Email to Lane 81AD8CFA6D965
                                                      Event ID: 000021    E-Filed: J
6/27/2019   Order
Ruling: GRANTED, Document Title: Order: RE Motion for Substituted Service
            Related Event  PORD Proposed Order                        6/26/2019
6/27/2019   Order                                     Event ID: 000022    E-Filed: J
Ruling: GRANTED, Document Title: Order: Forthwith Motion for Telephone
Testimony of David Kahn                                               6/26/2019
            Related Event  MOTN Motion                Event ID: 000023    E-Filed: J
7/01/2019   Objection
             DEF/    LANE, NOEL WEST III
Objection to Substituted Service and Improper service of process of Matthew
Curtis Witt's Verified Complaint for Replevin         Event ID: 000024    E-Filed: J
7/01/2019   Objection
             DEF/    LANE, NOEL WEST III

12

```
FILE DATE    SCHEDULED EVENT DESCRIPTION      SCHD DATE    TIME      ROOM  PRT
Objection to Forthwith Motion for Telephone Testimony of David Kahn
7/01/2019  Objection                                    Event ID: 000025   E-Filed: J
           DEF/    LANE, NOEL WEST III
Objection to Matthew Curtis Witt's Verified Complaint for Replevin
7/02/2019  Waiver of Service                            Event ID: 000026   E-Filed: J
           PTF/    WITT, MATTHEW
Subpoena to Attend to David Kahn and Executed Waiver of Service A0172A85E6C93
7/03/2019  Motion                                       Event ID: 000027   E-Filed: J
           DEF/    LANE, NOEL WEST III
Defendant's Motion  for Interim Relief and Preliminary Injunction to Maintain
Possession of 44 boxes                                  Event ID: 000028   E-Filed: J
7/03/2019  Proposed Order
           DEF/    LANE, NOEL WEST III
Re Defendant's Motion for Interim Relief and Preliminary Injunction to
Maintain Possession of 44 boxes
7/03/2019  Minute Order (print)                         Event ID: 000029   E-Filed: N
                                       OEFFLER/ORTIZ/DIGITAL 4:28 PM
REPLEVIN HEARING
PLNT ATTNY J ANDERSON
PET APPEARS BY TELEPHONE
DEF NOEL WEST, III APPEARS PRO SE
PTF'S COUNSEL ADDRESSES THE COURT IN REGARD TO THE PETITION.
THE COURT REVIEWED THE CASE THAT WAS HEARD BY JUDGE PILKINGTON.
THE COURT REVIEWED THE APPELLATE REVIEW AND THE ORDER FROM BANKRUPTCY COURT.
DEF ADDRESSES THE FILINGS THAT HE FILED EARLIER TODAY.
DISCUSSION OF THE TESTIMONY OF DAVID KAHN.
THE COURT ORDERS THAT ALL DIGITAL COPIES OF THE DOCUMENTS AND ALL OF THE
PAPER COPIES IN BOXES WILL BE PUT INTO THE CUSTODY OF A THIRD PARTY CUSTODIAN.
DEF PRESENTS A RECEIPT OF THE BOXES TO THE COURT AND COUNSEL.
THIS MATTER WILL BE CONTINUED TO GRANT DEF TIME TO PREPARE.
MATTER SET OVER TO AUGUST 27, 2019 AT 1:00 PM
THE COURT EXTENDS JUDGE ROMERO'S ORDER. THE BOXES AND DOCUMENTS WILL BE
MAINTAINED THROUGH AUGUST 27, 2019. THE ORDER WILL THEN BE AUTOMATICALLY
EXTENDED TO A FURTHER DATE IF SOMETHING OCCURS AND PARTIES CAN NOT APPEAR ON
AUGUST 27, 2019.
BANKRUPTCY COURT HAS REQUIRED THAT THE BOXES BE PUT IN A FACILITY, THIS COURT
HAS ORDERED THAT THE BOXES REMAIN IN A FACILITY UNTIL THIS CASE CAN BE
LITIGATED.
RULIN GOF THE COURT: ANY PAPER OR ELECTRONIC COPIES OF DOCUMENTS WILL HAVE TO
BE MAINTAINED AT THE FACILITY. THE COURT WILL MAKE A DECISION ON AUGUST 27 IN
REGARD TO WHO WILL RECEIVE THE BOXES AND THE DOCUMENTATION THAT IS IN SAID
BOXES.
THE COURT WILL REVIEW THE MOTIONS FILED BY DEF AND WILL ALLOW A REPLY.
THE COURT HAS ORDERED THAT THE BANKRUPTCY COURT ORDER IS EXTENDED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
PTF REQUESTS THAT THE DEF IS PUT ON THE RECORD AND INDICATES THAT THERE HAS
BEEN NO DOCUMENTS REMOVED OR ALTERED.
DEF INDICATES THAT DURING THE TIME THE BOXES WERE IN THE POSSESSION OF DEF
THAT THERE HAVE BEEN NO DOCUMENTS REMOVED OR ALTERED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
A DECISION WILL BE MADE ON THE AUGUST 27 HEARING.
BOTH PARTIES SHALL FILE BRIEF LIST OF EXHIBITS AND WITNESSES.
THE COURT WILL REVIEW ALL MOTIONS/PLEADINGS THAT ARE RIPE ON AUGUST 27.
THE COURT ORDERS THAT ALL ELECTRONIC AND PAPER FILES INCLUDED IN THE BOXES
SHALL BE MAINTAINED BY THE THIRD PARTY.
```

Exhibit C

```
                                         SCHD DATE    TIME     ROOM  PRI
FILE DATE   SCHEDULED EVENT DESCRIPTION  Testimony of David Kahn
Objection to Forthwith Motion for Telephone
7/01/2019  Objection                     Event ID: 000025    E-Filed: J
            DEF/   LANE, NOEL WEST III
Objection to Matthew Curtis Witt's Verified Complaint for Replevin
7/02/2019  Waiver of Service             Event ID: 000026    E-Filed: J
            PTF/   WITT, MATTHEW
Subpoena to Attend to David Kahn and Executed Waiver of Service A0172A85E6C93
7/03/2019  Motion                        Event ID: 000027    E-Filed: J
            DEF/   LANE, NOEL WEST III
Defendant's Motion  for Interim Relief and Preliminary Injunction to Maintain
Possession of 44 boxes                   Event ID: 000028    E-Filed: J
7/03/2019  Proposed Order
            DEF/   LANE, NOEL WEST III
Re Defendant's Motion for Interim Relief and Preliminary Injunction to
Maintain Possession of 44 boxes          Event ID: 000029    E-Filed: N
7/03/2019  Minute Order (print)          OEFFLER/ORTIZ/DIGITAL 4:28 PM
REPLEVIN HEARING
PLNT ATTNY J ANDERSON
PET APPEARS BY TELEPHONE
DEF NOEL WEST, III APPEARS PRO SE
PTF'S COUNSEL ADDRESSES THE COURT IN REGARD TO THE PETITION.
THE COURT REVIEWED THE CASE THAT WAS HEARD BY JUDGE PILKINGTON.
THE COURT REVIEWED THE APPELLATE REVIEW AND THE ORDER FROM BANKRUPTCY COURT.
DEF ADDRESSES THE FILINGS THAT HE FILED EARLIER TODAY.
DISCUSSION OF THE TESTIMONY OF DAVID KAHN.
THE COURT ORDERS THAT ALL DIGITAL COPIES OF THE DOCUMENTS AND ALL OF THE
PAPER COPIES IN BOXES WILL BE PUT INTO THE CUSTODY OF A THIRD PARTY CUSTODIAN.
DEF PRESENTS A RECEIPT OF THE BOXES TO THE COURT AND COUNSEL.
THIS MATTER WILL BE CONTINUED TO GRANT DEF TIME TO PREPARE.
MATTER SET OVER TO AUGUST 27, 2019 AT 1:00 PM
THE COURT EXTENDS JUDGE ROMERO'S ORDER. THE BOXES AND DOCUMENTS WILL BE
MAINTAINED THROUGH AUGUST 27, 2019. THE ORDER WILL THEN BE AUTOMATICALLY
EXTENDED TO A FURTHER DATE IF SOMETHING OCCURS AND PARTIES CAN NOT APPEAR ON
AUGUST 27, 2019.
BANKRUPTCY COURT HAS REQUIRED THAT THE BOXES BE PUT IN A FACILITY, THIS COURT
HAS ORDERED THAT THE BOXES REMAIN IN A FACILITY UNTIL THIS CASE CAN BE
LITIGATED.
RULIN GOF THE COURT: ANY PAPER OR ELECTRONIC COPIES OF DOCUMENTS WILL HAVE TO
BE MAINTAINED AT THE FACILITY. THE COURT WILL MAKE A DECISION ON AUGUST 27 IN
REGARD TO WHO WILL RECEIVE THE BOXES AND THE DOCUMENTATION THAT IS IN SAID
BOXES.
THE COURT WILL REVIEW THE MOTIONS FILED BY DEF AND WILL ALLOW A REPLY.
THE COURT HAS ORDERED THAT THE BANKRUPTCY COURT ORDER IS EXTENDED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
PTF REQUESTS THAT THE DEF IS PUT ON THE RECORD AND INDICATES THAT THERE HAS
BEEN NO DOCUMENTS REMOVED OR ALTERED.
DEF INDICATES THAT DURING THE TIME THE BOXES WERE IN THE POSSESSION OF DEF
THAT THERE HAVE BEEN NO DOCUMENTS REMOVED OR ALTERED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
A DECISION WILL BE MADE ON THE AUGUST 27 HEARING.
BOTH PARTIES SHALL FILE BRIEF LIST OF EXHIBITS AND WITNESSES.
THE COURT WILL REVIEW ALL MOTIONS/PLEADINGS THAT ARE RIPE ON AUGUST 27.
THE COURT ORDERS THAT ALL ELECTRONIC AND PAPER FILES INCLUDED IN THE BOXES
SHALL BE MAINTAINED BY THE THIRD PARTY.
```

15

Exhibit G

| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | ⬛⬛⬛⬛⬛ CO<br><br>20 MAR 10 PM 3: 02 |
|---|---|
| **Plaintiffs: Matthew Witt**<br><br>v.<br><br>**Defendant: Noel West Lane III** | |
| Attorney or Party Without Attorney: (Name & Address)<br>Noel West Lane III, In Pro se<br>1060 Ingalls Street<br>Lakewood, Colorado 80214<br>Phone Number:  (303) 697-0462 | Case Number: 2019 CV 30951<br><br>Div.: 1  Ctrm: |

| NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN 19CA656, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING |
|---|

      Noel West Lane III· ("Lane") In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A).  And Further, Grant an Order for Judicial Notice of Evidence without Hearing, and as such Lane states as follows:

## CERTIFICATION OF CONFERRAL

DISTRICT COURT, JEFFERSON COUNTY,
STATE OF COLORADO
100 Jefferson County Parkway
Golden, Colorado 80401

**Plaintiffs: Matthew Witt**

v.

**Defendant: Noel West Lane III**

Attorney or Party Without Attorney: (Name & Address)
Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, Colorado 80214
Phone Number:  (303) 697-0462

Case Number: 2019 CV 30951

Div.: 1  Ctrm:

**NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN 19CA656, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING**

   Noel West Lane III   ("Lane") In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's ("Witt") Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A).  And Further, Grant an Order for Judicial Notice of Evidence without Hearing, and as such Lane states as follows:

## CERTIFICATION OF CONFERRAL

1

1.  Lane requested conferral with all parties to 17-17630-MER, 17-1548-MER, 2017-cv-31212, 19CA656, and 2019-cv-30951. Rekon, LLC and Snider et al (collectively "Rekon") instructed Lane not to contact it again.  Witt's reply was indeterminate.  David Keil ("Keil") requested to be removed from the copy list.  David Kahn ("Kahn") did not reply.  Torrey Livenick ("Livenick") did not reply.  Damon Semmens ("Semmens") did not reply.

## FACTUAL SUMMARY FROM WHICH FLOWS 2019-CV-30951

2.  Rekon, LLC and Lane entered into the Rekon/RhonLan Agreement ("Rekon Agreement") in March 2014.  The Rekon Agreement (Dkt.#51) is the Witt debt collection effort by Rekon, LLC to collect a $1.6 million judgement against Witt, and collect a $4.58 million judgment against Denver Haslam, Witt's business partner in 5301 S. University ("5301").  The Witt debt collection effort is the subject matter of 17-1548-MER.  17-1548-MER flows from the Witt Cases [1].  2017-cv-31212 is a Witt Case.  Witt filed 2017-cv-31212 in District Court Jefferson County to stop the Witt debt collection efforts of the Rekon Agreement among other things.

3.  Witt filed for personal bankruptcy in 17-17630-MER seven days following his service of 2017-cv-31212 on Lane.  2017-cv-31212 was administratively closed pending stay in 17-17630-MER.  Lane was granted relief from stay in 17-17630-MER to reopen 2017-cv-31212.  After reopening, 2017-cv-31212 was closed and appeal of 2017-cv-31212 was granted to Lane in 19CA656.  19CA656 is at issue and an opinion will issue in due course. *See* Exhibit A - Order

4.  19CA656 arises from District Court Jefferson County's failure to guarantee Lane's right of equal protection vis-à-vis Colorado's e-filing system ("ICCES") among other issues including forced settlements under duress.  Lane seek's the reversal of 2017-cv-31212 rulings to 10/23/17 including case closing on 2/27/19.

---

[1] 1) 2017-cv-31212, 2) 16-cv-01303-KMT, 3) 09-17238-MER, 4) 09-17437-MER, 5) 17-11705-MER, 6) 17-17630-MER, 7) 17-1548-MER, 8) 2019-cv-30951, and 9) 1:09-cv-00794-WDM-MEH (herein collectively, "Witt Cases")

5.      The validation of Lane's participation in the Rekon Agreement is contained in Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report"). *See* Exhibit B

6.      The Garlans Report was prepared in response to matters at issue in 2017-cv-31212 pursuant to the Judge Jeffrey Pilkington Court's Order regarding RhonLan, LLC, and the Rekon/RhonLan Agreement.

7.      While 2017-cv-31212 is on appeal in 19CA656, Witt filed 2019-cv-30951. 2019-cv-30951 is a replevin matter against Lane to contravene the Kahn Lane Box Sharing Agreement and obtain possession of new evidence contained in 44 boxes of Witt's and CCI's personal and loan files which Witt abandoned for destruction in 2012. Lane alleges the 44 Boxes contain evidence confirming Witt's fraud on Lane in 5301. Kahn purchased the 44 Boxes of new evidence at auction.

8.      Lane filed counterclaims against Witt and a third party complaint against Kahn in 2019-cv-30951. Lane's counterclaim against Witt and Lane's third party complaint against Kahn in 2019-cv-30951 were entered by court order. *See* Exhibit C - Order

9.      Witt has not answered Lane's counterclaim pending Witt's motion to the court to reconsider its order to answer.

10.     Lane maintains that the sealed record of 1:09-cv-00794-WDM-MEH contains Witt's business partner, Denver Haslam's ("Haslam") admission that Witt committed fraud against Lane when Witt required Lane to personally guarantee the purchase of a $1 million dollar second mortgage on Witt and Haslam's custom home as a condition of receiving a $12 million dollar development loan from Witt's company, Commercial Capital, Inc. ("CCI") in May 2008.

11.     1:09-cv-00794-WDM-MEH contains the sealed record of 5301 S. University, and the open arson investigation of the Witt/Haslam custom home in November 2008. The arson of 5301

3

occurred three days following Lane confronting Haslam and Witt with fraud allegations against Witt regarding the CCI second mortgage on 5301.

12.    17-17630-Mer has been discharged.  17-17630-MER is not closed.  17-17630-MER cannot be closed until final ruling in 2017-cv-31212.  Final ruling in 2017-cv-31212 cannot be made until an opinion is issued in due course in 19CA656.  A favorable final ruling in 2017-cv-31212 will cause to be placed at issue, Lane's third party complaint against Nicole Witt, Witt's wife, and Silver Leaf Mortgage among others.

13.    Witt, and Witt as President of Silver Leaf Mortgage, used a Silver Leaf Mortgage check to purchase an assignment of the Kahn Lane Box Sharing Agreement from Kahn, which is the subject matter of 2019-cv-30951.

14.    2019-cv-30951 is the replevin matter brought by Witt against Lane in District Court of Jefferson County to obtain possession of the 44 Boxes of new evidence, and cause spoliation of the new evidence, thereby interfering with Lane's civil rights and right of due process in 2017-cv-31212, 19CA656, and 2019-cv-30951 among others.

**THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 2019-CV-30951, AND 17-17630-MER, 17-1548-MER, 2017-CV-31212, AND 19CA656**

15.    Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020.  The case is at issue and an opinion will issue in due course:

"Genuine issues of material fact continue to exist in the Honorable Judge Jeffrey R. Pilkington's Order, 1) Judge Pilkington's refusal, contrary to his own request, to acknowledge new evidence presented to the Court, 2) Judge Pilkington's refusal to rule on in Pro Se equal protection and access to District Court of Jefferson County's ICCES system, and 3) Judge Pilkington's refusal to rule on access to this Court's ICCES system which lack of access denied Defendant-Appellee's discovery

in Plaintiff-Appellee's case at bar pursuant to CRCP Rule 16 and 26, thus Defendant-Appellant was denied equal protection guaranteed under the 5th Amendment and 14th Amendment of the U. S. Constitution." *See* Exhibit A - ORDER to strike and accept amended reply brief

16.     Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020:

"The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim", and

"The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order." See Exhibit C - ORDER RE: MOTIONS TO DISMISS

18.     Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018:

"17-1548-MER involves a judgment entered against Witt for the commission of various fraudulent acts, pursuant to 11 U.S.C. § 548 and its state law analog, C.R.S. § 38-8-101 et seq.  Lane makes claim to any and all collection of a judgement against Witt in 17-1548-MER by virtue of the Rekon Agreement and its validation by Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018 ("Garlans Report")." *See* Exhibit B - Report

## ARGUMENT

19.   Lane herein incorporates by reference paragraphs 1 through 18 inclusive.

20.   Lane maintains that Federal Rules of Evidence and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts apply to Bankruptcy Rule 9017. Evidence.

" Sections 251 and 252 of Public Law 95–598, amended Rule 1101 of the Federal Rules of Evidence to provide that the Federal Rules of Evidence apply in bankruptcy courts and to any case

5

or proceeding under the Code. Rules 43, 44 and 44.1 of the F.R.Civ.P., which supplement the Federal Rules of Evidence, are by this rule made applicable to cases under the Code."

21.     Judicial Notice - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant.* Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

"The usual method of establishing facts in a proceeding is through the introduction of evidence with the testimony of witnesses or proffering of documents to be admitted into evidence. *See* Russell, *Bankruptcy Evidence Manual,* § 201.1 (West 2000 ed.). If particular facts are outside the area of reasonable controversy, this process of authenticating evidence may be unnecessary, but a high degree of indisputability is the essential requirement. *See id.* Thus, judicial notice is a substitute for formal proof. *See id.*

Under the Federal Rules of Evidence, the scope of judicial notice covers only adjudicative facts. *See* FED. R. EVID. 201(a). A court may take judicial notice, whether requested or not, at any stage in the proceeding. *See* FED. R. EVID. 201(c) & (f). A court must take judicial notice "if requested by a party and provided with the necessary information." FED. R. EVID. 201(d). Such notice is appropriate only of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

*However, a party is "entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." FED. R. EVID. 201(e).* (emphasis added)

The party requesting judicial notice has the burden of persuading the trial judge that the fact is appropriate for judicial notice. *See* Russell, *Bankruptcy Evidence Manual,* § 201.3 (West 2000 ed.). If a party requests judicial notice of some fact, the party must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned", and (2) must also supply the court with the source material needed to determine whether the request is justified. *See id.*

22.     Analysis - 300 B.R. 890 (2003) *In re Bradley M. JAMES, Debtor. Manix Energy, Ltd., Plaintiff, v. Bradley M. James, Defendant.* Bankruptcy No. 03-50276-C, Adversary No. 03-5062-C. United States Bankruptcy Court, W.D. Texas, San Antonio Division. October 22, 2003.

"It has become a commonly-accepted practice to take "judicial notice" of a court's records. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶¶ 201 [03] at 201-35 to -40 (1992). The practice is particularly useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case. *See id.* It would not be error for a court to "take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.,* 760 F.2d 580, 587 (5th Cir. 1985); *Wilson v. Huffman (In re Missionary Baptist Foundation of America),* 712 F.2d 206, 211 (5th Cir.1983); *State of Florida Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir.1975).

However, the taking of "judicial notice of court records" generally has a limited purpose. It is often "merely a way of simplifying the process of authenticating documents which would generally require certification under FRE 901 and 902, and overcoming FRE 1002 best evidence problems." Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). Thus, the fact that documents in

the record are genuine does not mean that courts can automatically accept as true the facts contained in such documents because other objections, such as hearsay, may prevent their introduction into evidence. *See id.*

Courts realize that there is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact." *In re Earl,* 140 B.R. 728, 731 n. 2 (Bankr.N.D.Ind.1992); *see also* Russell, *Bankruptcy Evidence Manual,* § 201.5 (West 2000 ed.). This Court is well aware that judicial notice can be taken as to the existence of documents, such as proofs of claim or a debtor's schedules, without inquiring whether the information contained in them is true. *See In re American Solar King Corp.,* 90 B.R. 808, 829 (Bankr.W.D.Tex.1988).

The Federal Rules of Evidence 104(a) and 1101(d) (1) make clear that Rule 201 typically does not apply to facts considered by a court when ruling on the admissibility of evidence. *See* FED. R. EVID. 104(a) (stating that, when deciding "preliminary questions concerning . . . the admissibility of evidence[,] . . . [the court] is not bound by the rules of evidence except those with respect to privileges"); FED. R. EVID. 1101(d) (1) (stating that the Federal Rules of Evidence, except with respect to privileges, are "inapplicable . . . [to] the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104."); *see also Invest Almaz v. Temple-Inland Forest Prods. Corp.,* 243 F.3d 57, 69 (1st Cir.2001) (stating that, "[w]here the judge is taking judicial notice of a fact for the purpose of ruling on the admissibility of evidence, he may do so without regard to Rule 201."). Thus, though this Court may take judicial notice of the existence of the documents filed in the prior proceeding, this Court does not receive any of those documents into evidence in this case because that involves a separate process of determining the admissibility of evidence.

Moreover, courts "do not search outside a record in order to notice documents in another case, even where the same parties are involved, unless the proceedings are put in evidence." *In re Hillard Dev. Corp.*, 238 B.R. 857, 865 (Bankr.S.D.Fla.1999); *see also Funk v. Comm'r of Internal Revenue*, 163 F.2d 796 (3d Cir.1947); *Paridy v. Caterpillar Tractor Co.*, 48 F.2d 166 (7th Cir.1931).

Judicial notice of the record in a prior proceeding is generally proper if the prior case involved the same parties who are now before the Court. *See Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969). An adversary proceeding, though related to a base debtor case, is a separate judicial proceeding, distinct from the collective proceeding referred to in bankruptcy parlance as the "case" or "base case." *In re KZK Livestock, Inc.*, 221 B.R. 471, 475 n. 3 (Bankr.C.D.Ill.1998)

The doctrines of judicial estoppel and law of the case and whether these documents may withstand objections under the Federal Rules of Evidence, such as relevance, prejudice, or hearsay, are not precluded by this order. The doctrine of judicial estoppel "generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." *In re Phillips*, 124 B.R. 712, 713 (Bankr.W.D.Tex.1991); *see also* Russell, *Bankruptcy Evidence Manual*, § 61 (West 2000 ed.). The main purpose behind the judicial estoppel doctrine is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Forty-Eight Insulations, Inc. v. Aetna Casualty & Surety Co.*, 162 B.R. 143, 147 (N.D.Ill.1993); *see also* Russell, § 61. Thus, the doctrines of judicial estoppel and law of the case, as well as any questions of admissibility under the Federal Rules of Evidence, are not precluded by this order."

## CONCLUSION

23.    The Court may take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related cases, without the need for a hearing, but may deny in part Lane's request to admit these documents into evidence. Therefore, this order has no effect on whether these documents may be used under the doctrine of judicial estoppel or law of the case nor whether they are independently admissible in this proceeding, for the truth of the matters asserted, under the Federal Rules of Evidence.

24.    For these reasons, Lane's Motion Requesting the Court to Take Judicial Notice of Official Records, Orders, Exhibits, and other materials from prior related cases should be granted in part as to their existence, and may be received by this Court into evidence.

25.    Lane maintains that an order granting Lane's motion for an Order of Judicial Notice granting Lane's request that the Court receive Issues #1, #2, and #3 of the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 2019-CV-30951, AND 17-17630-MER, 17-1548-MER, 2017-CV-31212, AND 19CA656,** is justified as to the existence of these documents, and further may be received into evidence by this Court.

**WHEREFORE,** Lane respectfully requests this Court to grant Noel West Lane III's Motion  for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and other materials from prior related cases pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and their Colorado Counterparts in 2019-cv-30951. And further, grant Lane's request for an Order of Evidence without hearing to receive into evidence the **THREE ISSUES REQUESTED FOR JUDICIAL NOTICE IN THE MATTERS OF 17-17630-MER, 17-1548-MER, 2017-CV-31212, 19CA656, AND 2019-CV-30951.**

Respectfully submitted on March 10, 2020.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2020, I filed the foregoing in person with the Clerk of the Court and emailed, and mailed a copy of the filing by US Mail to all counsel of record:

Law One
Joseph M. Elio
James Anderson
1499 Blake Street, Suite 1J
Denver, CO 80202

*Attorneys for Plaintiff Matthew Curtis Witt*

Torrey Livenick Colorado Bar #52787
730 17th Street, Suite 900
Denver, CO 80202

*Attorney for 3rd Party Defendant David Kahn*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, Colorado 80214

### Exhibits

Exhibit A - ORDER to strike and accept amended reply brief; Issue #1 – Judicial Notice of Colorado Court of Appeals "ORDER to strike and accept amended reply brief" dated February 19, 2020. The case is at issue and an opinion will issue in due course:

Exhibit B - Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018.

Exhibit C - Issue #2 – Judicial Notice of District Court Jefferson County, 2019-cv-30951; ORDER RE: MOTIONS TO DISMISS dated February 3, 2020:

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| **Plaintiffs: Matthew Witt**<br><br>**v.**<br><br>**Defendant: Noel West Lane III** | |
| Attorney or Party Without Attorney: (Name & Address)<br>Noel West Lane III, In Pro se<br>1060 Ingalls Street<br>Lakewood, Colorado 80214<br>Phone Number:   (303) 697-0462 | Case Number:  2019 CV 30951<br><br>Div.:  1   Ctrm: |

**NOEL WEST LANE III IN PRO SE RESPECTFULLY MOVES THIS COURT FOR AN ORDER OF JUDICIAL NOTICE OF EXISTENCE OF OFFICIAL RECORDS, ORDERS, EXHIBITS, AND OTHER MATERIALS FROM PRIOR RELATED CASES PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1,  AND THEIR COLORADO COUNTERPART IN 19CA656, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE NUMBERS 17-1548-MER, 2017-CV- 31212, AND 2019-CV-30951 PURSUANT TO 11 U.S.C. § 523(a)(2)(A). AND FURTHER, GRANT AN ORDER FOR JUDICIAL NOTICE OF EVIDENCE WITHOUT HEARING**

The Court having reviewed Noel West Lane III's Motion for **ORDER GRANTING JUDICIAL NOTICE OF EXISTENCE OF EXHIBIT A, EXHIBIT B, AND EXHIBIT C, AND FURTHER GRANT JUDICIAL NOTICE OF EVIDENCE PURSUANT TO BANKRUPTCY RULE 9017, AND F.R.C.P. RULE 201, F.R.Civ.P. RULE 43, 44, AND 44.1, AND THEIR COLORADO COUNTERPART IN 2019-CV-30951, AND MATTHEW CURTIS WITT'S BANKRUPTCY CASE NUMBER 17-17630-MER, AND RELATED CASE**

NUMBERS 17-1548-MER, 2017-CV- 31212, AND 19CA656, PURSUANT TO 11 U.S.C. § 523(a)(2)(A), WITHOUT HEARING, IT IS HEREBY ORDERED that the Motion is GRANTED.

It is so ORDERED.

DATED: March _____, 2020.

BY THE COURT:

_____

Honorable Lily W. Oeffler

Exhibit A

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: February 19, 2020<br>CASE NUMBER: 2019CA656 |
| Jefferson County<br>2017CV31212 | |
| **Plaintiff-Appellee:**<br><br>Matthew Curtis Witt,<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Noel West Lane, III. | Court of Appeals Case<br>Number:<br>2019CA656 |
| ORDER to strike and accept amended reply brief | |

To: All Parties

Upon consideration of appellant's renewed motion to file a corrected reply brief and upon consideration of the corrected reply brief, the Court GRANTS the motion.

The Court STRIKES the reply brief filed on December 16, 2019, and accepts the amended reply brief filed on February 3, 2020.

The case is at issue and an opinion will issue in due course.

BY THE COURT
Bernard, C.J.

Exhibit B - Issue #3 – Judicial Notice of Craig D. Johnson & Associates, M. Garlan's report dated October 12, 2018



| DISTRICT COURT, JEFFERSON COUNTY, COLORADO | |
|---|---|
| Court Address:  100 Jefferson County Parkway<br>                 Golden, Colorado 80401 | DATE FILED: February 3, 2020 10:40 AM<br>CASE NUMBER: 2019CV30951<br><br>▲ Court Use Only ▲ |
| **Plaintiff: MATTHEW WITT**<br><br>v.<br><br>**Defendant: NOEL LANE**<br><br>v.<br><br>**Third-Party Defendant: DAVID KAHN** | Case No. **19CV30951**<br><br>Division: **1** |
| **ORDER RE: MOTIONS TO DISMISS** | |

     **THIS MATTER** comes before the Court on review of Third-Party Defendant David Kahn's Motion to Dismiss Third Party Complaint and Plaintiff's Motion to Dismiss Counterclaims. Defendant and Third-Party Plaintiff Noel Lane III filed Responses in opposition to the Motions. The Court, having reviewed the pleadings and file, finds and Orders as follows:

### INTRODUCTION

     This case involves a dispute over possession and access to 44 boxes of documents. The Court held a hearing on Plaintiff's Verified Complaint for Replevin or Alternative Relief on July 3, 2019. The Court continued the order of the Bankruptcy Court that the 44 boxes be held by a third party. The Court continued the replevin hearing until August 27, 2019 to allow Defendant additional time to prepare.

     On August 27, 2019, the Court held the replevin hearing. At the replevin hearing, the Court heard testimony regarding possession of the 44 boxes. The Court found that Plaintiff owned the boxes under C.R.C.P. 104. The Court noted that the box sharing agreement was a separate issue from possession of the boxes. The Court awarded possession of the boxes to Plaintiff but required

Plaintiff to maintain the boxes and contents with no alteration. Plaintiff filed an order of possession, which the Court granted on September 10, 2019.

Defendant filed his Motion to Reconsider the Court's order on September 9, 2019. On August 12, 2019, Defendant filed his Answer to Plaintiff's Complaint and Notice of Counterclaims. Defendant has brought three counterclaims against Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

Defendant also filed a Third-Party Complaint on August 12, 2019, against David Kahn and Torrey Livenick. Defendant has brought three claims against Third-Party Defendants David Kahn and Torrey Livenick ("Third-Party Defendants"), which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; and (3) interference with prospective advantage of a contract.

The Court granted Defendant's Motion for Substituted Service on Third-Party Defendants on October 8, 2019. Third-Party Defendants Kahn and Livenick filed a joint Motion to Dismiss Third Party Complaint on November 5, 2019. Defendant and Third-Party Plaintiff Lane filed a Response opposing the Motion on November 27, 2019. The Court held a hearing on December 17, 2019 on pending motions in this case. At the hearing, the Court found no basis for the claims against Third-Party Defendant Torrey Livenick and dismissed her from the case. The Court did not disqualify Ms. Livenick as the attorney for Third-Party Defendant Kahn because she was dismissed as a party from the case.

At the December 17, 2019, hearing the Court heard some argument on the Motion to Dismiss on behalf of Third-Party Defendant Kahn. The Court dismissed the promissory estoppel claim because the Court has found that a contract exists. The Court further found no basis for the claims for intentional interference with a contract, negligent interference with a contract, civil conspiracy, or unjust enrichment and those claims against Third-Party Defendant Kahn were dismissed. The only remaining claim at this time against Third-Party Defendant Kahn is for interference with prospective advantage of a contract.

The Court also noted at the hearing that it would issue a written Order on the pending Motion to Dismiss Counterclaims filed by Plaintiff. Defendant has four counterclaims against

Plaintiff, which include: (1) promissory estoppel; (2) intentional, negligent, and conspiratorial interference with a contract; (3) unjust enrichment; and (4) interference with prospective advantage of contract.

## STANDARD OF REVIEW

C.R.C.P. 12(b)(5) permits dismissal of claims for "failure to state a claim upon which relief can be granted." This rule is designed to allow defendants to "test the formal sufficiency of the complaint." *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo. 1996). In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, *Shapiro and Meinhold v. Zartman,* 823 P.2d 120, 122 (Colo. 1992), and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dunlap v. Colo. Springs Cablevision*, 829 P.2d 1286, 1291 (Colo. 1992). A motion to dismiss for failure to state a claim can be granted only if, after viewing the allegations in the complaint as true, it still fails to state a claim. *Dunlap*, 829 P.2d at 1290-91. Motions to dismiss are disfavored and should only be granted if it is clear that a plaintiff is not entitled to any relief under the facts presented in the complaint. *National Sur. Corp. v. Citizens State Bank*, 593 P.2d 362 (Colo.App. 1978).

Under C.R.C.P. 12(b)(5), courts can only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice." *Walker v. Van Laningham*, 148 P.3d 391, 397 (Colo.App. 2006) (citing to federal authority under identical rule 12(b)(6) which permits courts to take judicial notice of certain matters of public record).

A complaint may be dismissed if the substantive law does not support the claims asserted. *Denver Parents Ass'n v. Denver Bd. of Educ.,* 10 P.3d 662, 664 (Colo. App. 2000). It also may be dismissed for failure to allege facts in support of each element of a claim. *W.O. Brisben Cos. V. Krystkowiak*, 66 P.3d 133, 137-38 (Colo. App. 2002). Colorado has followed the United States Supreme Court in adopting a plausibility standard for motions to dismiss. *Warne v. Hall,* 373 P.3d 588, 591 (Colo. 2016). Accordingly, a "complaint must contain sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face." *Id.* at 589. However, if the plaintiff is not entitled to relief upon any theory of the law, the complaint should be dismissed for failure to state a claim. *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 385–86 (Colo. 2001).

## ANALYSIS

### I. Defendant's Counterclaims:

### A. Promissory estoppel:

Defendant's first counterclaim is for promissory estoppel. Under Colorado law, the elements of a promissory estoppel claim are as follows: (1) the promisor made a promise to the promisee; (2) the promisor reasonably should have expected that the promise would induce the promisee's action or forbearance; (3) the promisee in fact reasonably relied on the promise to his or her detriment; and (4) the promise must be enforced to prevent injustice. *Berg v. State Bd. of Agric.,* 919 P.2d 254, 259 (Colo. 1996) *(citing Centennial-Aspen II Ltd. P'ship v. City of Aspen,* 852 F. Supp. 1486 (D. Colo. 1994)). The induced action or forbearance must be "of a material character." *Mooney v. Craddock,* 530 P.2d 1302, 1305 (1974).

Defendant contends that his "performance of the mutual benefit of the Box Sharing Agreement meets all the elements of a promissory estoppel claim." *Counterclaims* ¶ 35. Defendant goes on to recite the elements of a promissory estoppel claim as applied to the Box Sharing Agreement, with Defendant as the promisee and Third-Party Defendant Kahn as the promisor. There is no allegation that Plaintiff made any promise to Defendant. Defendant only states that Plaintiff "conspired to violate promissory estoppel with Kahn." *Counterclaims* ¶ 34. However, without any assertion that Plaintiff violated a promise, there is no valid claim for promissory estoppel against Plaintiff. The Court has also found that a contract exists. Accordingly, the promissory estoppel claim fails as a matter of law. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the promissory estoppel claim.

### B. Intentional, negligent, and conspiratorial interference with a contract:

Defendant Lane's next counterclaim is for intentional, negligent, and conspiratorial interference with a contract. To establish a claim for intentional interference with a contract, a plaintiff must show that the defendant "(1) was aware of a contract between two parties, (2) intended that one of the parties breach the contract, and (3) induced the party to breach or make it impossible for the party to perform the contract." *Warne v. Hall,* 373 P.3d 588, 602 (Colo. 2016).

Defendant contends that Plaintiff interfered with the Box Sharing Agreement, a contract that Defendant entered into with Third-Party Defendant Kahn. *Counterclaims* ¶ 37. Defendant contends that Plaintiff violated the covenant of good faith and fair dealing implied in contracts. Defendant further alleges that Plaintiff "conspired" with Third-Party Defendant Kahn to violate Defendant's "reasonable expectations and performance of the Box Sharing Agreement." *Counterclaims* ¶ 37. Plaintiff argues that the Court has already ruled that Plaintiff is entitled to possession of the 44 boxes, and that Defendant does not specifically allege acts that Plaintiff took to interfere with the Box Sharing Agreement.

The Court agrees with Plaintiff that Defendant's counterclaim for intentional interference with a contract is not plead with the specificity required under the pleading standards to survive a motion to dismiss. It is unclear what actions Defendant alleges that Plaintiff specifically took to interfere with the Box Sharing Agreement. Defendant's allegations regarding this claim primarily relate to Third-Party Defendant Kahn's actions, not Plaintiff's actions. Defendant's Counterclaim does not establish the three elements for intentional interference with a contract as described above. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss the counterclaim of intentional interference with a contract.

## C. Unjust enrichment:

Defendant's third counterclaim against Plaintiff is for unjust enrichment. To recover under a claim for unjust enrichment, a plaintiff must show that: "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Redd Iron, Inc. v. Intl. Sales and Services Corp.*, 200 P.3d 1133, 1136 (Colo. App. 2008) (citing *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo.2008)).

Defendant's counterclaim for unjust enrichment against Plaintiff alleges that "Kahn by his actions benefited from his 'sale' of the boxes without conveying any solitary benefit to Lane, thus unjustly enriching Kahn at the expense of Lane." *Counterclaims* ¶ 38. There are no specific allegations that Plaintiff received a benefit, only that Kahn received a benefit. Defendant has thus not established the elements of unjust enrichment against Plaintiff. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant's unjust enrichment claim.

**D. Interference with prospective advantage of contract:**

Defendant's fourth and final counterclaim against Plaintiff is for interference with prospective advantage of contract. Colorado courts have recognized that a claim for tortious interference with prospective economic advantage—or intentional interference with prospective contractual relations—is a cognizable claim for relief. "The crucial question in determining liability for tortious interference with prospective financial advantage is whether defendant's interference was intentional and improper." *Occusafe, Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d 618, 622 (10th Cir. 1995) (citing *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 623 (Colo.App. 1988). This inquiry reflects the language in the Restatement of Torts § 766B, which states that "one who intentionally and improperly interferes with another's prospective contractual relation... is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation." *Id.*

Defendant contends that Plaintiff interfered with his constitutional rights by "conspiring to remove the 44 boxes" from Defendant's possession. *Counterclaims* ¶ 52. Defendant further argues that Plaintiff interfered with his right to benefit financially from the Box Sharing Agreement by purchasing the 44 boxes from Third-Party Defendant Kahn. Plaintiff argues that Defendant's only benefit from the Box Sharing Agreement was for collection purposes, which is not permitted under the relevant Bankruptcy law. *Motion* at 10.

The Court would need more information about the Bankruptcy case and the prohibition of Defendant Lane from collecting in that case. The Court is aware that the issue of the 44 Boxes arose in the Bankruptcy litigation. The Court finds that there are facts in dispute regarding the claim for interference with prospective contractual relations. The Box Sharing Agreement does provide Defendant access to the 44 Boxes, and Third-Party Defendant Kahn retained his rights to distribution of collection proceeds under the Agreement in the Assignment. The Court hereby **DENIES** Plaintiff's Motion to Dismiss the interference with prospective contractual relations claim.

**II. Defendant's Third-Party Complaint:**

The only remaining claim against Third-Party Defendant Kahn is for interference with prospective contractual relations/advantage. The elements are described above. Defendant and Third-Party Plaintiff Lane alleges that "as a result of Kahn and Livenick's actions as identified in Claims for Relief... Witt intentionally interfered with Lane's constitutional rights." *Third-Party*

*Complaint* ¶ 61. Defendant further alleges that Third-Party Defendant Kahn "conspired" with Plaintiff to remove the 44 boxes from his possession. Defendant has also argued that Third-Party Defendant Kahn has prevented him from accessing the boxes as provided by the agreement.

As the Court explained above, there are facts in dispute regarding the interference with prospective contractual relations/advantage claim. The Box Sharing Agreement provided Third-Party Defendant Kahn with rights to proceeds from successful collection efforts by Defendant Lane. The Assignment from Third-Party Defendant Kahn to Plaintiff retained Mr. Kahn's rights under the agreement to distribution of successful collection efforts. However, Defendant now contends that his access to the 44 Boxes as provided under the Agreement is being denied. The Court finds that, at this stage, there is a cognizable claim against Third-Party Defendant Kahn for interference with contractual relations and prospective advantage. The Court hereby **DENIES** Third-Party Defendant Kahn's Motion to Dismiss as to this claim.

**CONCLUSION**

The Court has found that there is no basis for the promissory estoppel, unjust enrichment, and intentional and negligent interference with a contract claims against Plaintiff and Third-Party Defendant Kahn. The Court **GRANTS** the Motions to Dismiss as to those claims. The Court **DENIES** the Motions to Dismiss for the interference with prospective contractual relations/business advantage claim. Plaintiff and Third-Party Defendant Kahn must file Answers to this claim within 21 days of this Order.

SO ORDERED, February 3, 2020.

BY THE COURT:

Lily Oeffler
District Court Judge

7